# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TERCIA PEREIRA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SANTANDER CONSUMER USA, INC., an Illinois Corporation,<br><br>*Defendant.* | Case No. 11-cv-8987<br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Tercia Pereira brings this class action complaint against Defendant Santander Consumer USA, Inc., to stop Defendant's practice of making unsolicited phone calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant Santander Consumer USA, Inc. is a debt collector that has made repeated calls to Plaintiff's and the putative Classes' cellular telephones in an attempt to collect alleged debts in violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq.*) (the "TCPA").

2. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff

Pereira, nor the other members of the putative Class, ever provided their cellular telephone numbers to Defendant or any other entity for any purpose related to a debt, and never provided Defendant consent to be called on their cellular telephones. Even more egregiously, Defendant has made collection calls to the cell phones of the members of the SubClass even though they owed no debt to Defendant whatsoever.

3. By making these phone calls, Defendant has caused consumers actual harm in that Plaintiff and members of the Class and SubClass were subjected to the aggravation and nuisance that necessarily accompanies unsolicited phone calls. In addition, Plaintiff and putative Class Members suffered direct and indirect harm in the form of monies paid for the receipt of such calls from Defendant.

4. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide Class and SubClass of similarly situated individuals, brings suit under the TCPA, which prohibits the making of unsolicited calls to cell phones.

5. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited phone call activities and an award of statutory damages to the members of the Class and SubClass, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Tercia Pereira is a natural person domiciled in the State of Florida.

7. Defendant Santander Consumer USA, Inc., is a corporation incorporated and existing under the laws of the State of Illinois with its principal place of business located at 8585 North Stemmons Freeway, Suite 1100-N, Dallas, Texas 75247. It does business throughout the United States and the state of Illinois.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over Plaintiff's claims arising under the laws of the United States pursuant to 28 U.S.C. § 1331, and, as to all other claims, pursuant to 28 U.S.C. §1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

9. The Court has personal jurisdiction over Defendant because it is incorporated in this District and transacts significant amounts of business within this District.

10. Venue is additionally proper because Defendant is incorporated here.

**COMMON ALLEGATIONS OF FACT**

11. Defendant placed and continues to place repeated and harassing phone calls to consumers who have a debt held by Defendant, and in many instances Defendant placed those calls to phone numbers that were never provided to Defendant, and for which consumers never provided Defendant consent to call. Instead, Defendant acquires phone numbers through various means such as "skip tracing" or "number trapping."

12. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to Defendant. Instead, a person may start receiving calls as the result of Defendant's skip tracing, which has revealed that the call recipient has some connection to the actual debtor. These connections could include being a relative or roommate, but also include cellular phone numbers once used by the debtor, but which no longer belongs to that person.

13. Defendant has placed calls for the purpose of debt collection to tens of thousands of consumers in the past four years.

14. Plaintiff has received numerous phone calls from Defendant to her cellular telephone seeking to collect a debt belonging to someone other than her. These calls occurred on a repeated basis throughout 2010, including, among others, calls taking place in May, June, July, August, and October of 2010. Plaintiff is not in privity with Defendant, does not owe Defendant any money, and is not responsible for the debt that Defendant seeks to collect. Plaintiff has never provided her phone number to Defendant or given her express consent to be called, whether on her own behalf or on behalf of any third party.

15. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which calls are placed by a machine, and when a consumer answers the phone, there is a noticeable pause prior to being connected to a live representative of Defendant. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

16. When Plaintiff answered the calls from Defendant, the representative inquired about an outstanding debt that neither belongs to, nor is owed by Plaintiff.

17. Plaintiff never consented to, requested, or otherwise desired or permitted calls from Defendant for the purpose of debt collection or any other purpose.

**CLASS ALLEGATIONS**

18. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a Class and SubClass defined as follows:

**No Consent Class:**

Any person in the United States to whom Defendant (1) placed a call in connection with the collection of a debt; (2) to a cellular telephone number; and (3) which was never provided to Defendant or to any other entity associated with the origination or collection of the debt by the person called.

**No Debt SubClass:**

Any No Consent Class Member to whom Defendant placed a call in connection with the collection of a debt and the debt does not belong to the person called.

19. **Numerosity**: The exact number of the members of the Class and SubClass is unknown and not available to the Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed calls to tens of thousands of consumers who fall into the definitions of the Class and SubClass. Members of the Class and SubClass can be identified through Defendant's records.

20. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class and SubClass, as Plaintiff and other members of the Class and SubClass sustained damages arising out of the wrongful conduct of Defendant, based upon the same types of phone calls made to Plaintiff.

21. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and SubClass, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class and SubClass, and Defendant has no defenses unique to the Plaintiff.

22. **Predominance and Superiority**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all parties is impracticable. The damages

suffered by the individual members of the Class and SubClass will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendant. It would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Class and SubClass could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

23. **Commonality**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to the following:

    (a)    whether Defendant's conduct violated the TCPA;

    (b)    whether equipment used by Defendant to place calls was an automatic telephone dialing system; and

    (c)    whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

### COUNT I
**Violation of the TCPA, 47 U.S.C. § 227;**
**(On behalf of Plaintiff and the Class and SubClass)**

24. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

25. Defendant and its agents made thousands of unsolicited phone calls to wireless telephone numbers belonging to Plaintiff and other members of the Class and SubClass using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

26. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and members of the Class and SubClass simultaneously and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

27. The phone calls were made to Plaintiff and members of the Class and SubClass without those numbers being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff and the other members of the Class and SubClass who received phone calls on their cellular telephones.

28. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, the members of the Class suffered actual damages in the form of monies paid to receive unsolicited calls on their cellular phones and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

29. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tercia Pereira, individually and on behalf of the Class and SubClass, prays for the following relief:

1. An order certifying the Class and SubClass as defined above; appointing Plaintiff Tercia Pereira as the representative of the Class; and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited phone call activities, and otherwise protecting the interests of the Class and SubClass;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: December 19, 2011						By: ___/s/ Rafey S. Balabanian___
								One of Plaintiff's Attorneys

Jay Edelson
Rafey S. Balabanian
Christopher L. Dore
EDELSON MCGUIRE LLC
350 N. LaSalle St., Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6380
jedelson@edelson.com
rbalabanian@edelson.com
cdore@edelson.com

Scott D. Owens*
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Telephone: 954-306-8104
scott@scottdowens.com

*Admittance *pro hac vice* to be filed.