## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8987 | **DATE** | April 2, 2012 |
| **CASE TITLE** | Pereira vs. Santander Consumer USA, Inc. | | |

**DOCKET ENTRY TEXT**

Santander's motion (Doc [16]) to compel arbitration and stay the proceedings is denied. Status hearing set for 4/18/2012 at 9:30 a.m.

■[ For further details see text below.]   Docketing to mail notices.

### ORDER

This matter comes before the Court on Defendant Santander Consumer USA, Inc.'s ("Santander") motion to compel arbitration and stay the proceedings. For the reasons set forth below, Santander's motion is denied.

In April 2006, Prisco Fazio ("Fazio") obtained a loan from HSBC Auto Finance, Inc. to purchase an automobile. The loan agreement, which was subsequently assigned to Santander, contained an arbitration provision. Plaintiff Tercia Pereira ("Pereira") was Fazio's wife at the time he executed the loan but was not a party to the loan agreement.

Sometime thereafter, Fazio defaulted on his loan obligations. Pereira alleges that on multiple occasions in 2010, Santander called her mobile phone in an effort to collect payments due under the loan agreement. On December 19, 2011 Pereira filed a complaint against Santander alleging that Santander's unauthorized phone calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Santander now moves to stay the proceedings and compel arbitration.

In analyzing a motion to compel arbitration, a court may only consider the issues relating to arbitrability and must not reach the merits of the underlying claim. *Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 807 (7th Cir. 2003) (citation omitted). "Arbitration is contractual by nature," and a party may not be compelled to arbitrate a dispute absent an agreement to do so. *Id.* (citing *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995). However,

the obligation to arbitrate a dispute is not limited to those who have personally signed a written agreement. *Id.* Rather, a non-signatory can be bound by an arbitration agreement under one of five doctrines: (1) assumption; (2) agency; (3) estoppel; (4) veil piercing; and (5) incorporation by reference. *Id.*

Santander maintains that although Pereira was not a signatory to the arbitration agreement, she is nevertheless equitably estopped from challenging it. A non-signatory is estopped from refusing to arbitrate "if [she] knowingly seeks the benefits of the contract containing the arbitration clause." *Zurich*, 417 F.3d at 688 (citations omitted). Santander contends that Pereira directly benefitted from the loan agreement because she drove the automobile acquired through the loan. This benefit is legally insufficient to compel arbitration. Estoppel bars a party who claims the direct benefit *of a contract* from asserting that she is not bound by the arbitration clause contained in that contract. *Zurich*, 417 F.3d at 688. In other words, a party will be estopped from refusing to arbitrate while simultaneously seeking to enforce another provision in the contract containing the arbitration provision. *See id.*; *In re Humana Inc. Managed Care Litig.*, 285 F.3d 971, 976 (11th Cir. 2002); *Hughes Masonry Co. v. Greater Clark Cnty. Sch. Bldg. Corp.*, 659 F.2d 836, 838-39 (7th Cir. 1981); *Gersten v. Intrinsic Tech., LLP*, 442 F. Supp. 2d 573, 579 (N.D. Ill. 2006). In every case relied upon by Santander, the non-signatories sought to enforce one provision of a contract while seeking to avoid enforcement of the arbitration clause. Here, Pereira is not seeking to enforce any provision of Fazio's loan agreement. Her complaint, which alleges a violation of the TCPA, makes no mention of Fazio, the automobile, or the loan agreement. The alleged use of Fazio's automobile is a benefit far too removed from the agreement for this Court to compel arbitration. "Sometimes I've believed as many as six impossible things before breakfast." Lewis Carroll, *Through the Looking Glass* 45 (1st Edition Media 2009). Not today.

For the foregoing reasons, Santander's motion to compel arbitration and stay the proceedings is denied.

Date: **April 2, 2012**

*Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Judge**