IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> SANTANDER CONSUMER USA, INC., an Illinois Corporation, <br><br> *Defendant.* | Case No. 11-cv-8987 <br><br> The Honorable Charles P. Kocoras, Judge Presiding |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, Santander Consumer USA, Inc. ("Santander" or "Defendant"), through its attorneys Reed Smith LLP, hereby submits its answer and affirmative defenses to the plaintiff's first amended class action complaint as follows.

### NATURE OF THE ACTION

1. Defendant Santander Consumer USA, Inc. is a debt collector that has made repeated calls to Plaintiff's and the putative Classes' cellular telephones in an attempt to collect alleged debts in violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) (the "TCPA").

**RESPONSE:** Santander denies the allegations in paragraph 1.

2. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff Espejo, nor the other members of the putative Class, ever provided their cellular telephone numbers to Defendant or any other entity for any purpose related to a debt, and never provided Defendant consent to be called on their cellular telephones. Even more egregiously, Defendant has made collection calls to the cell phones of the members of the SubClass even though they owed no debt to Defendant whatsoever.

**RESPONSE:** Santander refers to the provisions of the TCPA for their content, and denies any characterizations thereof by plaintiff. In further answer, Santander denies the remaining allegations in paragraph 2.

3. By making these phone calls, Defendant has caused consumers actual harm in that Plaintiff and members of the Class and SubClass were subjected to the aggravation and nuisance that necessarily accompanies unsolicited phone calls. In addition, Plaintiff and putative Class Members suffered direct and indirect harm in the form of monies paid for the receipt of such calls from Defendant.

**RESPONSE:** Santander denies each of the allegations in paragraph 3.

4. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide Class and SubClass of similarly situated individuals, brings suit under the TCPA, which prohibits the making of unsolicited calls to cell phones.

**RESPONSE:** Santander admits that Plaintiff brings this suit under the TCPA, but denies any liability alleged thereunder. Santander denies all remaining allegations in paragraph 4.

5. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited phone call activities and an award of statutory damages to the members of the Class and SubClass, together with costs and reasonable attorneys' fees.

**RESPONSE:** Santander admits only that plaintiff seeks the relief as alleged in its complaint in this matter, but Santander denies any liability alleged thereunder in paragraph 5.

## PARTIES

6. Plaintiff Henry Espejo is a natural person domiciled in the State of Florida.

**RESPONSE:** Santander lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. Defendant Santander Consumer USA, Inc, is a corporation incorporated and existing under the laws of the State of Illinois with its principal place of business located at 8585 North Stemmons Freeway, Suite 1100-N, Dallas, Texas 75247. It does business throughout the United States and the state of Illinois.

**RESPONSE**: Santander admits the allegations in paragraph 7.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

**RESPONSE**: Santander admits only that this Court has subject matter jurisdiction, but denies any and all liability under the allegations of the plaintiff's complaint and denies the remaining allegations of paragraph 8.

9. The Court has personal jurisdiction over Defendant because it is incorporated in this District and transacts significant amounts of business within this District.

**RESPONSE**: Santander admits only that this Court has personal jurisdiction over Santander for purposes of this particular action alone, but denies any and all liability alleged in plaintiff's complaint thereunder and denies the remaining allegations of paragraph 9.

10. Venue is additionally proper because Defendant is incorporated here.

**RESPONSE**: Santander admits only that venue is proper in this District for purposes of this action alone, but denies any and all liability alleged by plaintiff in the complaint and denies the remaining allegations of paragraph 10.

## COMMON ALLEGATIONS OF FACT

11. Defendant placed and continues to place repeated and harassing phone calls to consumers who have a debt held by Defendant, and in many instances, Defendant placed those calls to phone numbers that were never provided to Defendant, and for which consumers never provided Defendant consent to call. Instead, Defendant acquires phone numbers through various means such as "skip tracing" or "number trapping."

**RESPONSE**: Santander denies the allegations in paragraph 11.

12. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to Defendant. Instead, a person may start receiving calls as the result of Defendant's skip tracing, which has revealed that the call recipient has some connection to the actual debtor. These connections could include being a relative or roommate, but also

include cellular phone numbers once used by the debtor, but which no longer belong to that person.

**RESPONSE:** Santander denies the allegations in paragraph 12.

13. Defendant has placed calls for the purpose of debt collection to tens of thousands of consumers in the past four years.

