IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SANTANDER CONSUMER USA, INC., an Illinois corporation,<br><br>*Defendant.* | Case No.: 1:11-cv-08987<br><br>Honorable Charles P. Kocoras |

**DEFENDANT'S MOTION FOR REASSIGNMENT OF CASE
BASED UPON RELATEDNESS PURSUANT TO LOCAL RULE 40.4**

Defendant Santander Consumer, USA, Inc. hereby moves for an order finding that the subsequently filed putative nationwide class action — *Arica Bonner, et al., on behalf of themselves and on behalf of all others similarly situated vs. Santander Consumer, USA, Inc.*, Case No. 1:12-cv-09431, recently transferred from the Northern District of Alabama, Southern Division and now pending in the Northern District of Illinois, Eastern Division (the "Related Action" or the "*Bonner* case") — is related to the instant putative nationwide class action matter within the meaning of Local Rule 40.4. On November 15, 2012, this Court previously granted Santander's Local Rule 40.4 Motion, finding that the case of *Humphreys*, Case No. 1: 12-cv-04671, relates to the instant action. As directed by this Court at the November 15 hearing, Santander now brings this second Rule 40.4 Motion for a finding that the *Bonner* case should likewise be reassigned to this Court so that the related matters can proceed in a single, judicially efficient manner. Accordingly, Santander respectfully requests that this Court: (i) find that the Related Action satisfies Local Rule 40.4, and (ii) forward that finding and this Request to the Executive Committee to reassign the Related Action to this Court for all further proceedings.

## Pertinent Background Of Both Matters

1.  On December 19, 2011, the original Plaintiff, Tercia Pereira, filed a nationwide putative class action against Santander alleging that Santander had violated the Telephone Consumer Protection Act ("TCPA") 47 U.S. C. § 227(b)(1), by using automative dialing equipment to call plaintiff's cell phone without her consent in connection with collection of a debt relating to plaintiff's husband, a Santander account holder.

2.  On August 8, 2012, this Court granted plaintiff leave to file an amended complaint and substitute the class representative. On that same date, plaintiff filed the amended complaint and Henry Espejo ("Espejo") was substituted in as the new putative plaintiff class representative. The substantive allegations of the amended complaint remained similar to the original complaint — new plaintiff Espejo alleged that he received calls on his cellular phone seeking to collect a debt belonging to his wife, but that he had not consented to Santander calling him. (Am. Compl., ¶¶ 14-18.) Espejo seeks certification of a nationwide class.

3.  On November 15, 2012, this Court, on motion by Santander, under Local Rule 40.4, reassigned *Lorenzie Humphreys and Yvette Rheames, on behalf of themselves and all others similarly situated vs. Santander Consumer, USA, Inc.*, No. 1: 12-cv-04671 (the "*Humphreys* case"), which was pending before Judge Kendall, to this Court, finding the *Humphreys* case related to the instant putative nationwide class action. Plaintiffs in the *Humphreys* case are represented by the same counsel as in the Related Action.

4.  On or about June 26, 2012, the Related Action was filed in the Northern District of Alabama, Southern Division and subsequently transferred to the Northern District of Illinois, Eastern Division on November 5, 2012. The Related Action is now assigned to, and pending before, Judge St. Eve. A copy of the current operative complaint in the Related Action, the

Second Amended Nationwide Class Action Complaint, is attached as <u>Exhibit A</u>. Like the instant case before this Court—and like the *Humphreys* case—plaintiffs in the Related Action assert, *inter alia*, a putative nationwide TCPA "no consent" class action directed against Santander. (*Bonner* Sec. Am. Compl., at ¶ 92.)

5. The Related Action, like the instant case, seeks to certify a nationwide class of persons under the TCPA who did not consent to receiving calls from Santander on their cell phones in connection with collection of a debt. (*Compare, Espejo* Am. Compl., at ¶ 19; *with Bonner* Sec. Am. Compl., at ¶ 92.) Although the plaintiffs in the Related Action originally asserted three claims — TCPA, FDCPA and breach of contract — the plaintiffs have agreed to dismiss the FDCPA and breach of contract claim, and the only remaining claims, therefore, like the present case, are all brought under the TCPA. (*Id.*)

6. On November 1, 2012, the plaintiffs in the Related Action consented to the transfer to the Northern District of Illinois. On November 5, 2012, the District Court For The Northern District of Alabama entered an Order granting Santander's Motion, transferring *Bonner* to the Northern District of Illinois. (*Bonner* case Dkt. Nos. 32 and 33.) The sole defendant in both actions, Santander, is represented by the same law firm, ReedSmith, LLP. Likewise, plaintiffs in the Related Action and the *Humphreys* case also share the same counsel.

