IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SANTANDER CONSUMER USA, INC., an Illinois corporation, | ) ) ) ) |
| Defendant. | ) ) |

**Case No. 1:11-cv-8987**
*Related to*: Case No. 1:12-cv-4671
Case No. 1:12-cv-9431

Honorable Charles P. Kocoras

**PLAINTIFF ESPEJO'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO OUTSTANDING WRITTEN DISCOVERY REQUESTS AND DEPOSITION NOTICES**

Plaintiff Henry Espejo ("Plaintiff" or "Espejo"), by and through his undersigned counsel, hereby respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2, for an Order (i) compelling Defendant Santander Consumer USA, Inc. ("Defendant" or "Santander") to serve written responses to all outstanding discovery requests, produce documents and information relevant and responsive to those requests, and to provide proposed dates and locations for all previously noticed depositions, (ii) deeming any objections that Santander may have to Plaintiff's written discovery requests and topics for deposition waived, and (iii) awarding Plaintiff Espejo his reasonable attorneys' fees and costs incurred in bringing the instant motion and/or as the Court otherwise deems appropriate.

**INTRODUCTION**

Perhaps banking on the fact that the Parties may ultimately settle this matter, Santander has refused to participate in any formal discovery for the past three months. But that's not to say that Santander hasn't made numerous promises with respect to responding to Plaintiff's outstanding discovery requests and producing witnesses for deposition. To the contrary, in the

1

six months since the Parties' initial mediation, Defendant has repeatedly represented to Plaintiff (and the Court, for that matter) that written responses to Plaintiff's outstanding formal requests would be forthcoming imminently, but ultimately has failed to deliver on a single one of its promises. Not surprisingly, Defendant has also refused (again, without formal objection) to produce numerous witnesses for deposition as noticed.

Given Santander's failure to respond to Plaintiff's outstanding discovery, a compelling order seems like the only option that Plaintiff has left to move this case forward if settlement cannot be achieved. Similarly, because it has had more than sufficient time to respond to Plaintiff's requests or raise formal objections to them, Santander should be deemed to have waived its right to raise any such objections now or in the future. And, finally, given that it was Santander's dilatory conduct alone that precipitated the instant motion, Espejo should be awarded the attorneys' fees and costs necessary to bring the motion, along with the fees and costs incurred in otherwise attempting (albeit unsuccessfully) to obtain from Santander the information to which Plaintiff is entitled.

## FACTUAL AND PROCEDURAL BACKGROUND

**A. The Parties' First Mediation and Agreement to Proceed with Informal Discovery.**

On January 31, 2013, the Parties participated in an all-day private mediation session before the Honorable Morton Denlow (ret.) of JAMS (Chicago). (*See* Declaration of Rafey S. Balabanian ¶ 3, attached as Exhibit A.) Although they weren't in a position to resolve the litigation at that time, the Parties agreed that, in addition to the formal discovery that had already taken place in the case to date, an informal exchange of information would also be helpful to advance settlement discussions. (*Id.*) While Santander provided some of the requested information, a number of requests went unanswered. (*Id.* ¶ 4.) To try and explain away its lack of

responsiveness, Santander feigned that it needed further clarity about the requested information, and while skeptical, Plaintiff nonetheless was happy to oblige by outlining his requests, in detail, in two separate letters—the first on January 15th, and then again on March 12th. (*Id.* ¶ 4.)

On February 6th, the Parties appeared before the Court for status, informed it of their ongoing efforts to resolve the case—including that they had scheduled a second mediation to proceed on May 6th—and that they had agreed to an informal exchange of information (as described above). (*Id*. ¶ 5.) While the Court did not object to the Parties exchanging information informally, it nevertheless admonished them that they must make significant progress in discovery prior to the next status on May 14th. (*Id*; Dkt. 45.)

