# **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

HENRY ESPEJO, individually and on behalf of all others similarly situated,

                  *Plaintiff,*

   v.

SANTANDER CONSUMER USA, INC., an Illinois corporation,

                  *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 1:11-cv-8987**

*Related to*: Case No. 1:12-cv-4671
              Case No. 1:12-cv-9431

Honorable Charles P. Kocoras

## <u>DECLARATION OF RAFEY S. BALABANIAN</u>

Pursuant to 28 U.S.C § 1746, I hereby declare and state as follows:

1.     I am over the age of eighteen and I am fully competent to make this declaration. This declaration is based upon my personal knowledge unless otherwise indicated. I make this declaration in support of Plaintiff Espejo's Motion to Compel Defendant's Responses to Outstanding Written Discovery Requests and Deposition Notices.

2.     I am a partner at the law firm of Edelson LLC, which has been retained to represent the named-Plaintiff in this matter, Henry Espejo ("Plaintiff" or "Espejo").

***The Parties' First Mediation and Agreement to Proceed with Informal Discovery.***

3.     On January 31, 2013, the Parties participated in an all-day private mediation session before the Honorable Morton Denlow (ret.) of JAMS (Chicago). Although they weren't in a position to resolve the litigation at that time, the Parties agreed that, in addition to the formal discovery that had already taken place in the case to date, an informal exchange of information would also be helpful to advance settlement discussions.

4.     While Santander provided some of the requested information, a number of

requests went unanswered. To try and explain away its lack of responsiveness, Santander feigned

that it needed further clarity about the requested information, and while skeptical, we nonetheless

were happy to oblige by outlining Plaintiff's requests, in detail, in two separate letters—the first

on January 15th, and then again on March 12th.

5.     On February 6th, the Parties appeared before the Court for status, informed it of

their ongoing efforts to resolve the case—including that they had scheduled a second mediation

to proceed on May 6th—and that they had agreed to an informal exchange of information (as

described above). While the Court did not object to the Parties exchanging information

informally, it nevertheless admonished them that they must make significant progress in

discovery prior to the next status on May 14th.

### *Following the First Mediation, Santander Failed to Produce the Agreed Upon Information Informally and Thus, Plaintiff Served Additional Formal Discovery Requests, which Also Went Unanswered.*

6.     Despite having put Plaintiff's requests for information in writing on two separate

occasions, continued correspondence between counsel, and numerous telephone conferences

(including several with Judge Denlow and then Judge Wayne Andersen (ret.), who took over as

the mediator in this case), over the next several months Santander repeatedly feigned ignorance

of what information Plaintiff was attempting to discover, or promised to produce that

information only to later back out of those promises. So, as settlement discussions between the

Parties dragged on and it appeared from our perspective that a resolution may not be reached, on

March 29th, Plaintiff served additional sets of written interrogatories and requests for production

on Santander—the responses to which were due no later than April 29th—so as to protect his

positions in the litigation going forward. (*See* Plaintiff Espejo's Second Set of Interrogatories and

Third Set of Requests for Production, true and accurate copies of which are attached as Exhibits

1 and 2.) Similarly, on March 25th and April 5th, Plaintiff noticed the depositions of several

Santander executives and employees to proceed in late April and early May. (*See* Notices of

Deposition, true and accurate copies of which are attached as Exhibits 3-8.)

7.      Santander did not respond to Plaintiff's written requests (nor even request an

extension of the deadline to respond) and simply refused to produce the witnesses on the dates

noticed.[1] On this latter point, Santander's only stated objection to producing witnesses (no

formal objections were served) was that it would not agree (and was not required) to produce

witnesses in Chicago, as noticed. Anticipating that response, however, my firm stated that they

would work with Santander to select mutually agreeable dates and locations to proceed with the

depositions. Nevertheless, Santander has yet to provide a proposal as to when or where it would

prefer the depositions to go forward.

### *The Court Extends the Discovery Cutoff and Orders the Parties to Move Forward with Discovery, but Santander Remains Unresponsive*

8.      Even after the May 14th status hearing, Santander still did not respond to

Plaintiff's outstanding written requests, produce any documents, nor propose dates and locations

for depositions. Accordingly, on May 28th, I sent a letter to counsel for Santander requesting that

it respond to all outstanding discovery by the close of business May 31st. (*See* May 28, 2013

Letter from Rafey S. Balabanian, a true and accurate copy of which is attached as Exhibit 9.) On

May 31st, my colleague, Benjamin H. Richman of Edelson LLC, reminded Santander's counsel

via e-mail that Plaintiff expected to receive responses to the outstanding discovery that day, as

outlined in the letter served earlier in the week. Despite the letter, Santander never responded to

the outstanding discovery.

---

[1]      I also made clear through correspondence and several telephone conversations that Plaintiff
expected Santander to timely respond to the written discovery and notices of deposition, despite the fact
that the Parties were set to proceed with a second mediation session.

9.      Nevertheless, at that point the Parties' settlement discussions began to advance significantly and by the time of the July 11th status it appeared that they were poised to sign a binding memorandum of understanding with respect to a proposed class action settlement of this matter. Since then, however, settlement discussions appear to have once again derailed and Santander has failed to respond to the outstanding discovery.

*                    *                    *

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of August 2013 at Chicago, Illinois.

/s/ Rafey S. Balabanian

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

HENRY ESPEJO, individually and on behalf of
all others similarly situated,

      *Plaintiff,*

*v.*

SANTANDER CONSUMER USA, INC., an
Illinois corporation,

      *Defendant.*

**Case No.: 1:11-cv-08987**
*Related to*: Case No. 1:12-cv-4671
           Case No. 1:12-cv-9431

Honorable Charles P. Kocoras

**PLAINTIFF ESPEJO'S SECOND SET OF INTERROGATORIES
TO DEFENDANT SANTANDER CONSUMER USA, INC.**

Plaintiff HENRY ESPEJO, pursuant to Rule 33 of the Federal Rules of Civil Procedure,

hereby requests that Defendant SANTANDER CONSUMER USA, INC. answer the following

Interrogatories under oath within thirty (30) days of service hereof.

### I.     *Definitions*

1.     "COMPLAINT" means Plaintiff Espejo's First Amended Class Action

Complaint filed in the United States District Court for the Northern District of Illinois in this

matter.

2.     "DATE" means the exact year, month and day, if known, or, if not known,

YOUR best approximation thereof.

3.     "DEBTOR" or "DEBTORS" includes individuals who, according to YOUR

records, owe money for a debt held by SANTANDER.

4.     "DESCRIBE" when used in relation to any process, policy, act or event means to

explain the process, policy, act or event in complete and reasonable detail, stating the time,

DATE, and location, IDENTIFYING all PERSONS participating or present, and IDENTIFYING all DOCUMENTS RELATING thereto.

5.      "DOCUMENT" or "DOCUMENTS" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, INCLUDING ESI—stored in any medium from which information can be obtained.

6.      "ELECTRONICALLY STORED INFORMATION" or "ESI" as used herein, means and refers to COMPUTER generated information or data, of any kind, stored on COMPUTERS, file servers, disks, tapes or other devices or MEDIA, or otherwise evidenced by recording on some storage MEDIA, whether real, virtual, or cloud-based.

7.      "IDENTIFY" when used with respect to a natural PERSON, means to state the PERSON'S full name, present or last known business affiliation and position, past and present home address and past position and business affiliation, if any, with any of the parties herein.

8.      "IDENTIFY" when used with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its form (e.g., partnership, corporation, etc.), the address of its principal place of business, and to IDENTIFY its principal proprietors, officers and/or directors.

9.      "IDENTIFY" when used with respect to a DOCUMENT, means to state the DATE(S) prepared, drafted or generated, the author(s), intended and actual recipient(s), type of DOCUMENT (e.g., "letter," "Terms of Service" or "email"), and to IDENTIFY its last known custodian or location.

10.      "IDENTIFY" when used in reference to an event, transaction, or occurrence, means to DESCRIBE the act in complete and reasonable detail; state the time, DATE, and location; IDENTIFY all PERSONS participating or present; and, IDENTIFY all DOCUMENTS

2

RELATING thereto.

