**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated, ) ) ) *Plaintiff*, ) ) *v.* ) ) SANTANDER CONSUMER USA, INC., ) an Illinois Corporation, ) ) *Defendant*. ) ) | **Case No. 1:11-cv-8987** *Related to*: Case No. 1:12-cv-4671 Case No. 1:12-cv-9431 Honorable Charles P. Kocoras |

**DECLARATION OF BENJAMIN H. RICHMAN IN SUPPORT OF PLAINTIFF'S
RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

I, Benjamin H. Richman, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.  I am an adult over the age of 18 and a resident of the State of Illinois. I am licensed to practice law in the State of Illinois and am a partner at the law firm Edelson PC, which represents Plaintiff Henry Espejo ("Espejo") in this matter. I am fully competent to make this Declaration, have personal knowledge of all matters set forth herein unless otherwise indicated, and could and would testify truthfully to such matters if called as a witness in this action.

*The Relevant Procedural Background: the Parties' Mediation and Discovery Efforts*

2.  On January 3, 2013, three weeks after the Court appointed Jay Edelson, managing partner of Edelson PC, interim class counsel, Espejo and Defendant Santander Consumer USA, Inc. ("Santander") participated in a private mediation before the Honorable Morton Denlow (ret.) of JAMS (Chicago).

3.  The Parties were unable to reach an agreement as to the resolution of the case at

that time, but they did agree to continue to work toward resolution, and to voluntarily exchange certain documents and information, in addition to the documents and information Espejo had previously sought in his first set of written discovery requests.

4. Over the course of the following months, Santander refused to provide responsive documents responsive to Espejo's formal and informal requests.

5. Nonetheless, the Parties agreed to participate in a second mediation, which took place on May 6, 2013, with the Honorable Wayne R. Andersen (ret.) of JAMS (Chicago).

6. At the second mediation, the Parties were unable to reach a resolution of the case.

7. Following the second mediation, and the Court's order that Santander respond to Espejo's outstanding requests, Santander continued to refuse to respond.

8. Nonetheless, the Parties continued their settlement discussions, and by July 11, 2013, the Parties' counsel had agreed to a settlement in principle, which Santander represented had been sent to its board of directors for approval.

9. As more time passed without any response from Santander's board, it appeared that a settlement was unlikely. Accordingly, Plaintiff moved the Court for an order compelling Santander to respond to his outstanding discovery requests.

10. On September 10, 2013, immediately prior to the presentment hearing on the motion to compel, Santander's counsel informed myself, Jay Edelson and Rafey Balabanian (also of Edelson PC) that they had negotiated a proposed class action settlement in an overlapping case pending in the Central District of California, *Hibler v. Santander Consumer USA, Inc.*, No. 5:13-cv-1354 (C.D. Cal.).

11. After reviewing the settlement papers in the *Hibler* matter, it became apparent that Santander's counsel had negotiated that settlement during the time when Santander's board

was supposedly reviewing the settlement proposal in the instant action.

12. Further review of the *Hibler* settlement showed that the case had been settled a mere two weeks after it was first filed, after a single day's mediation, and for substantially less relief than would have been afforded under the proposed settlement in this case.

13. After Espejo challenged the propriety of the *Hibler* settlement in both this Court and the Central District of California, Hibler's counsel ultimately walked away from that settlement and moved to voluntarily dismiss their case.

14. After Hibler's counsel informed my firm of their intent to no longer pursue that settlement, Espejo and Santander held their fourth full-day mediation (the third having occurred as an attempt to resolve the dispute surrounding the *Hibler* settlement). The fourth mediation took place before Judge Andersen, and the Parties appeared to make substantial progress, with Santander's counsel once again representing that the proposed settlement would go to Santander's board of directors for approval.

15. Several weeks later, however, Santander's counsel informed us that the board board had not approved the proposed terms.

***Documents Attached as Exhibits to this Declaration***

16. Attached hereto as Exhibit A is a true and accurate copy of excerpts of a document produced by Santander in response to Plaintiff's first set of requests for the production of documents, titled "Unified Director Use Guide," and bates labeled by SCUSA/E 0120–0721.

17. Attached hereto as Exhibit B is a true and accurate copy of excerpts of a document produced by Santander in response to Plaintiff's first set of requests for the production of documents, and bates labeled as SCUSA/E 0025–0119.

\*        \*        \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of July 2014, at Chicago, Illinois.

/s/ Benjamin H. Richman

## CERTIFICATE OF SERVICE

      I, J. Dominick Larry, an attorney, hereby certify that on July 31, 2014, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

                                                s/ J. Dominick Larry