**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated, ) ) ) | |
| *Plaintiff*, ) ) | **Case No. 1:11-cv-8987** *Related to*: Case No. 1:12-cv-4671 Case No. 1:12-cv-9431 |
| *v.* ) ) ) | Honorable Charles P. Kocoras |
| SANTANDER CONSUMER USA, INC., an Illinois Corporation, ) ) ) | |
| *Defendant*. ) ) | |
| _____ ) | |

**PLAINTIFF HENRY ESPEJO'S UNOPPOSED MOTION**
**FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Plaintiff Henry Espejo ("Espejo"), individually and on behalf of a class of similarly

situated individuals, hereby respectfully moves the Court, without opposition from Defendant

Santander Consumer USA, Inc. ("Santander"), for an Order granting him leave to file certain

documents under seal, either in whole or in part, in conjunction with his Response in Opposition

to Defendant's pending Motion to Stay. In support of the instant motion, Espejo states as

follows:

1.      In order to adequately respond in opposition to Defendant Santander's pending

motion to stay (Dkt. 72), Espejo's Response in Opposition to the Motion (the "Response") and

the supporting Declaration of Benjamin H. Richman (the "Richman Declaration") will refer to,

quote, and attach certain documents that the Parties have agreed should be treated as confidential

until such time as the Court enters an appropriate protective order in this case.

2.      At the outset of discovery in this matter, Espejo provided to Santander a draft

proposed protective order for its review and comment. At that time and in order to facilitate

Santander's production of certain documents and information that they agree are of a confidential or otherwise sensitive nature, the Parties agreed to abide by the terms of the draft protective order pending its entry by the Court.

3.      Once it became clear that the Parties' settlement efforts had concluded and the litigation would proceed, Espejo requested that Santander provide any edits or comments to the draft order he previously circulated so that it could be presented to the Court for its consideration and entry in short order.

4.      In the interim, however, and so as not to delay the filing of Espejo's opposition to the motion to stay, Espejo seeks, subject to the Court's approval, to file all such confidential or otherwise sensitive materials referred to in his Response and the Richman Declaration under seal.

5.      In particular, attached to the Declaration of Benjamin H. Richman are the following documents that the Parties have agreed are either non-public business sensitive or proprietary information, or information Santander is obligated to keep confidential pursuant to agreements with third parties, and that Espejo seeks to file entirely under seal:

    (1)      Exhibit A to the opposition brief: excerpts of a document produced by Defendant titled Unified Director Use Guide, and labeled by Defendant as SCUSA/E 0120–0721;

    (2)      Exhibit B to the opposition brief: excerpts of a document produced by Defendant and labeled as SCUSA/E 0025–0119.

6.      Because Espejo's Response and the Richman Declaration discuss—in limited detail—the contents of Exhibits A and B, Espejo also seeks to file those documents partially under seal.

7.      Pursuant to the Court's Local Rules, Espejo will promptly submit to the Court's chambers in a sealed envelope—bearing the caption of the case, case number, the title of the

motion to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents—unredacted copies of his Response and the Richman Declaration, and Exhibits A and B.

8.      Prior to filing the instant motion, the Parties conferred (through counsel) regarding the relief requested herein, and Espejo is authorized to state that Santander has no opposition to the same.

**WHEREFORE**, Plaintiff Henry Espejo ("Espejo"), individually and on behalf of a class of similarly situated individuals, respectfully requests that the Court enter an Order (i) granting him leave to file Exhibits A and B attached to the Declaration of Benjamin H. Richman submitted in support of his Response in Opposition to Defendant's Motion to Stay entirely under seal, (ii) granting him leave to file his Response in Opposition to Santander's Motion to Stay and the supporting Declaration of Benjamin H. Richman partially under seal, and (iii) providing such other and further relief as the Court deems reasonable and just.

Respectfully submitted,

**HENRY ESPEJO**, individually and on behalf of all others similarly situated,

Dated:  July 31, 2014                              By:      s/ J. Dominick Larry
                                                                        One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370

3

## CERTIFICATE OF SERVICE

I, J. Dominick Larry, an attorney, certify that on July 31, 2014, I served the above and foregoing ***Plaintiff Henry Espejo's Unopposed Motion for Leave to File Documents Under Seal*** by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

s/ J. Dominick Lrary

4