**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC., an Illinois Corporation,<br><br>    *Defendant.* | **Case No. 11-cv-8987**<br>*Related to*: Case No. 1:12-cv-4671<br>              Case No. 1:12-cv-9431<br><br>The Honorable Charles P. Kocoras, Judge Presiding<br><br>The Honorable Sidney I. Schenkier Magistrate Judge |

**AGREED MOTION FOR ENTRY OF PROPOSED
STIPULATED PROTECTIVE ORDER**

Defendant Santander Consumer USA, Inc., ("Santander"), by its attorneys, with the agreement of Plaintiff Henry Espejo, hereby respectfully moves the Court for entry of the attached Proposed Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c). In support of the motion, Santander states as follows:

1. Santander has and may produce during the course of discovery documents and information containing personal and private information about account holders, the identification and production of contracts, correspondence, account information, descriptions of equipment, hardware, software, and related systems configurations, and internal policies and procedures and operations documents.

2. Espejo has and anticipates potentially producing additional unredacted/truncated personal telephone records, and other personal confidential information.

3. These documents, which contain propriety business information or personal financial or other confidential information, will cause Santander, its account holders and/or Plaintiff great harm or competitive disadvantage if produced without a protective order.

4. The Parties recognize and agree that good cause exists for the entry of a Protective Order that protects non-parties from annoyance and embarrassment. *See* Fed. R. Civ. P. 26(c).

5. Consequently, the parties have negotiated and have arrived at a Proposed Stipulated Protective Order, a copy of which is attached as Ex. A hereto, and has been submitted to Proposed_Order_Schenkier@ilnd.uscourts.gov. The parties believe the Proposed Stipulated Protective Order will adequately preserve their respective confidential and proprietary information.

6. The Proposed Stipulated Protective Order comports with Local Rule 26.2 and contains substantially similar provisions as the Court's LR 26.2 Model Confidentiality Order although using different language to address the specific concerns of the parties in this case.

7. Paragraph 1 of the proposed order comports to Paragraph 2 of the Model Order but more specifically lists the types of trade secret; technical commercial and financial information; and personal identify information that the parties anticipate marking as "Confidential."

8. Paragraphs 2 and 5 of the proposed order comport to paragraph 5 of the Model Order but further emphasizes the prohibition against disclosure to persons not specifically authorized to receive such information under the order or for any business, commercial or competitive purposes, as well as making clear that the order does not prevent a party from using

or disclosing its own "Confidential" information or such information received from another source.

9. Paragraph 3 of the proposed order comports with paragraph 4(B) of the Model Order except that it allows the parties 30 days to designate confidential deposition testimony instead of the time limits set forth in the Model Order.

10. Paragraph 4 of the proposed order comports with paragraph 7 of the Model Order with regard to filing materials under seal.

11. Paragraph 6 of the proposed order comports with paragraph 5(b) of the Model order and further indicates that persons receiving "confidential" information must be advised of the confidential nature of the material and become subject to the restrictions imposed by the protective order.

12. Paragraph 7 of the proposed order comports to paragraph 6 of the Model Order regarding inadvertent failures to designate confidential materials.

13. Paragraph 8 of the proposed order comports to paragraph 11 of the Model Order regarding use of confidential material in hearings or at trial.

14. Paragraph 10 of the proposed order comports to paragraph 14(b) and (c) of the Model Order regarding the destruction of "Confidential" materials at the end of this litigation.

15. Paragraph 11 of the proposed order comports to paragraph 9 of the Model Order regarding challenges to a party's designation of material as "Confidential."

16. Paragraph 13 of the proposed order comports to paragraph 15 which acknowledges the Court's right to modify the protective order.

17. The proposed order as a whole further comports with the spirit and objectives of the Model Order.

- 4 -

WHEREFORE, Santander, with the agreement of Espejo, respectfully requests that the Court enter the attached Proposed Stipulated Protective Order. A copy of the Proposed Stipulated Protective Order has been submitted to Proposed_Order_Schenkier@ilnd.uscourts.gov, per the Court's instructions.

DATED: October 22, 2014  Respectfully submitted,

**SANTANDER CONSUMER USA, INC.,**
*Defendant*

By: /s/*James A. Rolfes*
  One of Its Attorneys

James A. Rolfes (Bar No. 6200271)
Henry Pietrkowski (Bar No. 6230048)
Michael D. Richman (Bar No. 3124631)
Joseph B. Prater (Bar No. 6290497)
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, IL 60606
(312) 207-1000
*jrolfes@reedsmith.com*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2014, I electronically filed the foregoing **Defendant Santander Consumer USA, Inc.'s AGREED MOTION FOR ENTRY OF PROPOSED STIPULATED PROTECTIVE ORDER** with the Clerk of the Court using the ECF system, which will send electronic notification of such filing to all registered parties.

                                        /s/     *James A. Rolfes*