**Ex. A**

IN THE UNITED STATES DI UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC., an Illinois Corporation,<br><br>*Defendant*. | **Case No. 11-cv-8987**<br>*Related to*: Case No. 1:12-cv-4671<br>Case No. 1:12-cv-9431<br><br>The Honorable Charles P. Kocoras, Judge Presiding<br><br>The Honorable Sidney I. Schenkier Magistrate Judge |

## PROPOSED STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff, Henry Espejo, and Defendant, Santander Consumer USA, INC. ("Santander"), through their respective attorneys of record, as follows:

WHEREAS, in his discovery requests, Plaintiff has requested that defendant Santander produce certain information and documents, including personal and private information about account holders, the identification and production of contracts, correspondence, account information, descriptions of equipment, hardware, software, and related systems configurations, and internal policies and procedures and operations documents.

WHEREAS, Plaintiff has already and anticipates potentially producing additional unredacted/truncated personal telephone records, and other personal confidential information.

WHEREAS, Defendant has already and anticipates producing additional (a) private, confidential information of its account holders and of plaintiff; as well as (b) contracts, correspondence, data, account information, descriptions of equipment, hardware, software, and

related systems configurations, and internal operations documents, including various policies and procedures that are proprietary business information.

WHEREAS, these documents, containing propriety business information or personal financial or other confidential information, will cause Santander, its account holders and/or Plaintiff great harm or competitive disadvantage if produced without a protective order.

THEREFORE, the Court finds that there is good cause for entry of a protective order as to certain information being produced. Plaintiff seeks the discovery of proprietary business information about the inner-workings of Defendant. Defendant's competitors would benefit by examining the documents sought, and Defendant has an interest in ensuring the security and confidentiality of this information. Plaintiff seeks the discovery of personal telephone records and personal financial information from Defendant's account holders. Defendant has an interest in insuring the security and confidentiality of this information.

1. Subject to Paragraph 11 below, a party may designate as "CONFIDENTIAL" the contracts, correspondence, data, account information, descriptions of equipment, hardware, software, and related systems configurations, and internal operations documents, including various policies and procedures that are proprietary business information or any documents that contain personal telephone records or personal, private information.

2. Confidential Information shall be used only for purposes of this litigation and for no other purpose whatsoever except as otherwise permitted by this Order or required by law, and may be disclosed when necessary only to the following persons:

    a. Counsel of record for any party to the litigation, and their associates, paralegals, clerical or service support staff of their law firms;

    b. Experts or consultants (including their employees, associates and/or support staff) retained by a party to the litigation;

  c. Interviewees, potential witnesses and deponents that counsel for a party to the litigation in good faith determines needs to have access to Confidential Information in order for counsel to effectively prosecute or defend the litigation, including parties to the lawsuit;

  d. Court reporters; and

  e. The Court and its personnel.

Confidential Information shall not be disclosed to any person referred to in subparagraphs (b), (c) and (d), unless and until such person has agreed, in writing or orally on the record of a deposition or trial transcript, to be bound by the terms and conditions of this Order. Counsel disclosing any Confidential Information to the persons described in subparagraphs (b), (c) and (d) shall be responsible for retaining copies of documents evidencing any such agreements to be bound by the terms of this Order. With regard to deponents, Counsel for the party that is taking a deposition shall request that the deponent agree in writing to the terms and conditions of this Order. In the event that the deponent refuses to be bound by the terms and conditions of this Order, Counsel shall notify the other party at least seven (7) days in advance of the deposition, and either party may apply to the Court for appropriate relief.

This Stipulated Protective Order not only prohibits the disclosure or production of Confidential Information, but also prohibits the discussion of Confidential Information with any person not specifically authorized to receive such information by this Paragraph 2. The provisions of this Paragraph 2 shall not be construed to prevent any party from using or disclosing its own documents or information or Confidential Information obtained from another source. If a party discloses its own confidential information in the course of this litigation and waives the protections afforded by this Order, then this Order shall not apply to that information. This provision does not apply to the inadvertent disclosure of a party's own confidential information.

3. Any part of deposition testimony in this case that contains confidential information shall be designated "Confidential," and thereby obtain the protection accorded other "Confidential" documents, by advising the reporter and all parties of such fact on the record, or by notifying the reporter and all parties in writing within thirty (30) days after the deposition. All deposition testimony in this action is presumptively CONFIDENTIAL until thirty days after the deposition. The only exception to this thirty day period is where the deposition transcript is first transcribed and delivered less than thirty days before court deadline for which a party desires to use the transcript and in that event, the written notice is due within five (5) business days of receipt of the transcribed deposition by the designating party provided that the party intending the use the transcript has notified all parties in writing of the invocation of five day period before the transcript is received. Under these circumstances, the transcript is considered Confidential during that five-day period.

4. This Order contemplates the filing of documents under seal. However, under this Court's Standing Order and Local Rule 26.2, no documents may be filed under seal absent a motion, filed and noticed for hearing prior to the due date of the particular filing, showing good cause for sealing a portion of the record in the case. The mere fact that a party has designated information as confidential is insufficient to permit under-seal filing. A party seeking to file material under seal must set forth in its motion the reasons why the record should be sealed. If the Court denies leave to file Confidential Information under seal due to a finding that the material is not confidential, then the material may be filed as if the material has not been designated Confidential.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or

otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action as well as subsequent proceedings in this litigation in accordance with the provisions of this Order.

6. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing the same to any person except as provided herein, and are further enjoined from using the same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 2 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

7. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall use their best efforts to retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

8. Nothing in this Order shall prevent a party from using at trial or any other hearing before the Court any information or materials designated "Confidential." A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial

memorandum without disclosing the Confidential information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

9. This Order has been agreed to by the parties to facilitate discovery and the production of discoverable information in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Upon request, within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded Confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken there from, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished the same. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential material.

11. A party or any other person objecting to the designation of Confidential information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within seven (7) days after such objection, the parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objections. If such conference does not resolve the objection or does not take place within seven days, then the designating person may apply to the Court, by motion, for a ruling that material designated by a party as Confidential shall be treated as Confidential. The designating person

shall have the burden of demonstrating the propriety of that designation.  Pending determination by the Court, material designated as Confidential shall be treated as provided in this Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded Confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this Stipulated Protective Order or to modify this Stipulated Protective Order at any time in the interest of justice. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

ENTERED: _____     _____


**Prepared by:**

s/*James A. Rolfes*
James A. Rolfes
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, IL 60606
(312) 207-1000

*Attorneys for Defendant*


s/ *Benjamin H. Richman*
Benjamin H. Richman
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois  60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorney for Plaintiff*

## **EXHIBIT A**

### DECLARATION OF COMPLIANCE

I, _____, DECLARE AS FOLLOWS:

1. My address is _____

2. My present employer is _____

3. My present occupation or job description is _____

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 201_.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under this Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things that I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of United States District Court for the Northern District of Illinois, Eastern Division, for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 201_ at _____.

_____