IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) **Case No. 1:11-cv-8987**<br>) *Related to*: Case No. 1:12-cv-4671<br>) Case No. 1:12-cv-9431 |
| v. | )<br>) Honorable Charles P. Kocoras |
| SANTANDER CONSUMER USA, INC., an Illinois corporation, | ) Magistrate Judge Sidney I. Schenkier<br>)<br>) |
| Defendant. | )<br>) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS RENEWED MOTION TO COMPEL**

Santander's opposition to Plaintiff's motion to compel makes it seem like Santander has absolutely no familiarity with its obligations to respond to discovery under the Federal Rules. In seeking to avoid responsibility for its outright refusal to engage in discovery for nearly two years now, Santander relies on four defective arguments.

First, that because it previously produced documents and a single deponent in the case—notwithstanding that such documents admittedly were not produced in response to Plaintiff's most recent requests—it somehow isn't obligated to respond to the outstanding requests or deposition notices, despite them being properly at issue. Second, that since there is a bunch of litigation pending against Santander around the country in various forums, including individual arbitrations, Plaintiff should go look for the discovery he seeks from the lawyers prosecuting those matters. Third, that the file sampling proposed by Plaintiff must be produced by hand, and is entirely too burdensome in light of Santander's willingness to produce account files from 75 unrelated, individual arbitrations. And fourth, that Plaintiff's discovery requests are overly burdensome and too costly because they would require Santander to search through its account

1

database. Each of these arguments can be easily dispatched.

With respect to the first argument, Santander forgets that its obligation to respond to discovery under Rule 26 is continuing, and just because it may have produced some discovery in the past—which it admits isn't even responsive to Plaintiff's outstanding requests—doesn't relieve it of its obligations to respond to the discovery requests that are currently outstanding. Further, the Federal Rules are clear that each party may take up to 10 depositions without leave of court, and even if it were the case that multiple witnesses had knowledge of the same subject matter, Espejo would still be entitled to take the depositions of those individuals if he thinks it benefits his case. Second, Espejo simply isn't required to track down the other plaintiffs' lawyers around the country prosecuting similar claims, regardless of whether Plaintiff's counsel has relationships with those attorneys. Just as in every civil case in federal court, Plaintiff is entitled to take the written and oral discovery relevant and necessary to pursue *his* claims in *this* case. Third, Santander's promises to turn over documents that it has produced in other matters, such as the 75 account files that it has produced to the law firm of Davis & Norris, are completely empty, as Plaintiff agreed to accept those files (as a first step before sampling) roughly 3 weeks ago, yet Santander has yet to produce a single one of them. And fourth, Santander long ago waived its objections to Plaintiff's discovery requests by asserting unsubstantiated boilerplate objections for the first-year-and-a-half the requests were pending. Its attempt to now cure its improper objections by trying to explain them through the briefing of this motion doesn't act to reverse the waiver.

Ultimately, this back and forth on discovery has done nothing but needlessly delay these proceedings. While Santander may believe that Plaintiff's pursuit of discovery is fueled only by his counsel's bitterness because it didn't settle, that just isn't true. The reality is, the district court

denied Santander's motion to stay, and this case has to move forward. Thus, the driving force behind Plaintiff's motion is that the Court has set a case schedule, and Plaintiff and his counsel are pressing to meet it. Santander's unwillingness to engage in the process is getting in the way. The motion to compel should be granted with fees and costs awarded to Plaintiff's counsel.[1]

I. **Santander's Production of Documents and Testimony in Response to Previous Discovery Requests—in this Case or Otherwise—is not Sufficient to Meet its Obligations with Respect to the Requests Now at Issue.**

Santander's refusal to produce documents and deponents rests on a fundamentally flawed premise: that because it has already engaged in some TCPA discovery (including responding to previous requests in this case, and in unrelated, individual arbitrations), it doesn't have to do anything more. As explained below, Santander is mistaken. Its production of documents responsive to Plaintiff's previous discovery requests (over 22 months ago) does not obviate its duty to respond to Plaintiff's pending requests and deposition notices. Likewise, its willingness to produce deposition transcripts and account files from unrelated, individual arbitrations does not change the fact that Plaintiff has the right to pursue any information (within the bounds of the Federal Rules) that will help him prove *this case* on the merits or for certification.

