**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | Case No.: 1:11-cv-8987 |
| *v.* | Honorable Charles P. Kocoras |
| SANTANDER CONSUMER USA, INC., an Illinois corporation, | Honorable Sidney I. Schenkier |
| *Defendant.* | |
| LORENZIE HUMPHREYS and YVETTE RHEAMES, on behalf of themselves and all others similarly situated, | |
| *Plaintiffs,* | Case No.: 1:12-cv-4671 |
| *v.* | |
| SANTANDER CONSUMER USA, INC., | |
| *Defendant.* | |
| ARICA BONNER et al., | |
| *Plaintiffs,* | |
| *v.* | Case No.: 1:11-cv-9431 |
| SANTANDER CONSUMER USA, INC. | |
| *Defendant.* | |

**JOINT STATUS REPORT**

Pursuant to this Court's January 8, 2015 Order, Plaintiffs Yvette Rheames, Maude Jones, Faye Levins, Rajeeni Cook and Turquiose Williams (collectively, "Plaintiffs") and Defendant Santander Consumer USA, Inc. ("Santander") submit this Joint Status Report to the Court regarding discovery issues in the *Humphreys* and *Bonner* cases, and state as follows:

**Relevant Procedural Background**

**The *Humphreys* Matter:** Plaintiffs Lorenzie Humphreys and Yvette Rheames filed their operative Amended Complaint on September 27, 2012, alleging claims for violations of the Telephone Consumer Protection Act (TCPA) and Fair Debt Collection Practices Act (FDCPA), and breach of contract. Santander moved to compel arbitration of Humphreys' claim, which the court granted on November 1, 2012. (*See Humphreys* Dkt. 26, 32.) Thus, Humphreys no longer is a current plaintiff in this lawsuit. On October 26, 2012, Santander also moved for expedited discovery to determine whether Plaintiff Rheames' claims were arbitrable. (*See Humphreys* Dkt. 29.) That motion has never been decided.

On November 15, 2012, the case was reassigned to the Honorable Charles P. Kocoras. (*Humphreys* Dkt. 33-34.) Litigation and discovery efforts have been focused on the lead *Espejo* matter. To date, no unique discovery with respect to the *Humphreys* action has been taken except for a December 24, 2014 deposition notice that Santander served on plaintiffs Humphreys and Rheames.[1]

**The *Bonner* Matter:** The *Bonner* First Amended Complaint was filed in the Northern District of Alabama on June 26, 2012, on behalf of nine named plaintiffs alleging claims for violations of the TCPA and FDCPA, as well as breach of contract. (*Bonner* Dkt. 4.) On August 17, 2012, the district court granted Santander's motion to compel arbitration of Plaintiff Bonner's claim, leaving eight named plaintiffs. (*Bonner* Dkt. 15.) On October 2, 2012, by stipulation of the parties, four additional plaintiffs who had agreed to arbitrate their individual claims were dismissed from the case, leaving four remaining named plaintiffs – Maude Jones, Faye Levins, Rajeeni Cook and Turquiose Williams. (*Id.*, Dkt. 25.)

---

[1] Because Humphreys' claim was subject to arbitration, Santander is withdrawing its deposition notice as to Humphreys.

On September 14, 2012, Santander filed its Answer and Affirmative Defenses to the First Amended Complaint as to Plaintiffs Levins, Cook and Williams. (*Bonner*, Dkt. 20.) On October 23, 2012, Plaintiffs filed a Second Amended Complaint with Santander's consent, which purported to "correct certain clerical errors" in the First Amended Complaint and stated that it "is in form and substance similar to the Amended Complaint . . . with the exception of clarifying that Plaintiff Jones is not alleging Breach of Contract claims." (*Id.*, Dkt. 29 & n.2.)

On October 12, 2012, Santander filed a motion to compel arbitration as to Plaintiff Jones. (*Bonner*, Dkt. 26.) That motion was briefed by the parties but never decided. (*Id.*, Dkt. 26, 28, 30.) In addition, Santander filed a motion for discovery regarding the arbitrability of Jones' claims, but that motion is still pending as well. (*Id.*, Dkt. 31.)

