IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY ESPEJO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC., an Illinois corporation,<br><br>*Defendant*. | Case No.: 1:11-cv-08987<br><br>Honorable Charles P. Kocoras<br><br>Magistrate Judge Sidney I. Schenkier |
| FAYE LEVINS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC., an Illinois corporation,<br><br>*Defendant*. | Case No.: 1:12-cv-09431<br><br>Honorable Charles P. Kocoras<br><br>Magistrate Judge Sidney I. Schenkier |

**DECLARATION OF JAY EDELSON IN SUPPORT OF
PLAINTIFF LEVINS'S MOTION FOR CLASS CERTIFICATION**

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am an attorney admitted to practice in the United States District Court for the Northern District of Illinois. I am entering this declaration in support of Plaintiff Faye Levins' Motion for Class Certification. This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

2. I am the founder and CEO of Edelson PC, and have been appointed as interim lead class counsel in the related actions *Espejo v. Santander Consumer USA, Inc.*, No. 11-cv-

8987 (N.D. Ill.) and *Humphreys v. Santander Consumer USA, Inc.*, No. 12-cv-4671 (N.D. Ill.). (*See* dkt. 43.)

### *Plaintiff's Role as Class Representative*

3. It is my opinion that Plaintiff Faye Levins is a more than adequate class representative in this matter, having actively participated in the litigation on behalf of the proposed Class for nearly four years.

4. Indeed, Plaintiff has diligently participated in discovery, producing documents and answering written discovery requests from Defendant Santander Consumer USA, Inc. ("Santander"), as well as sitting for an exhaustive all-day deposition, where she articulated her understanding of both the issues in the case and her role as class representative. (Plaintiff's daughter Jacqueline and her sister Mary Godwin also had their depositions taken by Santander, while another sister, Angela Allen, responded to a subpoena from Santander by affidavit.)

5. From her initial review of the pleadings and other filings, to her active participation in discovery, through the deposition of her daughter and sister, Plaintiff has pursued the interests of the proposed Class and Subclass in this case, and is committed to doing so through trial and any appeals.

### *Edelson PC's Significant Class Action Experience*

6. I am also confident that my law firm, Edelson PC, is well suited to continue to represent the proposed Class and Subclass as Class Counsel. My firm is a recognized leader in class action litigation, with a particular focus on consumer privacy and technology issues, including claims under the TCPA.

7. Not only has my firm secured groundbreaking TCPA rulings in cases such as *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 949 (9th Cir. 2009) (confirming the statute's

application to text messages), but we have also obtained certification of the largest adversarially certified class in TCPA history, and subsequently obtained summary judgment in the Class's favor as well. *See Birchmeier v. Caribbean Cruise Line, Inc.*, No. 12-cv-4069, dkts. 241, 421 (N.D. Ill.) (Kennelly, J.).

8. Further and as reflected in Exhibit P hereto, attorneys from Edelson PC routinely serve as class counsel in TCPA actions of similar size, scope, and complexity, including many within this District. *See, e.g.*, *Birchmeier v. Caribbean Cruise Line, Inc*., No. 12-cv-4069 (N.D. Ill.); *Kolinek v. Walgreen Co.*, No. 13-cv-4086 (N.D. Ill.); *Hopwood v. Nuance Communc'ns, Inc., et al.*, No. 13-cv-2132 (N.D. Ill.); *Rojas v. CEC*, 10-cv-5260 (N.D. Ill.).

9. To date, myself and other attorneys at my firm—including Rafey S. Balabanian, Benjamin H. Richman and J. Dominick Larry—have dedicated substantial resources to the investigation and prosecution of Plaintiff's and the Class's claims. Between this action and the related case *Espejo v. Santander Consumer USA, Inc.*, 11-cv-8987 (N.D. Ill.), attorneys from Edelson PC have, *inter alia*, engaged in significant motion practice (including motions to stay and to compel arbitration), participated in four all-day mediation sessions, taken and defended a dozen depositions, and carefully reviewed thousands of pages of document production, which included technical user manuals and voluminous call records.

10. Looking forward, we will continue to devote the time and other resources necessary to represent the interests of the proposed Class and Subclass, including through trial and any appeals.

*Exhibits Referenced in Plaintiff's Motion for Class Certification*

11. Attached hereto as Exhibit A is a true and accurate copy of excerpts of the Transcript of the Rule 30(b)(6) Deposition of Wayne Nightengale, taken in the related *Espejo* matter on October 22, 2014.

12. Attached hereto as Exhibit B is a true and accurate copy of the financing documents relating to Faye Levins's Drive Financial loan, produced by Santander in discovery in this case bearing bates numbers SCUSA/B 0035 through SCUSA/B 0074.

13. Attached hereto as Exhibit C is a true and accurate copy of excerpts of the Transcript of the Deposition of Mark Mooney.

14. Attached hereto as Exhibit D is a true and accurate copy of Defendant Santander Consumer USA, Inc.'s Response to Plaintiff Espejo's Second Set of Interrogatories.

15. Attached hereto as Exhibit E is a true and accurate copy of excerpts of a document titled "Santander Consumer USA Inc. Fair Debt Collection Practices Act Policy Including State Debt Collection Laws, Revision and Publication Date: February 2010," produced by Santander in discovery in the related *Espejo* action bearing bates numbers SCUSA/E 8536 through SCUSA/E 8554.

16. Attached hereto as Exhibit F is a true and accurate copy of excerpts of the Transcript of the Deposition of Joseph Burda.

17. Attached hereto as Exhibit G is a true and accurate copy of excerpts of a document titled "Unified Director User Guide," produced by Santander in the related *Espejo* action bearing bates numbers SCUSA/E 0120 through SCUSA/E 0721.

18. Attached hereto as Exhibit H is a true and accurate copy of the Declaration of Wayne Nightengale, produced by Santander in expert discovery in this action.

19. Attached hereto as Exhibit I is a true and accurate copy of excerpts of the Transcript of the Rule 30(b)(6) Deposition of Mark Nerios.

20. Attached hereto as Exhibit J is a true and accurate copy of the activity notes for Plaintiff Faye Levins's account, produced by Santander in this action bearing bates numbers SCUSA/B 00001 through SCUSA/B 00034.

21. Attached hereto as Exhibit K is a true and accurate copy of excerpts of a document produced by Santander in the related *Espejo* action bearing bates numbers SCUSA/E 8587 through SCUSA/E 9087.

22. Attached hereto as Exhibit L is a true and accurate copy of excerpts of the Transcript of the Deposition of Faye Levins.

23. Attached hereto as Exhibit M is a true and accurate copy of a document produced as part of T-Mobile, Inc.'s Response to Santander's May 20, 2015 subpoena to produce documents.

24. Attached hereto as Exhibit N is a true and accurate copy of the proposed Class Action Settlement Agreement in the case captioned *Hibler v. Santander Consumer USA, Inc.*, No. 5:13-cv-1354 (C.D. Cal.).

25. Attached hereto as Exhibit O is a true and accurate copy of excerpts of the Transcript of the Deposition of Michele Rodgers.

26. Attached hereto as Exhibit P is a true and accurate copy of the firm resume of Edelson PC.

          \*          \*          \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 21, 2016 at Chicago, Illinois.

s/ Jay Edelson

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 21, 2016, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

                                          s/ Rafey S. Balabanian