**RESPONSE:** Santander admits that it has placed thousands of calls for purposes of debt collection in the course of its business nationwide and that those calls were proper. Santander denies any remaining allegations in paragraph 13.

14. Plaintiff has received numerous phone calls from Defendant to his cellular telephone seeking to collect a debt belonging to someone other than him. Since late 2010, Defendant has called Plaintiff's cellular telephone dozens of times, often placing calls as many as three times a day. Moreover, the calls have yet to cease and continue to this day.

**RESPONSE:** Santander admits it made phone calls regarding the debt at issue throughout 2010. Santander further admits that it made phone calls to telephone numbers that were associated with the account. In further answer, Santander lacks sufficient knowledge or information whether plaintiff is liable for the debt owed by plaintiff's ex-husband. Santander denies the remaining allegations of paragraph 14.

15. Plaintiff is not in privity with Defendant, does not owe Defendant any money, and is not responsible for the debt that Defendant seeks to collect. Plaintiff has never provided his phone number to Defendant or given his express consent to be called, whether on his own behalf or on behalf of any third party.

**RESPONSE:** Santander admits that Plaintiff did not enter into a written contract with Santander regarding the debt at issue. Santander denies the remaining allegations in paragraph 15.

16. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which calls are placed by a machine, and when a consumer answers the phone, there is a noticeable pause prior to being connected to a live representative of Defendant. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

- 5 -

**RESPONSE:** Santander denies the allegations in paragraph 16.

17. When Plaintiff answered the calls from Defendant, the representative inquired about an outstanding debt that neither belongs to, nor is owed by Plaintiff.

**RESPONSE:** Santander currently lacks knowledge or information sufficient to form a belief about the truthfulness of paragraph 17.

18. Plaintiff never consented to, requested, or otherwise desired or permitted calls from Defendant for the purpose of debt collection or any other purpose.

**RESPONSE:** Santander denies the allegations in paragraph 18.

## CLASS ALLEGATIONS

19. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class and SubClass defined as follows:

**No Consent Class:**

Any person in the United States to whom Defendant (1) placed a call in connection with the collection of a debt; (2) to a cellular telephone number; and (3) which was never provided to Defendant or to any other entity associated with the origination or collection of the debt by the person called.

**No Debt SubClass:**

Any No Consent Class Member to whom Defendant placed a call in connection with the collection of a debt and the debt does not belong to the person called.

**RESPONSE:** Santander admits only that plaintiff purports to bring this suit as a putative class action under Fed. R. Civ. Proc. 23(b)(2) and 23(b)(3), but denies that plaintiff is entitled to any relief under those provisions of the Federal Rules of Civil Procedure and further denies that plaintiff is entitled to certification of any such alleged Class or SubClass as set forth in paragraph 19.

20. **Numerosity:** The exact number of the members of the Class and SubClass is unknown and not available to the Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed calls to tens of thousands of consumers who fall into the definitions of the Class and SubClass. Members of the Class and SubClass can be identified through Defendant's records.

**RESPONSE**: Santander incorporates by reference herein its answer to paragraph 19. In further answer, Santander denies the allegations in paragraph 20.

21. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class and SubClass, as Plaintiff and other members of the Class and SubClass sustained damages arising out of the wrongful conduct of Defendant, based upon the same types of phone calls made to Plaintiff.

**RESPONSE**: Santander incorporates by reference herein its answer to paragraph 19. In further answer, Santander denies the allegations in paragraph 21.

22. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and SubClass, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class and SubClass, and Defendant has no defenses unique to the Plaintiff.

**RESPONSE**: Santander incorporates by reference herein its answer to paragraph 19. In further answer, Santander denies the allegations in paragraph 22.

23. **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all parties is impracticable. The damages suffered by the individual members of the Class and SubClass will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendant. It would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Class and SubClass could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**RESPONSE**: Santander incorporates by reference herein its answer to paragraph 19. In further answer, Santander denies the allegations in paragraph 23.

24. **Commonality:** There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to the following:

(a) whether Defendant's conduct violated the TCPA;

  (b) whether equipment used by Defendant to place calls was an automatic telephone dialing system; and

  (c) whether Defendant systematically placed phone calls to persons who did not previously provide Defendants with their prior express consent to receive such phone calls; and

  (d) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

**RESPONSE:** Santander incorporates by reference herein its answer to paragraph 19. In further answer, Santander denies the allegations in paragraph 24.