### ***The Related Action is "Related" To The Present Action Under Local Rule 40.4(a)***

7. Local Rule 40.4(a) provides, in pertinent part, as follows:

Two or more civil cases may be related *if one or more* of the following conditions are met:

(1) the cases involve the same property;

(2) the cases involve some of the same issues of fact or law;

(3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the cases is or are the same. (emphasis added.)

8. The cases need not be absolutely identical to be related for purposes of satisfying Local Rule 40.4. *See Fairbanks Capital Corp. v. Jenkins,* No. 12 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (granting reassignment based on Relatedness). Indeed, as this Court has noted, following *Fairbanks*: "Two cases need not be absolutely identical to be related for purposes of LR 40.4. If some of the same issues of fact or law are common, that can be sufficient to establish relatedness." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.,* No. 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. April 23, 2008) (Kocoras, J.). Thus, this Court held that when "the cases are fundamentally similar," motions to reassign based on relatedness are proper. *Global Patent Holdings,* 2008 WL 1848142, at *4 (granting motion under LR 40.4) (copies of all slip opinions are attached hereto as Group <u>Exhibit B</u>).

9. The Related Action is related to the instant action under Local Rule 40.4(a) because of at least two key components: (i) the issues of law involving the TCPA claims are the same in all matters; and (ii) the TCPA putative classes are the same in all matters.

10. *First,* all these actions assert violations of the TCPA based upon Santander having allegedly called cell phones without consent of the named plaintiff. The three cases involve the identical legal issues of, *inter alia*, whether (i) an account holder's consent to receive calls from Santander to a cell phone also authorizes calls to a cell phone of the account holder's relative; (ii) the putative class is ascertainable; and (iii) Santander's telephone system constitutes an "automatic dialer" as defined by the TCPA.

11. *Second,* plaintiffs in all cases seek to certify virtually identical nationwide classes under the TCPA for calls allegedly made without their consent:

**Espejo "No Consent TCPA Class":** Any person in the United States to whom Defendant (1) placed a call in connection with the collection of debt; (2) to a

cellular telephone number; and (3) which was never provided to Defendant or to any other entity associated with the origination or collection of the debt by the person called. (Am. Compl. ¶ 19.)

**Bonner "No Consent TCPA Class":** (1) All persons in the United States who are current or former customers of Santander within the previous six years and all other persons to whom Santander made telephone calls for the collection of debts from its customers, and (2) all persons that were called by Santander using an automatic telephone dialing service and/or an artificial or prerecorded voice where the evidence shows that the person received at least one phone call placed by the automatic telephone dialing service and/or an artificial or prerecorded voice and (i) where there is no evidence of prior express consent to call that person's cellular telephone number by the automatic telephone dialing service and/or an artificial or prerecorded voice for a time period consistent with the statute of limitations for TCPA claims or (ii) where the prior express consent to call was withdrawn prior to the call being placed. (*Bonner* Sec. Am. Compl. ¶ 92.)

12.  While the wording of the putative class definitions is different, the persons captured by the definitions will be the same. The language defining the class under the TCPA in the *Bonner* case is word-for-word identical to the language defining the TCPA class in the *Humphreys* case, which this Court found related to the instant action and reassigned on November 15, 2012. Accordingly, since the issues of law are the same on all matters, and the TCPA classes in all matters are the same, the actions are related under Rule 40.4(a).

### *The Conditions For Reassignment Based On Relatedness Are Satisfied Under Local Rule 40.4(b)*

13.  Once a court has found two cases to be 'related' under LR 40.4(a), the Court can reassign the latter-filed case if the following criteria of Rule 40.4(b) are then met:

(1)   both cases are pending in this Court;

(2)   the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3)   the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4)   the cases are susceptible of disposition in a single proceeding.

14. Like Rule 40.4(a), the requirements for relatedness under Rule 40.4(b) are also met. As this Court has remarked, "the reassignment mechanism is primarily concerned with judicial efficiency." *Global Patent Holdings, LLC*, 2008 WL 1848142, at *4. Examining the Rule 40.4(b) factors, when measured against the circumstances presented, demonstrates that reassignment for relatedness will further the goal of judicial efficiency, especially given that this Court has already found the *Humphreys* case relates to the instant matter. Having all the related matters before this court clearly promotes judicial efficiency.