> **B.** **Following the First Mediation, Santander Failed to Produce the Agreed Upon Information Informally and Thus, Plaintiff Served Additional Formal Discovery Requests, which Also Went Unanswered.**

Despite Plaintiff having put his requests for information in writing on two separate occasions, continued correspondence between counsel, and numerous telephone conferences (including several with Judge Denlow and then Judge Wayne Andersen (ret.), who took over as the mediator in this case), over the next several months Santander repeatedly feigned ignorance of what information Plaintiff was attempting to discover, or promised to produce that information only to later back out of those promises. (Balabanian Decl. ¶ 6.) So, as settlement discussions between the Parties dragged on and it appeared from Plaintiff's perspective that a resolution may not be reached, on March 29th, he served additional sets of written interrogatories and requests for production on Santander—the responses to which were due no later than April 29th—so as to protect his positions in the litigation going forward. (*See* Plaintiff Espejo's Second Set of Interrogatories and Third Set of Requests for Production, attached as Exhibits 1 and 2 to the Balabanian Declaration.) Similarly, on March 25th and April 5th, Plaintiff noticed

3

the depositions of several Santander executives and employees to proceed in late April and early May.[1] (*See* Notices of Deposition, attached as Exhibits 3-8 to the Balabanian Declaration.)

Santander did not respond to Plaintiff's written requests (nor even request an extension of the deadline to respond) and simply refused to produce the witnesses on the dates noticed.[2] (Balabanian Decl. ¶ 7.) On this latter point, Santander's only stated objection to producing witnesses (no formal objections were served) was that it would not agree (and was not required) to produce witnesses in Chicago, as noticed. (*Id*.) Anticipating that response, however, Plaintiff's counsel stated that they would work with Santander to select mutually agreeable dates and locations to proceed with the depositions.[3] (*Id*.) Nevertheless, Santander has yet to provide a proposal as to when or where it would prefer the depositions to go forward. (*Id*.)

        C.        **The Court Extends the Discovery Cutoff and Orders the Parties to Move Forward with Discovery, but Santander Remains Unresponsive.**

On May 14th the Parties appeared before the Court for status. (Dkt. 50.) At the hearing, Plaintiff's counsel informed the Court that although the Parties had participated in a second

---

[1] Specifically, Plaintiff requested that Santander produce an appropriate 30(b)(6) designee, Mr. Mark Mooney, Mr. Wayne Nightengale, Mr. Joseph Burda, Ms. Michele Rodgers, and Mr. John Thomas. Based on Plaintiff's investigation, each of these witnesses has specific knowledge relevant to Plaintiff's claims (and Santander's defenses), including, *inter alia*, (i) information related to Santander's primary call center operations, (ii) the technology utilized by Santander to make the telephone calls at issue, (iii) the methods by which Santander obtained the phone numbers to be called, (iv) Santander's records of consent to call specific telephone numbers (if any exist), and (v) other debtor information, its location, and Santander's ability to access it.

[2] Plaintiff's counsel made clear through correspondence and several telephone conversations that Plaintiff expected Santander to timely respond to the written discovery and notices of deposition, despite the fact that the Parties were set to proceed with a second mediation session.

[3] It also bears noting that Plaintiff's decision to notice the depositions to proceed in Chicago is consistent with the Parties' previous discussions and agreements in this case. Indeed, when Plaintiff Espejo originally noticed the deposition of an appropriate 30(b)(6) designee, Santander indicated that it would be producing Mr. Nightengale and agreed to do so in Chicago because that would be more efficient for the Parties and their counsel (including Santander, where its litigation counsel is located)—for travel purposes, expenses, etc.—than proceeding with the deposition in Texas where Santander's headquarters are located. (*See* Balabanian Decl. ¶ 7.)

4

mediation—this time with the Honorable Wayne Andersen (ret.) of JAMS (Chicago)—they had still been unable to reach a resolution of the case. (*See* Declaration of Benjamin H. Richman ¶ 3, attached as Exhibit B.) Further, Plaintiff's counsel explained that because (at that time) Santander's written discovery responses and document production were more than two weeks overdue, Plaintiff intended to seek an order from the Court compelling such responses. (*Id.*) Santander did not dispute that it had failed to timely respond to Plaintiff's requests; instead, defense counsel explained that it had "placed its eggs in the settlement basket," but would now provide responses and begin to produce documents. (*Id.* ¶ 4.) Having considered the Parties' respective positions, the Court set a further status for July 11th and ordered that discovery proceed, including that Santander respond to Plaintiff's outstanding discovery requests and that the Parties' attempt to complete at least some of the previous noticed depositions prior to the next status. (*Id.*; Dkt. 50.)