11.     "IDENTIFY" when used with respect to a COMMUNICATION, means to state the type of COMMUNICATION (e.g., telephone discussion, email, face-to-face, etc.), the name and present address of each PERSON present during the COMMUNICATION, or who otherwise observed or heard the COMMUNICATION and to state the subject matter of the COMMUNICATION and the DATE upon which it occurred. If the COMMUNICATION was in writing, IDENTIFY all DOCUMENTS RELATED TO the COMMUNICATION.

12.     "INCLUDING" means "including, but not limited to;" "INCLUDES" means "includes, but not limited to."

13.     "MEDIA" means an object or device, real or virtual, INCLUDING a disc, tape, computer or other device, on which data is or was stored.

14.     "NUMBER TRAPPING" means or refers to the practice of utilizing caller identification technology to IDENTIFY and/or collect a PERSON'S phone number when that PERSON places a call to YOU.

15.     "PERSON" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

16.     "PHONE CALLS" means or refers to the debt collection telephone calls YOU made or caused to be made to any telephone number.

17.     "PLAINTIFF" means or refers to the named-plaintiff in this matter, Henry Espejo.

18.     "PUTATIVE CLASS" or "PUTATIVE CLASS MEMBERS" means those PERSONS who fall under the definition of the No Consent Class set forth in paragraph 19 of the COMPLAINT, including those members of the No Debt Subclass.

19.     "REGARDING", "RELATING TO", and "RELATED TO" means discussing, mentioning, addressing, referring to, analyzing, comprising, underlying, memorializing, describing, or showing the subject indicated.

20.     "RELEVANT TIME PERIOD" means or refers to the time period between December 19, 2007 and the present.

21.     "SKIP TRACE", "SKIP TRACING" or "SKIP" means or refers to the practice of locating a PERSON'S contact information, including his or her phone number, through searching phone number databases, credit reports (e.g., information provided on a loan application, credit card application, and/or in other debt collector databases), job application information, criminal background checks, utility bills, social security records, disability records, public tax information, and other public and private contextual data sources to use available information (such as past or present name or address) to determine more current contact information. SKIP TRACING services INCLUDE but are not limited to Experian, Experian-Social Search, Accurint, LexisNexis, Inferenda, Interactive Data, CBCInnovis, MasterFiles, Merlin Information Services, and VeriFacts.

22.     "TCPA" means the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq.*).

23.     "YOU," "YOUR," "DEFENDANT," or "SANTANDER" means or refers to Defendant Santander Consumer USA, Inc. and its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them.

## II.    *Instructions*

1.     The PERSON responding to an Interrogatory should have knowledge to answer

4

said Interrogatory. If another PERSON has superior knowledge of certain Interrogatories, that other PERSON should respond to those Interrogatories and be so designated. If such PERSON is unavailable, that PERSON should be fully IDENTIFIED and the nature and scope of their knowledge and the reasons that such PERSON'S knowledge is or is believed to be superior, explained fully.

2.      In responding to these Interrogatories, furnish all information, however obtained, INCLUDING hearsay, that is available to YOU and any information known by YOU, or that is within YOUR possession, custody or control.

3.      These are intended as continuing Interrogatories, having within them a duty to timely supplement YOUR responses until and during the course of trial. Information sought by these Interrogatories that YOU obtain after YOU serve YOUR responses hereto must be disclosed to PLAINTIFF by supplementary responses.

4.      It is intended by this set of Interrogatories to elicit information not merely within YOUR knowledge, but obtainable by YOU or on YOUR behalf.

5.      YOU may not claim lack of information or knowledge as grounds for failing to respond to any Interrogatory or as grounds for giving an incomplete or partial response to any Interrogatory without exercising due diligence to secure the full information needed to respond. Where YOU rely or respond based on information provided to YOU from any other person, fully IDENTIFY that PERSON and how YOU obtained the information from them. Where YOU rely on information in any DOCUMENT, specifically IDENTIFY the DOCUMENT and IDENTIFY the PERSON who has custody of that DOCUMENT.

6.      If YOU cannot respond to an Interrogatory in full after exercising due diligence to secure the full information needed to do so, so state and respond to the extent possible,

specifying YOUR inability to respond to the remainder, stating whatever information or knowledge YOU have concerning the unresponded portion and detailing what YOU did in attempting to secure the unknown information.

7.      If any Interrogatory is objected to on the basis that the time period covered by the request is irrelevant, burdensome, or otherwise inappropriate, state what time period YOU consider proper for that Interrogatory and answer the Interrogatory for that time period, preserving YOUR objection to the remainder of the time period.

8.      If YOU object or otherwise refuse to respond to any portion of any Interrogatory, YOU shall (i) state the nature and basis of the objection or reason for such refusal in sufficient fashion to permit the Court to rule on the validity of the objection, and (ii) answer all portions of such Interrogatory that are not claimed to be objectionable.

9.      If YOU object to answering all or any part of any Interrogatory on the grounds of privilege or work product protections, IDENTIFY the privileged DOCUMENT(S) or COMMUNICATION(S), and with respect to each such privileged responsive DOCUMENT or COMMUNICATION, IDENTIFY:

(a)     the DATE appearing on such DOCUMENT, or if no DATE appears, the DATE on which such DOCUMENT or ESI was prepared;

(b)     ESI METADATA creation, revision, transmission, receipt, and last access DATES;

(c)     the name of each PERSON to whom such DOCUMENT or ESI was addressed;

(d)     the name of each PERSON, other than the addressee(s) IDENTIFIED in subparagraph (c) above, to whom such DOCUMENT or ESI, or copy

thereof was sent, or with whom such DOCUMENT was discussed;

(e)    the name of each PERSON who signed such DOCUMENT or ESI, if not signed, the name of each PERSON who prepared it;

(f)    the name of each PERSON making any contribution to the authorship of such DOCUMENT or ESI;

(g)    the job title or position of each PERSON IDENTIFIED in subparagraphs (c), (d), (e) and (f) above;

(h)    the DATE such DOCUMENT or ESI was received or discussed by each PERSON IDENTIFIED in subparagraphs (c), (d), (e) and (f) above;

(i)    the general nature or description of such DOCUMENT or ESI, and, where applicable, its number of pages;

(j)    the name of each PERSON who currently has custody of such DOCUMENT or ESI; and

(k)    the specific ground(s) upon which the privilege, work product, or other protection rests.

10.    The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Interrogatory most broad.

11.    As used herein, the present tense shall also include the past tense.

12.    For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Interrogatories shall be resolved so as to construe these Interrogatories as broadly as possible.

13.    When these Interrogatories refer to a specific location, they contemplate a level of detail that would allow counsel to independently locate an item without significant assistance.

Thus, for example, when these Interrogatories request the specific location of digital MEDIA, an acceptable answer might be "in Bill Johnson's office, at 123 Main Street, Suite 100, New York, NY 10000."

14.     If YOU are producing any DOCUMENT in lieu of answering any of the Interrogatories stated herein, all DOCUMENTS are to be produced in the form, order, and manner in which they are maintained in YOUR files. You must IDENTIFY by Bates numbers the DOCUMENT responsive to any particular Interrogatory. DOCUMENTS are to be produced in the folders, cartons, or containers in which they have been maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found and in such a manner that the office and location from which they were produced is readily identifiable. Whenever a DOCUMENT or group of DOCUMENTS is taken out of a file folder, file drawer, file box, notebook, or other container, before the same is produced, attach thereto a copy of the label on the file folder, file box, or notebook from which the DOCUMENT or group of DOCUMENTS was removed. All ESI should be produced in NATIVE DATA FORMAT, reasonably usable, and verifiably responsive to the pertinent Interrogatories and be able to be processed using readily available tools.

15.     Unless otherwise stated, all Interrogatories pertain to the RELEVANT TIME PERIOD.

### III.    Interrogatories

## INTERROGATORY NO. 14

IDENTIFY the total number of DEBTORS for whom YOU hold accounts.

## INTERROGATORY NO. 15

DESCRIBE with particularity the process(es) and/or method(s) by which YOU

determined that there are approximately 2.4 million PUTATIVE CLASS MEMBERS.

**INTERROGATORY NO. 16**

IDENTIFY the total number of PHONE CALLS made by YOU to DEBTORS that YOU internally IDENTIFY as being (i) completely automated (i.e., without any involvement of a live operator), or (ii) initially automated, but connected to a live operator when answered, INCLUDING PHONE CALLS made by a predictive dialer.