    A. **Santander's Limited Production of Documents to Date is Insufficient to Satisfy its Obligation to Respond to Plaintiff's Pending Requests.**

As an initial matter, Santander asserts that its failure to provide a single document responsive to the requests now at issue is justified by the fact that it has already produced some documents in this case. (*See* Resp. at 8 – 9.) Those prior productions, however, are insufficient to

---

[1] In its Response, Santander also states that "Espejo's current discovery issues arise not because of Santander's discovery responses, but instead from his own refusal to participate fully in meet-and-confer sessions, accept the actual state of Santander's records, and work toward reasonable discovery strategies that provide him with the information he claims he needs in a manner that reduces the burden placed on Santander." (Resp. at 2.) The baselessness of that assertion is proven later on in Santander's own response, however, where it notes that "there can be no dispute that Santander's counsel has engaged in extensive meet-and-confer discussions with Espejo's counsel." (*Id.* at 9 (citing Dkts. 91-2 – 91-4).)

3

discharge Santander's current discovery obligations for several reasons.

First, the production that Santander focuses on took place 22 months ago, in response to Plaintiff's *previous* sets of interrogatories and document requests, and well before service of the requests currently in dispute. (*Compare* Dkts. 42-1 and Dkts. 91-5 and 91-7.) Second, Santander's "significant" document production consisted solely of Maria Espejo's account file, the Espejos' cell phone billing records, and the manuals for Santander's dialers. (*See* Declaration of Benjamin H. Richman ("Richman Dec."), filed contemporaneously herewith, at ¶ 3.) As such, while Santander has provided *some* documents, it still has not provided any documents related to, *inter alia*:

- The total number of calls made to account holders, and internally identified by Santander as being (i) automated without the involvement of a live operator or (ii) initially automated, but connected to a live operator when answered, and (iii) made to a cellular telephone number;

- The total number of debtor accounts with only one associated telephone number; and,

- Santander's policies and procedures for obtaining and ensuring consent to call cellular telephones.

(*See* Plaintiff's Renewed Motion to Compel, Dkt. 100 ("Motion") at 9 – 10.) Santander's failure to produce its relevant policies and procedures for obtaining customer consent (and ensuring TCPA compliance) are particularly problematic. During his Rule 30(b)(6) deposition as Santander's corporate representative, Wayne Nightengale, identified tha ████████ ████████████████████████████████████████ ████████████. (*See* Transcript of Rule 30(b)(6) Deposition of Wayne Nightengale ("Dep. Tr.") (attached as Ex. A to the Richman Dec.) at 36:11 – 38:6; 128:3 – 128:20.) Santander's counsel then asserted that it believed it had produced those documents, and Plaintiff's counsel requested that Santander produce them after the completion of the deposition. (*Id.* at 37:12 – 21.)

4

Despite that promise (to say nothing of the on-point formal discovery requests, two motions to compel, and numerous meet and confers), Santander has still failed to produce even a single page of █████████████████████████

Thus, while the documents previously produced did offer useful information for the Parties' then-ongoing settlement discussions, they leave much to be desired with respect to issues such as whether class certification is appropriate in this case, and whether Santander did, as it claims, obtain the requisite consent to make the calls at issue. As such, Santander's previous production in response to discovery requests that aren't at issue—nearly two years ago—is simply insufficient to obviate its current discovery obligations.