On November 5, 2012, the *Bonner* case was transferred to this district by agreement of the parties and then reassigned to Judge Kocoras. (*Bonner* Dkt. 33, 36-37.) Similar to the *Humphreys* case, the parties have taken no unique discovery with respect to the *Bonner* action except for a December 24, 2014 deposition notice that Santander served on the four remaining named plaintiffs.

**The Parties' Joint Proposal for Discovery in *Bonner* and *Humphreys***

In the spirit of cooperation, and in an effort to simplify and coordinate the discovery in all three pending cases, the Parties propose the following discovery protocol and stipulations, subject to this Court's approval:

a. Plaintiffs may use all written discovery responses, document productions and oral deposition testimony obtained in the *Espejo* case in the *Humphreys* and *Bonner* actions as if that discovery had been taken in those matters.

b. On or before February 9, 2015, Santander shall propound written discovery requests to each of the five remaining plaintiffs in the *Humphreys* and *Bonner* cases, which shall be answered pursuant to the applicable Federal Rules of Civil Procedure.

c.     To the extent they have not done so already, on or before January 28, 2015, Plaintiff's counsel shall disclose to Santander's counsel the cell phone carriers that each of the five remaining plaintiffs in the *Humphreys* and *Bonner* cases used during the relevant time frame. Upon receipt of this information, counsel for the parties shall work together to serve subpoenas on the plaintiffs' phone carriers for their respective cell phone records. Plaintiffs' counsel shall receive these subpoena productions in the first instance and shall have fourteen (14) days from receipt to redact personal or irrelevant information before producing those records to Santander's counsel. Santander maintains the right to challenge the scope of any such redactions.

d.     On or before February 20, 2015, Santander shall produce to the five remaining plaintiffs in the *Humphreys* and *Bonner* cases their respective call logs and financing documents, as Santander previously produced Plaintiff Espejo's call logs and financing documents.

e.     The parties shall mutually agree on dates and locations for the depositions of the five remaining plaintiffs in the *Humphreys* and *Bonner* cases. Such depositions shall be taken within thirty (30) days of the parties receiving the discovery responses and document productions set forth in subsections b., c. and d. above. Santander has withdrawn its request for the deposition of plaintiff Arica Bonner.

f.     Plaintiffs hereby agree that Santander's seeking written or oral discovery from the five remaining plaintiffs in the *Humphreys* and *Bonner* cases does not constitute a waiver of Santander's right to move to compel arbitration of their claims. As a result of this agreement, Santander's pending motions to seek limited discovery from Plaintiffs Rheames and Jones regarding the arbitrability of their claims shall be deemed moot. Plaintiffs and Santander each reserve all of their other rights with

      respect to the arbitration issue, including all arguments with respect to Santander's pending motion to compel arbitration of Jones' claims.

g.    Plaintiffs will inform Santander by no later than January 30, 2015, as to whether they are willing to voluntarily dismiss, *without prejudice*, the FDCPA and breach of contract claims alleged in the *Humphreys* and *Bonner* Complaints.

h.    Santander shall have until and including February 6, 2015, to file its Answer and Affirmative Defenses to the Second Amended Complaint in *Bonner*.

WHEREFORE, the parties jointly request that the Court enter an order adopting the discovery protocol and stipulations set forth above and granting such other and further relief as the Court deems just and equitable.

Dated: January 20, 2015

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| Yvette Rheames, Maude Jones, Faye Levins, Rajeeni Cook and Turquiose Williams, *Plaintiffs* | Santander Consumer USA, Inc., *Defendant* |
|  *s/James Dominck Larry* |  *s/James A. Rolfes* |
| One of Their Attorneys | One of Its Attorneys |
| Jay Edelson<br>Rafey S. Balabanian<br>Benjamin H. Richman<br>James Dominick Larry<br>EDELSON PC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Tel: 312.589.6370<br>jedelson@edelson.com<br>rbalabanian@edelson.com<br>brichman@edelson.com<br>nlarry@edelson.com | James A. Rolfes<br>Henry Pietrkowski<br><br>REED SMITH LLP<br>10 South Wacker Drive, Suite 4000<br>Chicago, IL 60606<br>(312) 207-1000<br>jrolfes@reedsmith.com<br>hpietrkowski@reedsmith.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2015, the foregoing *Joint Status Report* was electronically filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all registered parties.

*s/James A. Rolfes*