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227;
### (On behalf of Plaintiff and the Class and SubClass)

  25. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**RESPONSE:** Santander incorporates by reference its Answers to paragraphs 1-24 as if fully set forth herein.

  26. Defendant and its agents made thousands of unsolicited phone calls to wireless telephone numbers belonging to Plaintiff and other members of the Class and SubClass using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

**RESPONSE:** Santander denies the allegations in paragraph 26.

  27. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and members of the Class and SubClass simultaneously and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

**RESPONSE:** Santander denies the allegations in paragraph 27.

  28. The phone calls were made to Plaintiff and members of the Class and SubClass without those numbers being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff and the other members of the Class and SubClass who received phone calls on their cellular telephones.

**RESPONSE:** Santander denies the allegations in paragraph 28.

29.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, the members of the Class suffered actual damages in the form of monies paid to receive unsolicited calls on their cellular phones and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such Act.

**RESPONSE:**  Santander denies the allegations in paragraph 29.

30.     Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**RESPONSE:** Santander denies that its conduct was willful and knowing and therefore denies the allegations in paragraph 30.

**WHEREFORE,** Defendant Santander Consumer USA, Inc., prays that judgment be entered in its favor and against plaintiff Henry Espejo, individually and on behalf of all others similarly situated, that Santander be awarded it costs and for such other relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

For its affirmative defenses to Plaintiff's First Amended Complaint, Santander states as follows.

1.     This matter is barred by reason of a valid arbitration clause that plaintiff's wife, Maria Espejo, the primary account debtor, agreed to in connection with her purchase of the subject automobile that is involved in the collection of the present debt. While plaintiff did not execute the financing agreement containing the arbitration clause at issue, plaintiff should nonetheless be estopped from denying application of his wife's valid arbitration agreement as applicable to him regarding this dispute given that, among other things, (i) plaintiff initiated numerous calls to Santander to manage the payments of the outstanding debt and arrange for payment of the debt on behalf of his wife, the account debtor, (ii) plaintiff himself elected to make a number of payments toward satisfaction of the debt of his wife, the account debtor, and

- 9 -

(iii) plaintiff initiated calls to Santander on a number of occasions seeking deferments in payment of his wife's debt and to change due dates for payments of that debt. In addition, both plaintiff and plaintiff's wife, the account debtor, at various times instructed Santander during the collection process of her debt to contact plaintiff, rather than her, for matters involving payment of her debt.

Accordingly, plaintiff should be estopped from denying application to him of his wife's valid arbitration agreement. The plaintiff, therefore, should be compelled to arbitrate this matter and this lawsuit need be stayed or otherwise dismissed.

2. Santander had prior express consent to make the telephone calls at issue pursuant to 47 U.S.C. Section 227, *et seq.*

3. Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because Plaintiff and others alleged to be members of the purported class consented to, ratified, or acquiesced in all of the alleged acts or omissions of which they complain.

4. Plaintiff and others alleged to be members of the purported class are barred from obtaining the relief sought in the First Amended Complaint by the doctrines of estoppel, waiver, unclean hands, and/or other equitable doctrines.

5. Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because they have failed to mitigate their alleged damages, if any.

6. Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding

reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

7. If Plaintiff or others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendant.

8. Any harm alleged in the First Amended Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

**WHEREFORE**, Defendant Santander Consumer USA, Inc. prays that judgment be entered in its favor and against plaintiff Henry Espejo, individually and on behalf of all others similarly situated, in accordance with the above affirmative defenses, and for such other and further relief as this Court deems just and proper.

Dated: September 7, 2012.

> Respectfully submitted,
>
> **Santander ConsumerUSA, Inc.**, *Defendant*
>
> By: ___/s/ Gary S. Caplan___
>       One of Its Attorneys

Gary S. Caplan
Michael D. Richman
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, IL 60606
(312) 207-1000
*Counsel for Defendant Santander Consumer USA, Inc.*
.

## CERTIFICATE OF SERVICE

The foregoing **Defendant's Answer And Affirmative Defenses To Plaintiff's Class Action Complaint** was filed on September 7, 2012 electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

By:   /s/ Gary S. Caplan
          One of Its Attorneys

Gary S. Caplan
Michael D. Richman
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Fax: 312-207-6400

*Attorneys for Santander Consumer USA, Inc.*

US_ACTIVE-110350744.1