15. *First,* it is undisputed that this case and the Related Action are both pending in the Northern District of Illinois, Eastern Division.

16. *Second*, handling these cases together before a single judge will save substantial judicial resources. Nationwide class certification issues under the TCPA (which inevitably will be one of the key contested matters in both cases) will only have to be briefed and decided once, instead of twice (or even three times), by two judges (*i.e*., Judge St. Eve and this Court) in this District, if these matters were to proceed along parallel routes. Similarly, only one court will have to decide the issue of whether Santander's telephone system used to call the plaintiffs in both matters constitutes an "auto dialer" as defined by the TCPA. Having only a single judge decide these critical issues is a highly significant factor in the reassignment calculus. *See Fairbanks Capital Corp,* 2002 WL 31655277, at *2 ("Reassignment of all of the cases to this Court's calendar will permit these issues to be briefed and determined once; rather than four separate times, which will result in a substantial saving of judicial time and effort….").

17. Equally significant from a judicial efficiency standpoint is that the parties in the instant and Related Action are in the process of scheduling a mediation in an effort to try to resolve these matters on a global basis. Such a potential resolution militates in favor of

reassigning the matters together before a single judge in the event the parties reach a settlement of the class actions, which settlement would then be subject to judicial approval. It would be more efficient and save judicial resources to have that judicial approval process pursuant to Fed.R.Civ. Pro. 23(e) encompass a single proceeding, before a single judge, rather than have an expensive and time-consuming judicial matter repeated before another judge.

18. *Third,* in the Related Action, the remaining plaintiffs' claims under the TCPA are virtually identical to those asserted by Espejo, and now Humphreys in the instant matter. (*Compare, Bonner* Sec. Am. Compl., ¶¶ 109-114; *with Espejo* Compl., ¶¶ 14-18.) Given the very limited nature of the legal and factual issues presented, none of the cases presents a discovery-heavy matter. Thus, the reassignment of the *Bonner* case would not likely cause substantial delay to any of the three matters to reach final disposition.

19. Finally, the key issue of Rule 23 certification of the TCPA classes — which are virtually identical in all three matters — is susceptible of disposition in a single proceeding on account of the substantial overlap of the legal and factual issues under that claim. The issues of fact and law are virtually identical with one another among the instant action, *Humphreys*, and the Related Action in connection with the TCPA claims. Thus, the matters are "fundamentally similar," thereby promoting judicial efficiency and entitling a finding of relatedness. *Global Patent Holdings, LLC,* 2008 WL 1848142, at *4. [1]

---

[1] Santander is aware of this Court's decision in *Martin v. Midland Funding, LLC,* No. 11 C 3104, 2011 WL 3876965 (Aug. 30, 2011) (Kocoras. J.), in which this Court denied a Local Rule 40.4 Motion for Relatedness in connection with TCPA and FDCPA putative class actions. However, this matter is materially distinguishable from *Midland Funding*. First, unlike the situation in *Midland Funding* where there were *different defendants* in each of the pending actions, here, Santander is the *solely* named defendant in both *Bonner* and this matter. (*Id*., 2011 WL 3876965 at *2.) Second, the claims asserted in the instant action and the *Bonner* case are virtually the same. Third, in *Midland Funding,* the putative classes and definitions in each action were substantially different. *Id.* Not true here. In the instant action, by contrast, the putative

**WHEREFORE**, Defendant Santander Consumer USA, Inc. respectfully moves this Court for an order finding that *Arica Bonner, et al., on behalf of themselves and on behalf of all others similarly situated vs. Santander Consumer, USA, Inc*., Case No. 1:12-cv-0943, is related to the instant action under Local Rule 40.4, and that the case be reassigned to this Court for all further proceedings.

Dated: November 30, 2012

                                              Respectfully Submitted,

                                              **SANTANDER CONSUMER USA, INC.,**
                                              *Defendant*

                                              By: /s Gary S. Caplan
                                                    One of Its Attorneys

Gary S. Caplan
Michael D. Richman
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606
(312) 207-1000

---

nationwide class definition proposed in each case here is virtually the same: focusing on the TCPA components of being composed of all persons called by Santander (i) using an automatic telephone dialing service, and (ii) where there was no evidence of the recipient of the cellular phone number not having provided Santander with prior express consent to call. Fourth, unlike in *Midland Funding,* here, the class discovery will substantially overlap in both cases, as the TCPA issues of consent and whether Santander called the cellular numbers with an automatic telephone dialing service are the same.