Following the status, however, Santander still did not respond to Plaintiff's outstanding written requests, produce any documents, nor propose dates and locations for depositions. (Balabanian Decl. ¶ 8.) Accordingly, on May 28th, Plaintiff's counsel sent a letter to counsel for Santander requesting that it respond to all outstanding discovery by the close of business May 31st. (*See* May 28, 2013 Letter from Rafey S. Balabanian, attached as Exhibit 9 to the Balabanian Declaration.) On May 31st, Plaintiff's counsel reminded Santander via e-mail that Plaintiff expected to receive responses to the outstanding discovery that day, as outlined in the letter served earlier in the week. (Balabanian Decl. ¶ 8.) Despite the letter, Santander never responded to the outstanding discovery. (*Id.*)

Nevertheless, at that point the Parties' settlement discussions began to advance significantly and by the time of the July 11th status it appeared that they were poised to sign a

5

binding memorandum of understanding with respect to a proposed class action settlement of this matter. (*Id.* ¶ 9.) The Parties informed the Court of the same and requested that the case be held over for further status. (*Id.*) The Court agreed and set a further status conference for August 7th. (Dkt. 51.) Since then, however, settlement discussions appear to have once again derailed and Santander has failed to respond to the outstanding discovery. (Balabanian Decl. ¶ 9.)

In light of the foregoing and for the reasons explained below, the Court should grant Plaintiff's motion in its entirety.

## ARGUMENT

### A. The Court Should Compel Santander to Respond to Espejo's Outstanding Discovery Requests and Deem That It has Waived Any Objections to the Same.

Plaintiff Espejo is entitled to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information is relevant and discoverable "if [it] appears reasonably calculated to lead to the discovery of admissible evidence." *MSTG, Inc. v. AT & T Mobility LLC*, No. 08 C 7411, 2011 WL 221771, at *2 (N.D. Ill. Jan. 20, 2011) (citation omitted). In overseeing discovery, "[district] courts . . . consistently adopt[] a liberal interpretation of the discovery rules" and the same holds true with respect to ruling on motions to compel. *Wilstein v. San Tropai Condo. Master Assoc.*, 189 F.R.D. 371, 375 (N.D. Ill. 1999); *see also Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (noting that under the Federal Rules there is a "strong public policy in favor of disclosure of relevant materials"); *Last Atlantis Capital, LLC v. AGS Specialist Partners*, Nos. 04 C 0397, 05 C 5600, 05 C 5671, 2013 WL 791422, at *3 (N.D. Ill. March 4, 2013) ("[t]he federal discovery rules permit broad discovery in an effort to facilitate trial preparation and settlement of legal disputes").

Whether a compelling order is appropriate in this case isn't a close call. *Kodish v. Oakbrook Terrace Fire Protec. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citing Fed. R. Civ. P. 37(a)(2)-(3)) (a compelling order is appropriate "where another party fails to respond to a discovery request" altogether). Despite having had more than three months to respond to Plaintiff Espejo's outstanding discovery requests—and ten weeks since the Court allowed it additional time to do so—Santander has produced nothing, no written responses, no documents and no deponents. Plaintiff has been exceedingly patient, but shouldn't be required to wait any longer to receive the information to which he is entitled and that's required to pursue his claims here, which is looking increasingly necessary as no settlement has been reached. Rather, Santander should be compelled to respond to the outstanding written discovery, produce all relevant and responsive documents in its possession and control, and propose dates and locations to proceed with all previously noticed depositions immediately. *Autotech Technologies Ltd. P'ship v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 399 (N.D. Ill. 2006) (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600 (7th Cir. 2006) ("We live in a world of deadlines…. The practice of law is no exception."); *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996)).

Moreover, given its failure to timely respond to the outstanding discovery requests, Santander has waived all objections to those requests (regardless of whether any responses or objections are actually forthcoming) and the Court may properly enter an order to that effect as well. *See Martinez v. Cook Cnty.*, No. 11-cv-1794, 2012 WL 6186601 (N.D. Ill. Dec. 12, 2012) ("A party's failure to timely object to discovery requests without demonstrating good cause for the delay may result in a waiver of all objections that could otherwise have been asserted."); *see also Hobley v. Burge*, No. 03-cv-3678, 2004 WL 1687005 (N.D. Ill. July 26, 2004) (applying waiver rule to discovery objection based on privilege); *Ritacca v. Abbott Laboratories*, 203

F.R.D. 332, 335 (N.D. Ill. 2001) (same).