**INTERROGATORY NO. 17**

IDENTIFY the total number of PHONE CALLS IDENTIFIED in YOUR response to Interrogatory No. 16 that were made to phone numbers YOU internally IDENTIFY as cellular telephone numbers.

**INTERROGATORY NO. 18**

IDENTIFY the total number of DEBTOR accounts that have only one associated telephone number.

**INTERROGATORY NO. 19**

DESCRIBE with particularity the process(es) and/or methods by which YOU determine and/or IDENTIFY the source of the telephone numbers associated with YOUR DEBTORS' accounts (e.g., whether they were contained in an original financing agreement executed by the DEBTOR or were obtained at a later date over the phone, through subsequent paperwork, SKIP TRACING, NUMBER TRAPPING, etc.).

**INTERROGATORY NO. 20**

DESCRIBE with particularity the types of contact information, other than telephone numbers, that YOU have associated with YOUR DEBTORS' accounts, INCLUDING mailing addresses, e-mail addresses, and messaging capabilities through YOUR online payment

system(s).

## INTERROGATORY NO. 21

IDENTIFY all claims and/or causes of action asserted against YOU for alleged violations

of the TCPA. For all claims so IDENTFIED, IDENTIFY all judgments entered in those matters,

the amounts of such judgments, and the terms of any non-confidential settlement agreements

entered into by the parties in any and all related matters.

## INTERROGATORY NO. 22

IDENTIFY all telephone numbers YOU have obtained through SKIP TRACING and/or

NUMBER TRAPPING.

        *        *        *

**HENRY ESPEJO**, individually and on behalf of all
others similarly situated,

Date: March 29, 2013        By: /s/ Benjamin H. Richman
                          One of Plaintiff's Attorneys

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6380
jedelson@edelson.com
rbalabanian@edelson.com
brichman@edelson.com
cdore@edelson.com

Scott D. Owens (Admitted *Pro Hac Vice*)
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Telephone: (954) 306-8104
scott@scottdowens.com

10

## <u>CERTIFICATE OF SERVICE</u>

I, Benjamin H. Richman, an attorney, hereby certify that on March 29, 2013, I served the above and foregoing ***Plaintiff Espejo's Second Set of Interrogatories to Defendant Santander Consumer USA, Inc.***, by causing a true and accurate copy of such paper to be transmitted to the persons shown below via electronic mail, on this the 29th day of March 2013.

Gary S. Caplan
Michael D. Richman
REED SMITH LLP
*gcaplan@reedsmith.com*
*mdrichman@reedsmith.com*

/s/ Benjamin H. Richman

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HENRY ESPEJO, individually and on behalf of
all others similarly situated,

        *Plaintiff,*

*v.*

SANTANDER CONSUMER USA, INC., an
Illinois corporation,

        *Defendant.*

**Case No.: 1:11-cv-08987**
*Related to*: Case No. 1:12-cv-4671
           Case No. 1:12-cv-9431

Honorable Charles P. Kocoras

**PLAINTIFF ESPEJO'S THIRD SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT SANTANDER CONSUMER USA, INC.**

Plaintiff HENRY ESPEJO, pursuant to Rule 34 of the Federal Rules of Civil Procedure,

hereby requests that Defendant SANTANDER CONSUMER USA, INC. produce the following

documents and things for inspection and copying at the offices of Edelson LLC, 350 North

LaSalle Street, Suite 1300, Chicago, Illinois 60654, within thirty (30) days of service of hereof.

## I.    *Definitions*

1.      "AND" as well as "OR" shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of these Requests any information which might otherwise be

construed to be outside their scope.

2.      "ANY" and "ALL" shall be construed to include "each" and "each and every"

and vice versa so as to acquire the broadest meaning possible.

3.      "ATTACHMENTS" means files or data that are physically or logically associated

with or embedded into email or other DOCUMENTS or COMMUNICATIONS, and should be

identified by mapping to their parent by the DOCUMENT or production number. If attachments

1

and embedded files are combined with their parent DOCUMENTS, then "BeginAttach" and "EndAttach" fields listing the unique beginning and end number for each attachment or embedded DOCUMENT must be INCLUDED.

4.      BATES NUMBERING. Each page of a produced DOCUMENT, or MEDIA upon which ESI in NATIVE FORMAT is produced, shall have a legible, unique page identifier (i.e., "Bates number") electronically "burned" onto or associated with the MEDIA, or image in such a manner that information from the source DOCUMENT is not obliterated, concealed, or interfered with. There shall be no other legend or stamp placed on the DOCUMENT image unless a DOCUMENT qualifies for confidential treatment pursuant to the terms of a Protective Order in this litigation, or has been redacted in accordance with applicable law or Court order. In the case of confidential materials as defined in any Protective Order, a designation may be "burned" onto or otherwise associated with the DOCUMENT'S image at a location that does not obliterate or obscure any information from the source DOCUMENT. For redacted material, the word "Redacted" should be burned onto the DOCUMENT image over the protected information, except as otherwise inconsistent with any Protective Order entered in this matter. To the extent native files are produced, the producing party shall name the native file with the Bates number.

5.      "CELLULAR PHONE CALLS" means or refers to the debt collection telephone calls YOU made or caused to be made to any telephone number you have internally identified as a cellular phone number.

6.      COLOR.  If an original DOCUMENT contains color, YOU may produce black and white image(s) for each such DOCUMENT. However, PLAINTIFF reserves the right to request that color copies of DOCUMENTS be produced on an as-needed basis.

7.      "COMMUNICATION" means or refers to the transmittal of information, facts or

ideas INCLUDING COMMUNICATIONS in the form of any discussion, conversation, inquiry,

negotiation, agreement, understanding, meeting, telephone conversation, letter,

CORRESPONDENCE, note, memorandum, e-mail message, telegram, advertisement or other

form of exchange of words, whether oral or written.

8.     "COMPLAINT" means Plaintiff Espejo's First Amended Class Action Complaint

filed in the United States District Court for the Northern District of Illinois in this matter.

9.     "COMPUTER" or "COMPUTER EQUIPMENT" means all data processing

equipment, INCLUDING central processing units (CPUs), whether contained in a server or free

standing computer or laptop or PDA or similar device that may contain data storage capabilities,

irrespective of whether such computing platform, infrastructure or storage is virtualized, whether

that data be structured or unstructured, and also INCLUDING any equipment where computer

files (INCLUDING without limitation, records, DOCUMENTS, logs, and any other contiguous

or non-contiguous bit strings), hidden system files or METADATA presently reside such as hard

disk drives, optical disk drives, removable MEDIA, such as floppy disk drives, CD-ROM and

DVD drives, Zip drives, Jaz drives, Maxtor drives or snap drives, data processing cards,

computer magnetic tapes, backup tapes, drum and disk storage devices or any other similar

electronic storage MEDIA or system of whatever name or description. "COMPUTER" or

"COMPUTER EQUIPMENT" also means all digital image evidence that may be stored on any

type of hardware used to store or manipulate electronic images, INCLUDING microfilm,

microfiche and their repositories and readers, or design or engineering computer systems and

regardless of any digital image's format, INCLUDING .jpg, .bmp, or some other advanced or

proprietary form of digital image format, such as CAD layered drawings. "COMPUTER" or

"COMPUTER EQUIPMENT" also refers to sources of digital evidence that may not presently

be in use by YOU or may have been deleted from YOUR active systems, whether the source is a backup tape or disk, some other data retention system or some form of disaster recovery system. "COMPUTER" or "COMPUTER EQUIPMENT" also refers to places where digital evidence may reside that may have been deleted from YOUR active files and which may not be readily recoverable from a backup medium, such as METADATA.

10.     "COMPUTER SYSTEM" refers to free standing servers, COMPUTERS and laptops, and also refers to YOUR network infrastructure and computer support systems subject to YOUR possession, custody or control, such as YOUR subsidiaries, predecessors, successors, assigns, joint venturers, partners, parents, agents or affiliates (in this country or throughout the world), INCLUDING the following:

    (a)     YOUR LAN, WAN or other network systems, regardless of methods of connectivity (e.g., by T1, T3 or optical lines), domains, INCLUDING PDCs, network OS (such as Novell, Microsoft, UNIX, Citrix or some other similar type) or protocols, backup and disaster recovery hardware and MEDIA, regardless of the physical location of those electronic storage systems.