    **B.    Santander's Participation in Discovery in Other TCPA Cases and Arbitrations Does Not Excuse it from Discovery in this Case.**

Santander next asserts that Espejo does not need information regarding, or a sampling of, potential class member accounts because it has offered to produce account files from 75 individuals who are currently represented by another law firm, and are pursuing individual arbitrations against Santander. (*See* Defendant's Response in Opposition to Plaintiff's Renewed Motion to Compel, Dkt. 117 ("Resp.") at 9.) Santander's offer is insufficient for a number of reasons. Chief among them, Plaintiff will not be able to draw *any* statistically significant conclusions regarding the putative class's composition from just 75 files, including: whether the class is ascertainable (i.e., do the records provide a basis for identifying which class members were called, without consent, on cellular telephones, using automatic dialers); whether the class is sufficiently numerous; and whether class membership can be determined without an unduly burdensome individual inquiry. (Richman Dec. ¶ 5.) Beyond that, the fact that Espejo's counsel works in any capacity with the law firm representing those individuals—though, to be clear, counsel has not actually represented those individuals in pursuing arbitrations against Santander

5

(*Id.* ¶ 8)—is not a sufficient basis upon which to block Espejo from discovering the information to which he is entitled *in this case*. *Cf. Moore v. Morgan Stanley & Co., Inc.*, No. 07-cv-5606, 2008 WL 4681942, at *5 (N.D. Ill. May 30, 2008) ("[J]ust because the information was produced in another lawsuit . . . does not mean that it should be produced in this lawsuit."); *Chen v. Amoco Sys., Parking*, No. 08-cv-422, 2009 WL 9248729, at *3 (S.D. Cal. Aug. 14, 2009) ("Indeed, the fact that [Defendant] produced certain documents in the state cases does not necessarily make them discoverable in this case.").

The same holds true with respect to Santander's refusal to produce additional deponents. Indeed, the Federal Rules recognize Plaintiff's right to take multiple depositions of Santander's employees to prove his claim. *See* Fed. R. Civ. P. 30(a) (noting that a party may depose up to ten people (excluding prisoners) without leave of court). As one federal court recently explained:

> Defendant's offer to produce for deposition a single employee who is knowledgeable about the type of information sought in Interrogatory 1 is insufficient to meet Defendant's discovery obligations. As in any case, Plaintiff is entitled to interview and depose multiple witnesses to events relevant to his case in search of evidence in support of his claims. Defendant is in possession of the names of those witnesses, and may not cherry pick a single employee as the definitive source of information relevant to this issue.

*Huang v. Cont'l Tire The Americas, LLC*, No. 10-cv-12598, 2011 WL 2620987, at *4 (E.D. Mich. July 5, 2011).

Thus, Santander cannot seriously maintain that Plaintiff was entitled to take the Rule 30(b)(6) deposition of Wayne Nightengale and nothing more. Nightengale himself identified several categories of information that Plaintiff has, thus far, received no information about, and he identified several individuals who could provide that information. (Dep. Tr. at 32:2 – 33:9; 83:14 – 84:5.) Likewise for Santander's argument that Plaintiff can simply rely on the transcripts of select Santander employees from the individual arbitrations being pursued against Santander.

6

(*See* Resp. at 9.) That Plaintiff has access to transcripts from depositions of *some* Santander employees (taken from individual arbitrations, involving other plaintiffs, where no class issues were present) does not change the fact that Espejo needs to obtain information *himself* in order to prove *his case* on the merits and certification—a fact Santander itself specifically recognized in the very arbitrations it points to. (*See* Transcript of Arbitration Hearing, *Hill v. Santander Consumer USA, Inc.*, No. 30-420-00471-12, at 9 – 10, 23, 259 – 261, 268 – 271 (AAA, Nov. 14, 2013) (attached as Ex. B to the Richman Dec.) (███████████████████████████ ██████████).)

Simply put, Santander's production of documents in other proceedings, and previously in this action, does not excuse it from engaging in ongoing discovery now. As such, Plaintiff's motion to compel should be granted.

II. **Santander's Other Arguments Regarding Sampling and its Other Stated Objections are Unavailing.**

Moving past Santander's contention that Plaintiff should simply use discovery from other cases rather than proving his own claim, Santander attempts to justify its failure to produce by relying on a series of unsupported, untimely, and mistaken objections. As explained below, those objections should be overruled, and Santander should be compelled to produce responsive documents and witnesses.