The *Martinez v. Cook County* matter is instructive in this regard. There, the plaintiff sent his initial requests to produce certain documents—including communications and internal staffing and funding documents of the defendant—in November of 2011. 2012 WL 6186601 at *3. Throughout the nine months that followed, the plaintiff repeatedly sent correspondence regarding the outstanding requests and attempted to work through related issues with the defendant. *Id.* Despite promises to complete its production, the defendant failed to respond or object to several of plaintiff's requests for documents for more than nine months, at which point the plaintiff moved for an order compelling production and deeming all objections to those requests waived. *Id.* Considering the defendant's repeated promises and delays over the nine month period, along with its complete failure to respond to some of plaintiff's requests altogether, the court ultimately held that the defendant had more than sufficient time to produce or object to producing the requested documents. *Id.* Accordingly, it deemed defendant to have waived all of its objections to those requests. *Id.*

Like in *Martinez*, courts throughout this Circuit have reached similar conclusions. *See id.* (citing *Davis v. City of Springfield*, Nos. 04–3168, 07–3096, 2009 WL 268893, at *3 (C.D. Ill. Jan. 30, 2009) (two month delay in asserting objections, with no proffered explanation, amounted to waiver); *Lock Realty Corp v. U.S. Health L.P.*, No. 3:06-cv-487RLM, 2008 WL 4372411, at *2 (N.D. Ind. Sep. 22, 2008) (objections raised nearly a month and-a-half after they were due were waived); *Alloc, Inc. v. Unilin Decor N.V.*, No. 02-cv-1266, 2006 WL 2583431 (E.D. Wis. 2006) (objections raised to discovery requests six months after requests were made were untimely and waived)). Given Santander's several months of delays and empty promises, and abject failure to respond to Plaintiff's requests (let alone raise any objections), the result

8

should be no different here. Santander's objections—if they are ever raised—should be deemed waived.

### B. The Court Should Award Plaintiff Attorneys' Fees and Costs

Finally, given Santander's conduct described above, Plaintiff is entitled to recover the reasonable attorneys' fees and costs incurred in attempting to obtain its responses to discovery and in bringing the instant motion. Indeed, in order to deter this type of conduct, courts typically award reasonable costs and fees be paid from the responding party to the party's whose motion for discovery is granted. *See, e.g.*, *United States v. Approximately $4734 U.S. Currency*, 280 F.R.D. 448, 450-51 (E.D. Wis. 2011) (citing Fed. R. Civ. P. 37(a)(5)(A)) (sanctions under Rule 37 serve to recompense the movant for the costs incurred in making the motion, and include attorney's fees and costs). In particular, "Rule 37 sanctions may . . . be imposed where a party displays 'wilfulness, bad faith, or fault.'" *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (quoting *Philips Medical Systems Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992)). Santander's conduct in this case arguably displays all three, but at the very least, fault. *See Approximately $4734 U.S. Currency*, 280 F.R.D. at 450-51 (holding that government was entitled to sanctions where responding party failed to respond to discovery and attempts to address the issue necessitated, *inter alia*, a motion to compel, continuance of discovery deadlines and the expenditure of significant related resources); *see also AutomationDirect.com*, 236 F.3d at 399 (citing *Ameritech Corp.*, 442 F.3d at 606 ("lawyers who do not pay heed to deadlines do so at substantial peril to their and their clients' interests.").

### **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request that the Court enter an order (1) compelling Santander to produce all relevant information responsive to the outstanding

9

interrogatories and requests for production, (2) compelling Santander to produce the requested witnesses for deposition as per the notices previously served on Santander, (3) deeming any objections that Santander may have to Plaintiff's written discovery requests and topics for deposition waived, (4) awarding Plaintiff his reasonable expenses and attorneys' fees in bringing this motion, pursuant to Rule 37(a)(4), and (5) providing such further relief that the Court deems reasonable and just.

        Respectfully submitted,

        **HENRY ESPEJO**, individually and on behalf of all others similarly situated,

Dated: August 2, 2013        By: /s/ Benjamin H. Richman
                          One of Plaintiff's Attorneys

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
brichman@edelson.com
cdore@edelson.com

Scott D. Owens (Admitted *Pro Hac Vice*)
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Tel: (954) 306-8104
scott@scottdowens.com

## **CERTIFICATE OF SERVICE**

      I, Benjamin H. Richman, an attorney, hereby certify that on August 2, 2013, I served the above and foregoing ***Plaintiff Espejo's Motion to Compel Defendant's Responses to Outstanding Written Discovery Requests and Deposition Notices***, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF system, on this 2nd day of August 2013.

                                                            /s/ Benjamin H. Richman