    (b)     YOUR email servers and any repository of email (INCLUDING within the inbox, sent box, deleted box or some similar file of the COMPUTERS of employees or management), or in any backup form whatsoever, regardless of whether YOU use Microsoft Exchange, Outlook, Outlook Express, Lotus Notes or some combination of email management software or some alternative commercial or proprietary email management software.

4

    (c)     YOUR IS administrative offices, INCLUDING backup and disaster recovery restoration plans and repositories, data retention plans and repositories, purge plans and repositories, training plans and repositories, and libraries of hardcopy materials of any description (regardless of where located) and online training and operation manuals that have been scanned to disk.

    (d)     YOUR offsite technical and service bureau support systems, INCLUDING ASP (application service provider) support, scanning or data conversion support, offsite data storage or archive support.

    (e)     YOUR web hosting and administration services, INCLUDING intranet and extranet sites, regardless of whether they are now publicly posted or exist in English, or some other language.

11.     "CORRESPONDENCE" means and refers to all written and unwritten but recorded COMMUNICATIONS, including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, INCLUDING memos, letters analog or digital recordings, voicemail, email, COMPUTER files, COMPUTER disks, or other things sent or received by YOU to or from any entity, INCLUDING files maintained or exchanged internally within YOUR business or with YOUR employees.

12.     "DATE" means the exact year, month and day, if known, or, if not known, YOUR best approximation thereof.

13.     "DEBTOR" or "DEBTORS" includes individuals who, according to YOUR records, owe money for a debt held by SANTANDER.

14.     "DESCRIBE" when used in relation to any process, policy, act or event means to

explain the process, policy, act or event in complete and reasonable detail, stating the time, DATE, and location, IDENTIFYING all PERSONS participating or present, and IDENTIFYING all DOCUMENTS RELATING thereto.

15.      "DOCUMENT" or "DOCUMENTS" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, INCLUDING ESI—stored in any medium from which information can be obtained.

16.      "DUPLICATES" means exact duplicate ESI DOCUMENTS (based on MD5 or SHA-1 hash values) within YOUR possession, custody or control. Only DOCUMENTS where the main DOCUMENT and the attachments are exactly the same will be considered exact duplicates. ESI with differing file names but identical hash values shall not be considered duplicates. Exact duplicate shall mean bit-for-bit identicality with both DOCUMENT content and any associated METADATA. Where any such DOCUMENTS have attachments, hash values must be identical for both the DOCUMENT and attachment (INCLUDING associated METADATA), as well as for any ATTACHMENT (INCLUDING associated METADATA) standing alone.

17.      "ELECTRONICALLY STORED INFORMATION" or "ESI" as used herein, means and refers to COMPUTER generated information or data, of any kind, stored on COMPUTERS, file servers, disks, tape or other devices or MEDIA, or otherwise evidenced by recording on some storage MEDIA, whether real virtual, or cloud-based.

18.      FILE NAMING CONVENTIONS. Where production of .tiff images rather than native format ESI is requested or agreed to, each DOCUMENT image file produced shall be named with the unique Bates number of the first page of the DOCUMENT, followed by the extension ".tif" or ".tiff." To the extent separate text files are produced, text files should be

6

named the same as the first .tif or .tiff image of the DOCUMENT.

19.     "HIM" or "HER" means both "his" and "her" and is not limited to the masculine or feminine, but INCLUDES both.

20.     "IDENTIFY" when used with respect to a natural PERSON, means to state the PERSON'S full name, present or last known business affiliation and position, past and present home address and past position and business affiliation, if any, with any of the parties herein.

21.     "IDENTIFY" when used with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its form (e.g., partnership, corporation, etc.), the address of its principal place of business, and to IDENTIFY its principal proprietors, officers and/or directors.

22.     "IDENTIFY" when used with respect to a DOCUMENT, means to state the DATE(S) prepared, drafted or generated, the author(s), intended and actual recipient(s), type of DOCUMENT (e.g., "letter," "Terms of Service" or "email"), and to IDENTIFY its last known custodian or location.

23.     "IDENTIFY" when used in reference to an event, transaction, or occurrence, means to DESCRIBE the act in complete and reasonable detail; state the time, DATE, and location; IDENTIFY all PERSONS participating or present; and, IDENTIFY all DOCUMENTS RELATING thereto.

24.     "IDENTIFY" when used with respect to a COMMUNICATION, means to state the type of COMMUNICATION (e.g., telephone discussion, email, face-to-face, etc.), the name and present address of each PERSON present during the COMMUNICATION, or who otherwise observed or heard the COMMUNICATION and to state the subject matter of the COMMUNICATION and the DATE upon which it occurred. If the COMMUNICATION was in

7

writing, IDENTIFY all DOCUMENTS RELATED TO the COMMUNICATION.

25.     "INCLUDING" means "including, but not limited to;" "INCLUDES" means "includes, but not limited to."

26.     "MEDIA" means an object or device, real or virtual, INCLUDING a disc, tape, COMPUTER or other device, on which data is or was stored.

27.     "METADATA" means and refers to data about data, INCLUDING without limitation, information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file. METADATA describes the characteristics, origins, usage and validity of the electronic file as well as information generated automatically by the operation of a COMPUTER or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system, INCLUDING the following (to the extent available):

- DOCUMENT number or production number (INCLUDING the DOCUMENT start and DOCUMENT end numbers). This should use the standard Bates number in accordance with those used in previous productions.

- BeginAttach

- EndAttach

- Title/Subject

- Sent/Date and Time (for emails only)

- Last Modified Date and Time Created Date and Time (for ESI)

- Received Date and Time (for emails only)

- Author

- Recipients

- cc:

- bcc:

- Source (custodian)

- Hash Value

- File Path

- MEDIA (type of media that the DOCUMENT was stored on when it was collected)

- Page Count

- Original File Name

- DOCUMENT extension

- Full Text

- Accessed DATE

- Last Print DATE

28.     "NATIVE DATA FORMAT" means and refers to the format of ESI, whether structured or unstructured, in which it was generated and used by YOU in the usual course of YOUR business and in YOUR regularly conducted activities.

29.     "NUMBER TRAPPING" means or refers to the practice of utilizing caller identification technology to IDENTIFY and/or collect a PERSON'S phone number when that PERSON places a call to YOU.

30.     "PERSON" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

31.     "PHONE CALLS" means or refers to the debt collection telephone calls YOU made or caused to be made to any telephone number.

32. "PLAINTIFF" means or refers to the named-plaintiff in this matter, Henry Espejo.

33. "PRODUCTION OF PAPER DOCUMENTS" means the production of paper-based original DOCUMENTS (i.e., DOCUMENTS which were not first generated by a COMPUTER, such as hand written memoranda), which shall be made in hard copy.

34. "PUTATIVE CLASS" or "PUTATIVE CLASS MEMBERS" means those PERSONS who fall under the definition of the No Consent Class set forth in paragraph 19 of the COMPLAINT, including those members of the No Debt Subclass.

35. "REGARDING", "RELATING TO", and "RELATED TO" means discussing, mentioning, addressing, referring to, analyzing, comprising, underlying, memorializing, describing, or showing the subject indicated.

36. "RELEVANT TIME PERIOD" means or refers to the time period between December 19, 2007 and the present.

37. "SKIP TRACE", "SKIP TRACING" or "SKIP" means or refers to the practice of locating a PERSON'S contact information, including his or her phone number, through searching phone number databases, credit reports (e.g., information provided on a loan application, credit card application, and/or in other debt collector databases), job application information, criminal background checks, utility bills, social security records, disability records, public tax information, and other public and private contextual data sources to use available information (such as past or present name or address) to determine more current contact information. SKIP TRACING services INCLUDE but are not limited to Experian, Experian-Social Search, Accurint, LexisNexis, Inferenda, Interactive Data, CBCInnovis, MasterFiles, Merlin Information Services, and VeriFacts.

38.     "TCPA" means the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq*.).

39.     "TELEPHONE" or "TELEPHONE DIALING EQUIPMENT" means and refers to the telecommunications equipment, INCLUDING auto-dialers, predictive dialers, and other telemarketing systems, that YOU use to make telephone calls.

40.     "YOU," "YOUR," "DEFENDANT," or "SANTANDER" means or refers to Defendant Santander Consumer USA, Inc. and its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them.

## II.     *Instructions*

1.     If, in responding to these Requests, YOU encounter any ambiguity in construing either the Request or any instruction relevant to the Request, YOU should nonetheless respond to the Request, set forth the matter deemed ambiguous, and set forth the construction used in responding to the Request.