    A. **Santander's Objections to the Sampling Plan Overstate the Complexity of the Task, Discount the Probative Value of the Sample, and Ignore the Fact that Discovery is Sometimes Inconvenient and Expensive.**

Santander's challenges to Plaintiff's proposed sampling plan are misplaced. Specifically, contends that: (a) Plaintiff has failed to identify a need for the proposed sampling, (b) producing the requested sampling would take between 2000 and 4000 hours, and (c) that the cost of producing the sample is *per se* excessive. Santander is wrong on each point.

As an initial matter, it bears noting that Plaintiff's discovery requests do not demand the production of a sample. Rather, Espejo offered the idea of a sample as a compromise to alleviate Santander's concerns with the discovery requests. Thus, Plaintiff does not *need* the sample, and, instead, would be willing to receive the sample in lieu of other production. That in mind, the relevance of the proposed sample is clear. First, it would bear on numerosity, by presenting a statistically significant sample from which to draw conclusions. That is, if 50 percent of the account holders identified in the sample qualified as class members, it would suggest a class size of approximately 1.4 million (50 percent of the 2.8 million account holders called). Further, the sample would also bear on the ascertainability of the Class, given that whatever method would be devised for determining class membership within the sample could be used to determine class composition for Santander's accounts as a whole. The sampling would also bear on predominance and superiority, as the records produced by Santander would bear on how much individual inquiry is needed to identify class members, and how well that process could be automated. Finally, the sample would bear on class-wide damages issues, as it would provide a basis for estimating the number of calls received (and thus the entitlement to statutory damages) available for the average class member. (*See* Motion at 6 – 7.)

Second, Santander overstates the effort necessary to provide the sampling. In the Response and the supporting declaration of Wayne Nightengale, Santander asserts that it could only provide a sample after manual retrieval of call logs, account details, and applicable financing agreements, followed by extensive redaction. (Resp. at 13.) In his deposition as Santander's Rule 30(b)(6) corporate representative, however, Mr. Nightengale described how

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████ (*See*

Dep. Tr. at 58:25 – 66:14.) Santander does not explain how or why a system like this cannot be used to pull the relevant call logs, account details, and financing agreements in a similarly efficient manner (and certainly in less than the 30 to 60 minutes per account identified by Santander). Likewise, Santander fails to explain why it must undergo a painstaking and intensive redaction process, when the Parties have already agreed to (and the Court has approved of) a protective order specifically intended to provide for the exchange of highly confidential documents. (*See* Dkt. 106.) As such, Santander has failed to show how the burden and expense it associates with the sampling procedure arises from the nature of the sampling itself, rather than from its own inefficiencies.

Third and finally, Santander seems to take the mistaken position that because producing the sampling would (supposedly) require substantial time and money on its part, that it is automatically improper. But "[t]he mere fact that an objecting party 'will be required to expend a considerable amount of time, effort, or expense' in providing discovery 'is not a sufficient reason to preclude discovery.'" *Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97-cv-5696, 1999 WL 300231, at *2 (N.D. Ill. May 3, 1999) (Schenkier, J.) (quoting *Schaap v. Executive Indus. Inc.*, 130 F.R.D. 384, 387 (N.D. Ill. 1990)); *Craig v. Exxon Corp.*, No. 97-cv-8936, 1998 WL 850812, at *3 (N.D. Ill. Dec. 2, 1998) (same) (Schenkier, J.); *Challenge Aspen v. King World Prods., Corp.*, No. 00-cv-6868, 2001 WL 1403001, at *4 (N.D. Ill. Nov. 9, 2001) (same) (Schenkier, J.).