2.     These are intended as continuing Requests having within them a duty to timely supplement YOUR responses until and during the course of trial. Information sought by these Requests that YOU obtain after YOU serve YOUR responses must be disclosed to PLAINTIFF by supplementary responses.

3.     If YOU object to answering all or any part of any Request on the grounds of privilege or work product protections, IDENTIFY the privileged DOCUMENT(S) or COMMUNICATION(S), and with respect to each such privileged responsive DOCUMENT or COMMUNICATION, IDENTIFY:

        (a)     the DATE appearing on such DOCUMENT, or if no DATE appears, the

11

DATE on which such DOCUMENT or ESI was prepared;

(b)     ESI METADATA creation, revision, transmission, receipt, and last access DATES;

(c)     the name of each PERSON to whom such DOCUMENT or ESI was addressed;

(d)     the name of each PERSON, other than the addressee(s) IDENTIFIED in subparagraph (c) above, to whom such DOCUMENT or ESI, or copy thereof was sent, or with whom such DOCUMENT was discussed;

(e)     the name of each PERSON who signed such DOCUMENT or ESI, if not signed, the name of each PERSON who prepared it;

(f)     the name of each PERSON making any contribution to the authorship of such DOCUMENT or ESI;

(g)     the job title or position of each PERSON IDENTIFIED in subparagraphs (c), (d), (e) and (f) above;

(h)     the DATE such DOCUMENT or ESI was received or discussed by each PERSON IDENTIFIED in subparagraphs (c), (d), (e) and (f) above;

(i)     the general nature or description of such DOCUMENT or ESI, and, where applicable, its number of pages;

(j)     the name of each PERSON who currently has custody of such DOCUMENT or ESI; and

(k)     the specific ground(s) upon which the privilege, work product or other protection rests.

4.     When producing the requested DOCUMENTS, YOU are to designate for which

12

specific request or requests the DOCUMENT is responsive or produce the DOCUMENTS as they are kept in the ordinary course of YOUR business. All DOCUMENTS are to be produced in the form, order, and manner in which they are generated and maintained by YOU in the usual course of YOUR everyday routine business activities. Where structured data (e.g., data from a database) is requested, appropriate queries will be used to extract relevant data from any such database, which data shall match specified criteria, and returning specified fields, in a form and format that is verifiable and readable by the use of commonly available tools. DOCUMENTS are to be produced in folders, cartons, or containers, in which they have been maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found and in such manner that the office and location from which they were produced is readily identifiable. Whenever a DOCUMENT or a group of DOCUMENTS is taken out of a file folder, file drawer, file box, notebook or other container, before the same is produced, attach thereto a copy of the label on the file folder, file box, or notebook from which the DOCUMENT or group of DOCUMENTS was removed. All ESI should be produced in native format, reasonably usable, and verifiably responsive to the pertinent request(s) and be able to be processed using readily available tools.

5.      If any DOCUMENT requested has been lost or destroyed since its creation, IDENTIFY the nature of the DOCUMENT (e.g., letter, email, etc.), the DATE of the DOCUMENT, the PERSONS who sent and received the original and copies of the DOCUMENT, a summary of the content of the DOCUMENT and DESCRIBE when, where, how, and by whom said DOCUMENT was lost or destroyed, and state the name of the PERSON(S) who last had custody thereof.

6.      The singular form of a word shall be interpreted as plural, and the plural form of a

word shall be interpreted as singular, whichever makes the Interrogatory most broad.

7.      For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Interrogatories shall be resolved so as to construe these Interrogatories as broadly as possible.

8.      Unless otherwise stated, all Requests pertain to the RELEVANT TIME PERIOD.

### III.     Requests for Production

## REQUEST FOR PRODUCTION NO. 16

All DOCUMENTS referenced in, RELATING TO, or relied upon, in drafting YOUR answers to Plaintiff Espejo's Second Set of Interrogatories to Defendant Santander Consumer USA, Inc.

## REQUEST FOR PRODUCTION NO. 17

All DOCUMENTS and ESI sufficient to IDENTIFY the total number of DEBTORS for whom YOU hold accounts.

## REQUEST FOR PRODUCTION NO. 18

All DOCUMENTS and ESI RELATED TO the process(es) and/or method(s) YOU used to determine that there are approximately 2.4 million PUTATIVE CLASS MEMBERS.

## REQUEST FOR PRODUCTION NO. 19

All COMMUNICATIONS RELATED TO the process(es) and/or method(s) YOU used to determine that there are approximately 2.4 million PUTATIVE CLASS MEMBERS.

## REQUEST FOR PRODUCTION NO. 20

All DOCUMENTS and ESI sufficient to IDENTIFY the total number of PHONE CALLS made by YOU to DEBTORS that YOU internally IDENTIFY as being completely automated (i.e., without any involvement of a live operator), INCLUDING PHONE CALLS made by a

predictive dialer.

**REQUEST FOR PRODUCTION NO. 21**

All COMMUNICATIONS sufficient to IDENTIFY the total number of PHONE CALLS made by YOU to DEBTORS that YOU internally IDENTIFY as being completely automated (i.e., without any involvement of a live operator), INCLUDING PHONE CALLS made by a predictive dialer.

**REQUEST FOR PRODUCTION NO. 22**

All DOCUMENTS and ESI sufficient to IDENTIFY the total number of PHONE CALLS made by YOU to DEBTORS that YOU internally IDENTIFY as being initially automated, but connected to a live operator when answered, INCLUDING PHONE CALLS made by a predictive dialer.

**REQUEST FOR PRODUCTION NO. 23**

All COMMUNICATIONS sufficient to IDENTIFY the total number of PHONE CALLS made by YOU to DEBTORS that YOU internally IDENTIFY as being initially automated, but connected to a live operator when answered, INCLUDING PHONE CALLS made by a predictive dialer.

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS and ESI sufficient to IDENTIFY the total number of CELLULAR PHONE CALLS made by YOU to DEBTORS that YOU internally IDENTIFY as being completely automated (i.e., without any involvement of a live operator), INCLUDING CELLULAR PHONE CALLS made by a predictive dialer.

**REQUEST FOR PRODUCTION NO. 25**

All COMMUNICATIONS sufficient to IDENTIFY the total number of CELLULAR

PHONE CALLS made by YOU to DEBTORS that YOU internally IDENTIFY as being completely automated (i.e., without any involvement of a live operator), INCLUDING CELLULAR PHONE CALLS made by a predictive dialer.

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS and ESI sufficient to IDENTIFY the total number of CELLULAR PHONE CALLS made by YOU to DEBTORS that YOU internally IDENTIFY as being initially automated, but connected to a live operator when answered, INCLUDING CELLULAR PHONE CALLS made by a predictive dialer.

**REQUEST FOR PRODUCTION NO. 27**

All COMMUNICATIONS sufficient to IDENTIFY the total number of CELLULAR PHONE CALLS made by YOU to DEBTORS that YOU internally IDENTIFY as being initially automated, but connected to a live operator when answered, INCLUDING CELLULAR PHONE CALLS made by a predictive dialer.

**REQUEST FOR PRODUCTION NO. 28**

All DOCUMENTS and ESI sufficient to IDENTIFY the total number of DEBTOR accounts that have only one associated telephone number.

**REQUEST FOR PRODUCTION NO. 29**

All COMMUNICATIONS sufficient to IDENTIFY the total number of DEBTOR accounts that have only one associated telephone number.

**REQUEST FOR PRODUCTION NO. 30**

All DOCUMENTS and ESI RELATED TO the process(es) and/or method(s) by which YOU determine and/or IDENTIFY the source of the telephone numbers associated with YOUR DEBTORS' accounts (e.g., whether they were contained in an original financing agreement

executed by the DEBTOR or were obtained at a later DATE over the phone, through subsequent

paperwork, SKIP TRACKING, NUMBER TRAPPING, etc.).

## REQUEST FOR PRODUCTION NO. 31

All COMMUNICATIONS RELATED TO the process(es) and/or method(s) by which

YOU determine and/or IDENTIFY the source of the telephone numbers associated with YOUR

DEBTORS' accounts (e.g., whether they were contained in an original financing agreement

executed by the DEBTOR or were obtained at a later DATE over the phone, through subsequent

paperwork, SKIP TRACKING, NUMBER TRAPPING, etc.).