To that end, Courts regularly compel parties to provide expensive or difficult discovery, especially when probative of multiple issues in the case, like the sampling here. *See Donnelly v.*

9

*NCO Fin. Sys., Inc.*, 263 F.R.D. 500, 504 (N.D. Ill. 2009) *objections overruled*, No. 09-cv-2264, 2010 WL 308975 (N.D. Ill. Jan. 13, 2010) (holding that defendant in TCPA class action had to produce "documents and information relating to its prior express consent defense," despite the fact that the "court underst[ood] that it [would] take NCO time and effort to produce this material," because "the likely benefit outweighs the burden and expense.") (collecting cases).

As such, given that the proposed sampling is relevant to the ascertainability, numerosity, predominance, and superiority factors for certification, and that the sampling is likely less burdensome than Santander says, the Court should compel Santander to either respond to Plaintiff's requests outright, or through the requested sample

### B. Santander's Remaining Objections Are Untimely and Therefore Waived, and are Insufficient in Any Event.

In its Response, Santander, for the first time, offers facts supporting its otherwise boilerplate objections. These efforts, however, are too little too late.[2] Because Santander failed to timely assert properly substantiated objections, its objections are waived and its after-the-fact explanations are irrelevant. Even if its newly developed objections were timely, however, they still fail to justify Santander's outright refusal to produce responsive documents and witnesses.

"If the party from whom the documents are requested objects to their production, that party has the burden to show why a discovery request is improper." *United Auto. Ins. v. Veluchamy*, No. 09-cv-5487, 2010 WL 749980, at *5 (N.D. Ill. Mar. 4, 2010). "That burden cannot be met by a reflexive invocation of 'the same baseless, often abused litany' that the requested discovery is 'vague, ambiguous, overly broad, unduly burdensome,' or that it is 'neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'" *Id.*

---

[2] And even if they weren't, nothing in them justifies its refusal to produce responsive documents, as explained *infra*.

10

(quoting *Swift v. First USA Bank*, No. 98-cv-8235, 1999 WL 1212561, at *5 (N.D. Ill. Mar. 4, 2010)); *see also Mancia v. Mayflower Textile Servs., Co.*, 253 F.R.D. 354, 359 (D. Md. 2008) ("It would be difficult to dispute the notion that the very act of making such boilerplate objections is *prima facie* evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses *must state objections with particularity, on pain of waiver*.") (collecting cases) (emphasis added).

As explained in Plaintiff's Motion, Santander waived its objections by asserting them in boilerplate fashion, which Santander concedes that it did. (*See* Motion at 11, 12, 13, 16; Resp. at 10 ("Rather than create reams of detailed objections to Espejo's 22 Interrogatories and 40 Requests for Production that identified the specific nature of each objectionable request Espejo propounded, Santander instead suggested that counsel conduct a meet-and-confer conference."). As Santander recognizes, it only attempted to substantiate its responses *after* Plaintiff's counsel sent a meet and confer letter this summer—a full 15 months after Santander's original deadline to respond—and even then it offered no specific facts such that its objections could be evaluated with any particularity. (*See* Dkts. 91-2, 91-5, 91-7; *see also* Resp. at 11 ("When Espejo's counsel provided their meet-and-confer letter in July 2014, Santander responded with a detailed explanation of each objection made and additionally suggested alternative approaches to the discovery Espejo sought.").) Only now, in its response to Plaintiff's motion to compel does Santander state its objections with any particularity. But even if its new facts were convincing (which they aren't, as explained below), they are too little, too late, as Santander waived its right to object by failing to do so in its original responses. *Kelley v. Board of Ed. of City of Chicago*,

11

No. 10-cv-7875, 2012 WL 1108135, at *2 (N.D. Ill. Apr. 2, 2012) ("The defendant's *ipse dixit* recitation of boilerplate objections is thereby waived because such responses are improper.").