## REQUEST FOR PRODUCTION NO. 32

All DOCUMENTS and ESI sufficient to IDENTIFY the types of contact information,

other than telephone numbers, that YOU have associated with YOUR DEBTORS' accounts,

INCLUDING mailing addresses, e-mail addresses, and messaging capabilities through YOUR

online payment system(s).

## REQUEST FOR PRODUCTION NO. 33

All COMMUNICATIONS sufficient to IDENTIFY the types of contact information,

other than telephone numbers, that YOU have associated with YOUR DEBTORS' accounts,

INCLUDING mailing addresses, e-mail addresses, and messaging capabilities through YOUR

online payment system(s).

## REQUEST FOR PRODUCTION NO. 34

All DOCUMENTS and ESI that RELATE TO claims and/or causes of action asserted

against YOU for alleged violations of the TCPA, INCLUDING all judgments entered in those

matters, the amounts of such judgments, and copies of any non-confidential settlement

agreements entered into by the parties to any and all related matters.

17

**REQUEST FOR PRODUCTION NO. 35**

All COMMUNICATIONS that RELATE TO claims and/or causes of action asserted against YOU for alleged violations of the TCPA, INCLUDING all judgments entered in those matters, the amounts of such judgments, and copies of any non-confidential settlement agreements entered into by the parties to any and all related matters.

**REQUEST FOR PRODUCTION NO. 36**

All DOCUMENTS and ESI sufficient to IDENTIFY all telephone numbers YOU have obtained through SKIP TRACING.

**REQUEST FOR PRODUCTION NO. 37**

All DOCUMENTS and ESI sufficient to IDENTIFY all telephone numbers YOU have obtained through NUMBER TRAPPING.

**REQUEST FOR PRODUCTION NO. 38**

All COMMUNICATIONS sufficient to IDENTIFY all telephone numbers YOU have obtained through SKIP TRACING.

**REQUEST FOR PRODUCTION NO. 39**

All COMMUNICATIONS sufficient to IDENTIFY all telephone numbers YOU have obtained through NUMBER TRAPPING.

**REQUEST FOR PRODUCTION NO. 40**

A random sample of 1,000 DEBTOR files, INCLUDING all financing agreements, call logs, audio recordings of telephone conversations, COMMUNICATIONS between YOU and the DEBTOR (INCLUDING any offers of settlement or related COMMUNICATIONS), and all other information YOU maintain in the ordinary course of YOUR business for each DEBTOR.

*         *         *

**HENRY ESPEJO**, individually and on behalf of all others similarly situated,

Date: March 29, 2013

By: /s/ Benjamin H. Richman

       One of Plaintiff's Attorneys

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6380
jedelson@edelson.com
rbalabanian@edelson.com
brichman@edelson.com
cdore@edelson.com

Scott D. Owens (Admitted *Pro Hac Vice*)
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Telephone: (954) 306-8104
scott@scottdowens.com

## CERTIFICATE OF SERVICE

I, Benjamin H. Richman, an attorney, hereby certify that on March 29, 2013, I served the above and foregoing ***Plaintiff Espejo's Third Set of Requests for Production to Defendant Santander Consumer USA, Inc.***, by causing a true and accurate copy of such paper to be transmitted to the persons shown below via electronic mail, on this the 29th day of March 2013.

Gary S. Caplan
Michael D. Richman
REED SMITH LLP
*gcaplan@reedsmith.com*
*mdrichman@reedsmith.com*

/s/ Benjamin H. Richman

# **EXHIBIT 3**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff,*<br><br> *v.*<br><br>SANTANDER CONSUMER USA, INC., an Illinois corporation,<br><br>   *Defendant*. | **Case No.: 1:11-cv-08987**<br>*Related to*: Case No. 1:12-cv-4671<br>     Case No. 1:12-cv-9431<br><br>Honorable Charles P. Kocoras |

**PLAINTIFF ESPEJO'S SECOND NOTICE OF DEPOSITION OF
SANTANDER CONSUMER USA, INC. PURSUANT TO RULE 30(b)(6)**

TO:  See attached certificate of service.

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff will take the deposition upon oral examination of **SANTANDER CONSUMER USA, INC.** The deposition will take place on May 15, 2013, beginning at 9:30 a.m. CT. The deponent will appear at the offices of Edelson LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654. The deposition will be recorded by stenographic means. Defendant SANTANDER CONSUMER USA, INC. must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf. Plaintiff requests examination of the person(s) most knowledgeable at SANTANDER CONSUMER USA, INC. on the following matters:

1. Santander Consumer USA, Inc.'s ("Santander") outbound telephone call operations utilized for the purpose of collecting debts and/or past due account balances;

2. Santander's methods of obtaining debtor's telephone numbers, including but not limited to the use the methods known as "number trapping" and "skip tracing";

3. Santander's use of demographic contact cards, including but not limited to the method(s) and/or process(es) by which the information contained in contact cards is verified (if at all);

4. The hardware and software utilized by Santander to place phone calls to consumers for the purpose of collecting debts and/or past due account balances, including the Aspect Unified IP system;

5. Santander's Command Center operations, including Command Center locations, equipment, directors, managers and other employees, practices, policies and

1

procedures;

6.      Santander's Data Warehouse operations, including Data Warehouse locations, equipment, directors, managers and other employees, practices, policies and procedures;

7.      Santander's Data Center operations, including Data Center locations, equipment, directors, managers and other employees, practices, policies and procedures;

8.      Santander's Compliance Department operations, including Compliance Department locations, equipment, directors, managers and other employees, practices, policies and procedures;

9.      Santander's policies and procedures for complying with the Telephone Consumer Protection Act, 47 USC § 227, *et seq.*, including but not limited to obtaining individual's consent to be called;

10.     Santander's training of its directors, managers and other employees with respect to compliance with the Telephone Consumer Protection Act, 47 USC § 227, *et seq.*, including but not limited to training manuals, modules, decks, presentations, seminars, and meetings;

11.     Phone calls placed and received by or on behalf of Santander to the phone number (305) 987-1411; and,

12.     All communications by or on behalf of Santander with Plaintiff Henry Espejo and Maria Espejo.

The deponent is requested to bring to the deposition all documents identified or produced by Defendant SANTANDER CONSUMER USA, INC. in response to all written discovery requests served by Plaintiff Espejo in this matter.

*               *               *

**HENRY ESPEJO**, individually and on behalf of all others similarly situated,

Dated:  April 5, 2013                    By:  /s/ Benjamin H. Richman
                                              One of Plaintiff's Attorneys

Jay Edelson (jedelson@edelson.com)
Rafey S. Balabanian (rbalabanian@edelson.com)
Benjamin H. Richman (brichman@edelson.com)
Christopher L. Dore (cdore@edelson.com)
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile:  (312) 589-6378

2

Scott D. Owens (Admitted *Pro Hac Vice*)
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 East Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: (954) 306-8104
scott@scottdowens.com

## CERTIFICATE OF SERVICE

I, Benjamin H. Richman, an attorney, hereby certify that on April 5, 2013, I served the above and foregoing ***Plaintiff Espejo's Second Notice of Deposition of Santander Consumer USA, Inc. Pursuant to Rule 30(b)(6)***, by causing true and accurate copies of such paper to be transmitted to the persons shown below via electronic mail, on this the 5th day of April, 2013.

Gary S. Caplan
Michael D. Richman
REED SMITH LLP
*gcaplan@reedsmith.com*
*mdrichman@reedsmith.com*

/s/ Benjamin H. Richman
Benjamin H. Richman

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

HENRY ESPEJO, individually and on behalf of
all others similarly situated,

       *Plaintiff*,

   *v.*

SANTANDER CONSUMER USA, INC., an
Illinois corporation,

       *Defendant*.

Case No.: 1:11-cv-08987

Honorable Charles P. Kocoras

### <u>NOTICE OF DEPOSITION OF MARK MOONEY</u>

      TO:    See attached certificate of service.

      **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Henry Espejo will take the deposition upon oral examination of **MARK MOONEY**. The deposition will take place on April 24, 2013, beginning at 9:30 a.m. CT. The deponent will appear at the offices of Edelson LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654. The deposition will be recorded by stenographic means.

      The deponent is requested to bring to the deposition all documents identified or produced by Defendant SANTANDER CONSUMER USA, INC. in response to all written discovery requests served by Plaintiff in this matter.