Even if the Court considers the newly supported objections, however, it should still overrule them. To begin, Santander reiterates its mistaken position that Plaintiff's document requests "call for an account-by-account review and production of most every account-related document Santander maintains" on more than 4.3 million accounts. (Resp. at 10.) That simply isn't true. As explained in Plaintiff's opening brief, to the extent Santander objects that *review* of each customer account is unreasonably burdensome, its objection is belied by the fact that its prior discovery responses and productions showed that it can and does search the accounts in its system for specific and relevant identifiers (including, as mentioned in Plaintiff's opening brief, whether the account was ever called and whether the account holder consented to such calls). (*See* Motion at 14.) Further, to the extent Santander objects that Plaintiff's request requires *production* of every file in every account, Santander ignores the actual words in the requests. For instance, and as pointed out in Plaintiff's opening motion, Plaintiff does not seek all documents relating to all accounts and potential class members, but rather information *sufficient* to identify the *number* of accounts and Class members. (*See id.* at 15; *see also*, *e.g.*, Dkt. 91-7, Requests No. 20 – 29.)[3]

---

[3] Santander asserts that it "has not challenged numerosity," and as such, Plaintiff's discovery requests seeking information relating to numerosity are unduly burdensome. While Plaintiff appreciates that Santander "has not challenged" that element, Plaintiff still must adduce evidence in that regard in order to obtain certification of the proposed Class. *See Parker v. Time Warner Entm't Co., L.P.*, 631 F. Supp. 2d 242, 251 (E.D.N.Y. 2009) ("Notwithstanding the parties' willingness to stipulate to the certification of the class for settlement purposes, the Court bears an independent responsibility to make a determination that every Rule 23 requirement is met before certifying a class."). In the alternative, if Santander is willing to stipulate, on the record, that the proposed Class is sufficiently numerous, such that individual joinder of the Class members' claims would be impracticable, Plaintiff would be willing to withdraw certain of his requests that bear solely on numerosity.

As explained above, Santander's objections were not timely and properly asserted, and are therefore waived. Even if not waived, however, they are still insufficient to justify Santander's ongoing refusal to produce *any* documents responsive to the requests at issue and to produce *any* witnesses beyond its Rule 30(b)(6) designee.

**III.    Santander Does Not Dispute that if Plaintiff's Motion is Granted, He Should be Awarded Attorneys' Fees and Costs.**

Finally, while Santander disputes that it should be compelled to respond to Plaintiff's outstanding interrogatories and requests for production, it does not dispute that if Plaintiff's motion is granted, it should be forced to pay Espejo's attorneys' fees and costs.

"The Seventh Circuit has held that Rule 37(a)(4) contains a presumption that the victor on a motion to compel is entitled to its costs, including attorney fees . . . Where the motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified." *Budget Rent-A-Car Sys., Inc. v. Consolidated Equity, LLC*, No. 04-cv-1772, 2005 WL 6088859, at *2 (N.D. Ill. Aug. 3, 2005) (internal citations omitted). Because Santander did not even attempt to make such a showing, if the Court grants the motion to compel, it should award Plaintiff his fees and costs (including time for the numerous meet and confers, the preparation and filing of the original motion to compel, as well as the preparation and filing of the instant motion and reply).

For its part, Santander does request that *it* be awarded its costs incurred in responding to Plaintiff's motion, however it fails to offer any basis for such an award. And given that Plaintiff's discovery requests have been outstanding for a year and a half at this point, his motion to compel (even should it be unsuccessful) is substantially justified, such that an award of costs to Santander would be inappropriate. *See id.*

13

**CONCLUSION**

For the reasons discussed above and in Plaintiff's Motion, Plaintiff respectfully requests that the Court enter an order: (i) compelling Defendant to supplement its discovery responses, (ii) awarding Plaintiff his attorneys' fees and costs incurred in attempting to get responses from Santander (including the numerous meet and confers on the subject, as well as the preparation and filing of two motions to compel), and (iii) such other and further relief as the Court deems equitable and just.

                                        Respectfully submitted,

                                        **HENRY ESPEJO**, individually and on behalf of all others similarly situated,

Dated: November 7, 2014                    By: s/ J. Dominick Larry
                                                            One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

## CERTIFICATE OF SERVICE

      I hereby certify that on November 7, 2014, I served the above and foregoing by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF system.

                                              s/ J. Dominick Larry