                  *          *          *

                    **HENRY ESPEJO**, individually and on behalf of all others similarly situated,

Dated:  March 25, 2013         By:  <u>/s/ Benjamin H. Richman</u>
                                    One of Plaintiff's Attorneys

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile:  (312) 589-6378
rbalabanian@edelson.com
brichman@edelson.com
cdore@edelson.com

Scott D. Owens (Admitted *Pro Hac Vice*)
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 East Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: (954) 306-8104
scott@scottdowens.com

## <u>CERTIFICATE OF SERVICE</u>

I, Benjamin H. Richman, an attorney, hereby certify that on March 25, 2013, I served the above and foregoing *Notice of Deposition of Mark Mooney*, by causing true and accurate copies of such paper to be transmitted to the persons shown below via electronic mail, and further by placing such papers in postage prepaid envelopes addressed to the persons shown below and depositing such envelopes in the U.S. Mailbox located at 350 North LaSalle Street, Chicago, Illinois 60654, on this the 25th day of March, 2013.

Gary S. Caplan
Michael D. Richman
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
*gcaplan@reedsmith.com*
*mdrichman@reedsmith.com*

Abraham J. Colman
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071
*acolman@reedsmith.com*

Chad R. Fuller
GOODWIN PROCTER LLP
4365 Executive Drive, 3rd Floor
San Diego, California 92121
*cfuller@goodwinprocter.com*

/s/ Benjamin H. Richman
Benjamin H. Richman

# **EXHIBIT 5**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Case No.: 1:11-cv-08987 |
| *v.* | Honorable Charles P. Kocoras |
| SANTANDER CONSUMER USA, INC., an Illinois corporation, | |
| *Defendant*. | |

## <u>NOTICE OF DEPOSITION OF WAYNE NIGHTENGALE</u>

TO:  See attached certificate of service.

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Henry Espejo will take the deposition upon oral examination of **WAYNE NIGHTENGALE**. The deposition will take place on April 23, 2013, beginning at 9:30 a.m. CT. The deponent will appear at the offices of Edelson LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654. The deposition will be recorded by stenographic means.

The deponent is requested to bring to the deposition all documents identified or produced by Defendant SANTANDER CONSUMER USA, INC. in response to all written discovery requests served by Plaintiff in this matter.

\*          \*          \*

|  |  |
|---|---|
|  | **HENRY ESPEJO**, individually and on behalf of all others similarly situated, |
| Dated:  March 25, 2013 | By:  /s/ Benjamin H. Richman |
|  | One of Plaintiff's Attorneys |

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile:  (312) 589-6378
rbalabanian@edelson.com
brichman@edelson.com
cdore@edelson.com

Scott D. Owens (Admitted *Pro Hac Vice*)
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 East Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: (954) 306-8104
scott@scottdowens.com

## <u>CERTIFICATE OF SERVICE</u>

I, Benjamin H. Richman, an attorney, hereby certify that on March 25, 2013, I served the above and foregoing ***Notice of Deposition of Wayne Nightengale***, by causing true and accurate copies of such paper to be transmitted to the persons shown below via electronic mail, and further by placing such papers in postage prepaid envelopes addressed to the persons shown below and depositing such envelopes in the U.S. Mailbox located at 350 North LaSalle Street, Chicago, Illinois 60654, on this the 25th day of March, 2013.

Gary S. Caplan
Michael D. Richman
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
*gcaplan@reedsmith.com*
*mdrichman@reedsmith.com*

Abraham J. Colman
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071
*acolman@reedsmith.com*

Chad R. Fuller
GOODWIN PROCTER LLP
4365 Executive Drive, 3rd Floor
San Diego, California 92121
*cfuller@goodwinprocter.com*

/s/ Benjamin H. Richman
Benjamin H. Richman

# **EXHIBIT 6**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | **Case No.: 1:11-cv-08987**<br>*Related to*: Case No. 1:12-cv-4671<br>Case No. 1:12-cv-9431 |
| *v.* | |
| SANTANDER CONSUMER USA, INC., an Illinois corporation, | Honorable Charles P. Kocoras |
| *Defendant.* | |

**PLAINTIFF ESPEJO'S NOTICE OF DEPOSITION OF JOSEPH BURDA**

TO:      See attached certificate of service.

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Henry Espejo will take the deposition upon oral examination of **JOSEPH BURDA**. The deposition will take place on May 21, 2013, beginning at 9:30 a.m. CT. The deponent will appear at the offices of Edelson LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654. The deposition will be recorded by stenographic means.

The deponent is requested to bring to the deposition all documents identified or produced by Defendant SANTANDER CONSUMER USA, INC. in response to all written discovery requests served by Plaintiff in this matter.

*                *                *

                                                **HENRY ESPEJO**, individually and on behalf of all
                                                others similarly situated,

Dated:  April 5, 2013                    By:  /s/ Benjamin H. Richman
                                                        One of Plaintiff's Attorneys

1

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile:  (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
brichman@edelson.com
cdore@edelson.com

Scott D. Owens (Admitted *Pro Hac Vice*)
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 East Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: (954) 306-8104
scott@scottdowens.com

## CERTIFICATE OF SERVICE

I, Benjamin H. Richman, an attorney, hereby certify that on April 5, 2013, I served the above and foregoing ***Plaintiff Espejo's Notice of Deposition of Joseph Burda***, by causing true and accurate copies of such paper to be transmitted to the persons shown below via electronic mail, on this the 5th day of April, 2013.

Gary S. Caplan
Michael D. Richman
REED SMITH LLP
*gcaplan@reedsmith.com*
*mdrichman@reedsmith.com*

/s/ Benjamin H. Richman
Benjamin H. Richman

## **EXHIBIT 7**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | **Case No.: 1:11-cv-08987**<br>*Related to*: Case No. 1:12-cv-4671<br>Case No. 1:12-cv-9431 |
| *v.* | |
| SANTANDER CONSUMER USA, INC., an Illinois corporation, | Honorable Charles P. Kocoras |
| *Defendant.* | |

<u>**PLAINTIFF ESPEJO'S NOTICE OF DEPOSITION OF MICHELE RODGERS**</u>

     TO:    See attached certificate of service.

     **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Henry Espejo will take the deposition upon oral examination of **MICHELE RODGERS**. The deposition will take place on May 22, 2013, beginning at 9:30 a.m. CT. The deponent will appear at the offices of Edelson LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654. The deposition will be recorded by stenographic means.

     The deponent is requested to bring to the deposition all documents identified or produced by Defendant SANTANDER CONSUMER USA, INC. in response to all written discovery requests served by Plaintiff in this matter.

          *         *         *

                         **HENRY ESPEJO**, individually and on behalf of all others similarly situated,

Dated:  April 5, 2013          By:  /s/ Benjamin H. Richman
                             One of Plaintiff's Attorneys

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile:  (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
brichman@edelson.com
cdore@edelson.com

Scott D. Owens (Admitted *Pro Hac Vice*)
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 East Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: (954) 306-8104
scott@scottdowens.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Benjamin H. Richman, an attorney, hereby certify that on April 5, 2013, I served the above and foregoing ***Plaintiff Espejo's Notice of Deposition of Michele Rodgers***, by causing true and accurate copies of such paper to be transmitted to the persons shown below via electronic mail, on this the 5th day of April, 2013.

Gary S. Caplan
Michael D. Richman
REED SMITH LLP
*gcaplan@reedsmith.com*
*mdrichman@reedsmith.com*

/s/ Benjamin H. Richman
Benjamin H. Richman

# **EXHIBIT 8**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | **Case No.: 1:11-cv-08987** <br> *Related to*: Case No. 1:12-cv-4671 <br> Case No. 1:12-cv-9431 |
| *v.* | |
| SANTANDER CONSUMER USA, INC., an Illinois corporation, | Honorable Charles P. Kocoras |
| *Defendant.* | |

## PLAINTIFF ESPEJO'S NOTICE OF DEPOSITION OF JOHN THOMAS

TO:     See attached certificate of service.

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Henry Espejo will take the deposition upon oral examination of **JOHN THOMAS**. The deposition will take place on May 23, 2013, beginning at 9:30 a.m. CT. The deponent will appear at the offices of Edelson LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654. The deposition will be recorded by stenographic means.

The deponent is requested to bring to the deposition all documents identified or produced by Defendant SANTANDER CONSUMER USA, INC. in response to all written discovery requests served by Plaintiff in this matter.

*            *            *

**HENRY ESPEJO**, individually and on behalf of all others similarly situated,

Dated:  April 5, 2013

By:  /s/ Benjamin H. Richman
        One of Plaintiff's Attorneys

1

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile:  (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
brichman@edelson.com
cdore@edelson.com

Scott D. Owens (Admitted *Pro Hac Vice*)
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 East Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: (954) 306-8104
scott@scottdowens.com

## <u>CERTIFICATE OF SERVICE</u>

I, Benjamin H. Richman, an attorney, hereby certify that on April 5, 2013, I served the above and foregoing ***Plaintiff Espejo's Notice of Deposition of John Thomas***, by causing true and accurate copies of such paper to be transmitted to the persons shown below via electronic mail, on this the 5th day of April, 2013.

Gary S. Caplan
Michael D. Richman
REED SMITH LLP
*gcaplan@reedsmith.com*
*mdrichman@reedsmith.com*

/s/ Benjamin H. Richman
Benjamin H. Richman

# **<u>EXHIBIT 9</u>**

**Edelson LLC**

350 North LaSalle, Suite 1300, Chicago, IL 60654
t 312.589.6370  f 312.589.6378

www.edelson.com

May 28, 2013

<u>Via Electronic Mail</u>

Abraham J. Colman
Reed Smith LLP
355 South Gran Avenue, Suite 2900
Los Angeles, California 90071
acolman@reedsmith.com

Gary C. Caplan
Michael D. Richman
Reed Smith LLP
10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606
gcaplan@reedsmith.com
mdrichman@reedsmith.com

Chad Fuller
Goodwin Procter LLP
4365 Executive Drive, 3rd Floor
San Diego, California 92121
cfuller@goodwinprocter.com

   **Re:**  *__Espejo, et al. v. Santander Consumer USA, Inc.__, No. 11-cv-8987 (N.D. Ill.)*

Dear Counsel:

   We write to address Santander's failure to participate in discovery in any meaningful way since the Parties' first mediation on January 31st. At this point, given the preceding five months of broken promises to produce information on an informal basis, Santander's complete failure to respond to Plaintiffs' outstanding formal requests and its refusal to produce witnesses for deposition, it's clear Santander is taking the approach of ignoring its discovery obligations, perhaps in hopes that the issue will simply go away. If that is, in fact, the approach Santander is taking, perhaps this letter will cause it to reevaluate. Because Plaintiff's second set of discovery requests to this day remain outstanding, as we indicated to the Court at the May 14th status, if we don't receive written responses to the outstanding requests, all relevant and responsive documents and information, and proposed dates to proceed with the previously noticed depositions by the close of business Friday, May 31st, we will proceed to seek an order from the Court compelling such responses, production and testimony, and awarding the fees and

costs incurred in seeking such an order.[1]

To be clear, the idea that Santander's failure to respond to the outstanding discovery is due (even in part) to the Parties' ongoing settlement discussions and them proceeding with a second mediation, is a non-starter and completely contrary to the record here. As you know, at the first mediation with Judge Denlow on January 31st, the Parties agreed that although they weren't in a position to resolve the litigation, an informal exchange of information would be helpful in supplementing the discovery produced to date, and in evaluating any potential settlement prior to and during the upcoming second mediation. Thus, Plaintiffs requested and thought that Santander had agreed that it would provide information related to, *inter alia*, (i) the total number of debtors for whom it holds accounts, (ii) the total number of phone calls made to those debtors, (iii) the total number of phone calls made to what Santander internally identifies as cell phone numbers, and (iv) a description of the forms of contact information Santander maintains for its debtors. For the sake of clarity, we also outlined those requests, in detail, in two separate letters—first, prior to the first mediation on January 15th and then again, on March 12th.[2]

Despite Plaintiffs' having put their requests in writing on two separate occasions, continued correspondence between counsel, and numerous telephone conferences (including several with Judge Denlow), you repeatedly feigned ignorance of what information Plaintiffs were attempting to discover, or promised to produce that information only to later back out of those promises. By way of example, you most recently agreed to provide Plaintiffs an explanation of how you determined the total number of putative Class members at issue here (as you stated at the first mediation) no later than April 22nd, followed by an informal telephone interview of one of Santander's call center executives, Mr. Wayne Nightengale. But, the 22nd came and went without any word, not even so much as an excuse as to why no information had been produced.

Unable to rely on your promises that information would be forthcoming, on March 29th, Plaintiffs served additional sets of written interrogatories and requests for production on Santander—the responses to which were due no later than April 29th. Similarly, on March 25th and April 5th, Plaintiffs noticed the depositions of several Santander executives and employees

---

[1]   So that there's no confusion, given its failure to timely respond to the outstanding discovery requests, Santander has waived all objections to those requests (regardless of whether any responses or objections are actually forthcoming) and we intend to seek an order to that effect as well. *See Martinez v. Cook Cnty.*, No. 11-cv-1794, 2012 WL 6186601 (N.D. Ill. Dec. 12, 2012) ("A party's failure to timely object to discovery requests without demonstrating good cause for the delay may result in a waiver of all objections that could otherwise have been asserted."); *see also Hobley v. Burge*, No. 03-cv-3678, 2004 WL 1687005 (N.D. Ill. July 26, 2004) (applying waiver rule to discovery objection based on privilege); *Ritacca v. Abbott Laboratories*, 203 F.R.D. 332, 335 (N.D. Ill. 2001) (same).

[2]   We also informed the Court of that agreement. And, while Judge Kocoras did not object to the Parties exchanging information informally, he nevertheless admonished them that they must make significant progress in discovery prior to the next case status on May 14th. In the face of that order, Santander's failure to provide any information to Plaintiffs whatsoever is quite troubling.

to proceed in late April and early May.[3] To date, we've received no response to that discovery (nor even a request for an extension of the deadline to respond) and Santander has simply refused to produce the witnesses on the dates noticed.[4] On this latter point, Abe's stated objection to producing witnesses (no formal objections were served) was that Santander would not agree (and was not required) to produce witnesses in Chicago, as noticed. Anticipating that response, however, we've on several occasions stated that we'd work with Santander to select a mutually agreeable date and location to proceed with the depositions.[5] Nevertheless, we've yet to receive any proposal from Santander as to when or where it would prefer the depositions to go forward.

Given the foregoing, we're not interested in any further delay—Plaintiffs are ready to move forward with the litigation. And, despite the Court allowing the Parties an additional sixty days for discovery, we have no intention of waiting on Santander until the end of that period only to come up empty again. So, again, we ask that Santander provide its written responses to all outstanding discovery requests, all relevant and responsive documents and information, and proposed dates and locations to proceed with the noticed depositions, no later than the close of business Friday, May 31st. If we don't receive all of those things by then, we will proceed with filing Plaintiffs' anticipated motion to compel.

We look forward to hearing from you.

Sincerely,

EDELSON LLC

Rafey S. Balabanian

---

[3]  Specifically, Plaintiffs requested that Santander produce an appropriate 30(b)(6) designee, Mr. Mark Mooney, Mr. Wayne Nightengale, Mr. Joseph Burda, Ms. Michele Rodgers, and Mr. John Thomas. Each of these witnesses has specific knowledge relevant to Plaintiffs' claims (and Santander's defenses), including, *inter alia*, (i) information related to Santander's primary call center operations, (ii) the technology utilized by Santander to make the telephone calls at issue, (iii) the methods by which Santander obtained the phone numbers to be called, (iv) Santander's records of consent to call specific telephone numbers (if any exist), and (v) other debtor information, its location, and Santander's ability to access it.

[4]  Of course, we made clear through correspondence and several telephone conversations that Plaintiffs expected Santander to timely respond to the written discovery and notices of deposition, despite the fact that the Parties were set to proceed with a second mediation session.

[5]  It also bears noting that Plaintiffs' decision to notice the depositions to proceed in Chicago is consistent with the Parties' previous discussions and agreements in this case. Indeed, when Plaintiff Espejo originally noticed the deposition of an appropriate 30(b)(6) designee, Santander indicated that it would be producing Mr. Nightengale and agreed to do so in Chicago because that would be more efficient for the Parties and their counsel—for travel purposes, expenses, etc.—than proceeding with the deposition in Texas where Santander's headquarters are located.