# EXHIBIT N

# SETTLEMENT AGREEMENT

This Settlement Agreement is between Jeff Hibler ("Plaintiff"), on behalf of himself and the class he represents ("Class," as defined below), and Santander Consumer USA, Inc. ("Santander" or "Defendant," as defined below).

## RECITALS

WHEREAS, on August 2, 2013, Plaintiff filed a Complaint in the United States District Court for the Central District of California, captioned *Jeff Hibler, Individually And On Behalf of All Others Similarly Situated v. Santander Consumer USA Inc.*, Case No. EDCV13-01354 JGB (OPx) ("Action");

WHEREAS, Plaintiff asserts on behalf of himself and a similarly situated class that Santander violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA");

WHEREAS, contested issues of both law and fact exist concerning the allegations and claims made between the parties in the *Hibler* Action;

WHEREAS, Plaintiff has conducted an investigation into the facts and law and has engaged in settlement negotiations relating to the Action;

WHEREAS, As of August 28, 2013, Santander identified approximately 4,100,000 class members, which may fall within the scope of the "Class," as defined below;

WHEREAS, Plaintiff and his counsel have fully analyzed and evaluated the merits of each party's contentions and the terms of this Agreement as it affects all parties, including the individual members of the Class, as defined below, and, after taking into account the foregoing along with the risks of litigation, and the likelihood that the Action, if not settled now, will be protracted and expensive, they are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that a settlement is in the best interest of the Class; and

WHEREAS, Santander denies the allegations made in the Action, and contests all liability with respect to any and all facts and claims alleged in the Action, and further denies that Plaintiff or any member of the Class have suffered any damages, but nevertheless desires to settle the Action finally on the terms and conditions herein set forth for the purposes of avoiding the burden, expense, and uncertainty of litigation, and putting to rest the controversies engendered by the Action and the issues within the scope of the releases set forth below. By agreeing to this Settlement, Santander does not retract or surrender any of the factual or legal positions it has asserted or could assert in the Action, or concede the invalidity of those positions;

NOW THEREFORE, in consideration of the covenants and agreements set forth herein, it is agreed that the Action shall be settled, subject to judicial approval, under the following terms and conditions:

1

## I. DEFINITIONS

1.01 "Action" means Jeff Hibler, Individually And On Behalf of All Others *Similarly Situated v. Santander Consumer USA, Inc.*, Case No. EDCV13-01354 JGB (OPx).

1.02 "Agreement" means this Settlement Agreement.

1.03 "Benefit Check" means a check to be sent to those class members, pursuant to Section III below, who have a balance of less than $85.00 on their Loan with Santander or who do not have a Loan with Santander.

1.04 "Benefit Credit" means a credit applied to Class Members who have a balance equal to or more than $85.00 on their Loan with Santander, as described in Section III below.

1.05 "Class" means all persons who were (a) called on a cellular telephone by Defendant, as defined below, or a third party dialing company on behalf of Defendant, using an automated dialer or by prerecorded voice message between July 2007 through the date of Preliminary Approval, as defined below.

1.06 "Class Counsel" means Hyde & Swigart, and the Kazerouni Law Group, APC.

1.07 "Class Member" means a member of the Class.

1.08 "Class Notice" means the mailed notice of the Settlement that is contemplated by this Agreement, plus National Publication Notice and the creation of a settlement website and dissemination of internet impressions.

1.09 "Court" means the Honorable Judge Jesus G. Bernal United States District Court Judge for the Central District of California, and/or such other United States District Court Judge for the Central District of California to whom the Action may hereafter by assigned.

1.10 "Defendant" means Defendant Santander Consumer USA Inc. and any and all present and former parents, subsidiaries, affiliates, employees, officers and directors of Defendant, and third party dialer companies that dialed numbers on behalf of Defendant, including but not limited to those listed in the attached addendum.

1.11 "Final Approval" means the last date on which all of the following have occurred:
(a) The Court has issued all necessary orders under Fed. R. Civ. P. 23 approving of the Settlement in a manner substantially consistent with the terms and intent of this Agreement.

(b) The Court has entered a judgment finally approving the Settlement of the Action in a manner substantially consistent with the terms and intent of the Agreement ("Judgment").

(c) Either: (i) Thirty-five (35) days have passed after entry of the Judgment and within such time, no appeal is taken, or (ii) the date after all appellate remedies are exhausted and the Judgment is upheld, or not altered in a manner that is substantially inconsistent with the Settlement and Judgment, provided that any change or modification that may increase any of Defendant's liability or reduce the scope of the Releases or of the Class shall be

considered as preventing the occurrence of Final Approval, unless Defendant waives this condition.

1.12 "Final Approval Date" means the date upon which Final Approval occurs.

1.13 "Loan" means an automobile loan, lease or sales contract on which the Class Member is or was an obligor to Santander Consumer USA, Inc and any loan portfolios purchased by Santander during the relevant class period, including but not limited to the purchase of Drive Financial, Triad, HSBC and Citi Financial Auto accounts.

1.14 "Parties" means Representative Plaintiff, the Class, and Defendant.

1.15 "Plaintiff's Counsel" means Hyde and Swigart and Kazerouni Law Group, APC, and any of their current and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), representatives, employees and affiliates of any such firms.

1.16 "Preliminary Approval" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement in substantially the same form as the proposed order attached hereto as Exhibit A.

1.17 "Preliminary Approval Date" means the date on which the order or orders constituting Preliminary Approval are entered by the district court.

1.18 "Releases" shall mean the releases contained in Section IV of this Agreement

1.19 "Representative Plaintiff" means Jeff Hibler and any other person who shall be appointed as such.

1.20 "Settlement" means the resolution of the matters within the scope of the Releases set forth herein, as embodied in this Settlement Agreement.

1.21 "Settlement Administration Costs" means the costs for administering the Settlement provided for herein to be paid separate and apart from the Settlement Benefits, including but not limited to the costs of mailing individual Class Notice, Print Publication, Internet impressions and claims processing to the Class Members and providing Benefit Checks and/or Credits to Class Members who submit a Valid Claim Form.

1.22 "Settlement Administrator" means the claims administrator agreed upon by the Defendant and Class Counsel.

1.23 "Settlement Benefits" means an $85.00 credit or cash payment that Defendant may become obligated to pay by operation of the Settlement Agreement, if it gains Final Approval. One Settlement Benefit shall be paid to each Class Member who makes a valid claim and will be paid separate and apart from any administration costs, notice costs, attorneys' fees and costs, and incentive payments.

1.24 "Successful Opt Out" means any person or persons who timely and validly exercise their right to opt out of the Class, pursuant to paragraph 2.04 and Fed. R. Civ. P. 23, but shall not include (a) persons whose opt outs are challenged by Defendant, and the challenge is not overruled by the Court or withdrawn by Defendant pursuant to paragraph 2.06, (b) persons whose communication is not treated as an opt out, as provided in paragraph 2.04, and (c) persons who purport to opt out of the settlement as a group, aggregate or class, or on whose behalf such a purported opt out is attempted.

1.25 "Valid Claim Form" shall mean a Claim Form in the form attached hereto as Exhibit C that:

(a) is substantially filled out, with a response to the questions that need to be answered;

(b) is executed by each living person who is a Class Member (or legal representative), stating "I affirm that the following is true": that the person received a telephone call from Defendant on his or her cellular phone by an automated dialer or prerecorded voice but had not given consent to be contacted at that phone number (or had revoked consent). In the event the signatory is a legal representative, sufficient documentary evidence of that must be provided upon request of the Settlement Administrator;

(c) is timely (Claim Form shall be timely if it is postmarked by the date set for return of Claim Forms as specified in the Class Notice), as determined by the Settlement Administrator;

(d) is correct (Claim Form shall be treated as incorrect if the statements contained thereon are false, or if the Class Member otherwise is not entitled to be treated as claimed); and

(e) is not successfully challenged under paragraph 2.06 hereof.

1.26 As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

1.27 Other terms are defined in the text of the Agreement, and shall have the meaning given those terms in the text.

## II. SETTLEMENT PROCEDURES

A. Preliminary Approval.

2.01 Within fifteen (15) days of the execution of this Agreement by the parties, Representative Plaintiff and Class Counsel shall move the Court for an order substantially in the form of Exhibit A hereto (a) preliminarily approving the Settlement memorialized in this Agreement as fair, reasonable, and adequate, including the material terms of this Agreement; (b) certifying the Class for settlement purposes only, and as defined herein; (c) setting a date for a final approval hearing ("Fairness Hearing"); (d) approving the proposed Class Notice that is attached as Exhibit B, and authorizing its dissemination; (e) approving the requirement that Class Members may submit a claim, and the form of Claim Form attached as Exhibit C; (f) setting deadlines for mailing of the Class Notices including but not limited to the mailing of CAFA notices, submission of Claim Forms, filings by any entity noticed pursuant to 28 U.S.C. § 1715 or paragraph 2.06, filing of objections, filing of motions to intervene, opting out of the Settlement, and filing papers in connection with the Fairness Hearing and the consideration of the approval or disapproval of the Settlement; (g) appointing the Plaintiff as Class Representative and Class Counsel as counsel for the Class; (h) appointing the Settlement Administrator; and (i) entering a stay of the Action. Defendant will not oppose the entry of the Preliminary Approval Order and Plaintiff will file an unopposed motion in support of Preliminary Approval.

B. Administration.

2.02 In the event of Preliminary Approval, Defendant shall create a list of Class

Members ("Class Member List") and deliver it to the Settlement Administrator within fifteen (15) days of Preliminary Approval. In preparing the Class Member List, Defendant shall use information obtainable from readily searchable computer media it maintains and shall have no other obligation to search or compile such information (such as through manual file searches). Within 20 business days thereafter, the Settlement Administrator shall mail, or cause to be mailed, to each Class Member the Class Notice together with the Claim Form. Defendant shall bear the costs associated with mailing the Class Notice and the Claim Form as part of the Settlement Administration Costs.

2.03   The Settlement Administrator shall update the Class Member List through the National Change of Address database. The Notice then shall be mailed to the updated address for the Class Member in Defendant's computer records, and, if returned, re-mailed once to the forwarding address on the returned Notice, if any. There shall be no further duty to take further steps to provide notice or to attempt to locate Class Members, with the exception of the Settlement Administrator's obligations under paragraph 1.21. At the time the Class Member List is provided to the Settlement Administrator, Defendant shall provide a declaration to Class Counsel that the complete list has been turned over.

2.04   The Class Notice shall permit each member of the Class to elect not to be a part of the Class and not to be bound by this Agreement, if, within such time as is ordered by the Court and contained in the Class Notice, the Class Member mails a notice or otherwise notifies the Settlement Administrator of intention to opt out. The Parties shall agree as to whether a communication from a Class Member is a request to opt out, and shall inform the Court of their position at the Fairness Hearing. In no event shall persons who purport to opt out of the settlement as a group, aggregate, or class involving more than one Class Member be considered valid opt outs. Defendant or Class Counsel may dispute an opt out or purported opt out and the presentation and resolution of such disputes shall be governed by the identical procedure set forth herein with respect to Disputed Claims in paragraph 2.06.

2.05   Unless the Court directs otherwise, the Class Notices shall provide that Claim Forms shall be returned to the Settlement Administrator postmarked within ninety (90) days of the mailing of the Notices; that objections and motions to intervene filed by any Class Member shall be filed in Court no later than ten (10) days after the last day of the Claim Period, or be forever barred; and that requests by any Class Member to opt out of the Settlement be mailed to the Settlement Administrator postmarked no later than ten (10) days after the last day of the Claim Period, or be forever barred.

2.06   Within ten (10) days of the final date for postmarking of completed Claim Forms, Defendant may challenge any claims (whenever submitted) by any form of written notice to Class Counsel ("Disputed Claims"). Such Disputed Claim shall be deemed a Valid Claim Form unless Defendant's counsel, within ten (10) business days of the sending of notice of the objection by Defendant, seeks ruling by the Court as to whether the objection is valid or whether the objection should be rejected or overruled and the Claim allowed. The Court shall retain jurisdiction to resolve Disputed Claims. Any decision by Defendant not to dispute a Claim Form shall not be a waiver, determination, or preclusive finding against Defendant as to the truth of any fact in any proceeding. It is anticipated that all such issues will be adjudicated at or before the Final Fairness Hearing.

2.07   For a period of two hundred seventy days (270) after Preliminary Approval, or one hundred twenty (120) days after Final Approval, whichever is longer, the Settlement Administrator shall maintain a post office box or mail address and Internet address to receive correspondence in connection with the Settlement.

C. Final Approval.

2.08 At the time appointed by the Court, Representative Plaintiff shall move the Court for an order substantially in the form of Exhibit D hereto ("Final Approval Order") finally approving the Settlement and the Agreement as fair, reasonable, and adequate; giving the terms of the Settlement, including the Releases, final and complete effect; finding that all requirements of statute, rule, and Constitution necessary to effectuate this Settlement have been met and satisfied; and otherwise directing the entry by the clerk of final judgment of dismissal on the merits and with prejudice in the Action. Defendant agrees not to oppose the entry of the Final Approval Order.

2.09 The Final Approval Order, or a separate order, shall be entered as of the Final Approval Date providing that all Class Members, including Representative Plaintiff, shall be enjoined from commencing, prosecuting, or assisting in any suit against the Released Persons with respect to the fees, charges, conduct, services, acts, or omissions of the Released Persons relating to all matters within the scope of the Releases.

2.10 At the Fairness Hearing, Representative Plaintiff and Class Counsel shall present sufficient evidence to support the approval of the Settlement as fair, reasonable, and adequate and the entry of the Final Approval Order set forth in Exhibit D, and shall present such evidence as they deem appropriate to support any proposed award of attorneys' fees, costs and incentive awards. Representative Plaintiff and Class Counsel shall make application for any awards to them, including awards of attorneys' fees, costs, and incentive awards, in writing prior to the Fairness Hearing, at the time that the motion is filed requesting final approval. Such awards shall be included in the Final Approval Order unless the Court directs it by separate order.

2.11 So long as awarded by the Court, class Counsel agree to not seek an amount in excess of $1,600,000.00 in attorneys' fees plus actual litigation costs incurred in the Action, not to exceed $25,000.00, which represents the maximum total Fees and Costs Santander could become obligated to pay. Defendant will pay any attorneys' fees and litigation costs incurred in the prosecution of the Action and as may be awarded to Class Counsel by the Court upon application pursuant to paragraph 2.10 separate and apart from any Settlement Benefits. Representative Plaintiff, Class Counsel, and Plaintiff's Counsel expressly disclaim any and all right to collect in excess of the amount awarded by the Court, or a maximum of $1,600,000.00 plus actual litigation costs incurred in the Action, for attorneys' fees and costs collectively from any person or entity, and agree, upon demand, to execute a release of any person's or entity's obligation to pay such sums.

2.12 Representative Plaintiff agrees not to seek an amount in excess of $1,500.00 individually, as an incentive award to be paid to him in addition to the Settlement Benefits for his services as class representative. This incentive award will be paid separate and apart from any Settlement Benefits paid to the class and therefore will not dilute any Class Member recovery. Defendant shall not oppose such a request. Defendant shall not be obligated to pay any incentive award in excess of $1,500.00. In the event that the Court's collective incentive award (if any) exceeds $1,500.00, whether that amount is to be paid by Defendant or others, or from Class Member distributions, Representative Plaintiff expressly disclaims any and all right to collect the excess of $1,500.00 collectively from any person or entity, and agrees, upon demand, to execute a release of any person's or entity's obligation to pay such sum. In the event the Court assigns additional class representatives, those assigned as such shall be subject to the same terms described in this paragraph.

## III. SETTLEMENT BENEFITS

3.01  Subject to the remaining terms and conditions of this section and the Agreement, if the Settlement achieves Final Approval, the Settlement Administrator shall provide to each Claim Eligible Member who timely submits a Valid Claim Form:

(a) If the Claim Eligible Member has an account with Santander carrying a balance of $85.00 or more, a Benefit Credit of $85.00 will be applied to that Claim Eligible Member's account;

(b) If the Claim Eligible Member has an account with Santander carrying a balance of less than $85.00, a Benefit Credit will be applied to the account in the amount of the balance and any remaining amount will be issued in the form of a Benefit Check made payable to the Claim Eligible Member;

(c) If the Claim Eligible Member does not have an account with Santander, a Benefit Check will be issued in the amount of $85.00 made payable to the Claim Eligible Member.

3.02  In order to effectuate the provision of Settlement Benefits,

(a)  at least twenty-five (25) days before the Final Approval date, the Settlement Administrator shall prepare (i) a Claim Distribution List consisting of the Class Members who (a) submitted a Valid Claim Form, and (b) were not Successful Opt Outs, and (c) were not finally rejected as a Disputed Claim under paragraph 2.06, and (ii) a Non-Claiming Distribution List consisting of Class Members who (a) did not submit a Valid Claim Form, or were finally rejected as a Disputed Claim under paragraph 2.06, and (b) were not Successful Opt Outs. The persons on the Claim Distribution List shall be the "Claim Eligible Members." The persons on the Non-Claiming Distribution List shall be the "Non-Claiming Eligible Members." Collectively, the Claim Distribution List and the Non-Claiming Distribution List shall be the Distribution Lists. Collectively, the Claim Eligible Members and the Non-Claiming Eligible Members shall be the Eligible Members. The Distribution Lists shall be amended by the Settlement Administrator from time to time as information becomes available and shall be the complete lists of all Class Members who will be provided the Settlement Benefits, unless otherwise ordered by the Court or agreed by the Parties or unless amended as required herein. If there are or were more than one obligor with respect to a Loan, then those persons collectively shall be only one Eligible Member;

(b)  As soon as practicable, but in no event more than thirty (30) days from the Final Approval Date, the Settlement Administrator shall (1) provide notice to Defendant and Class Counsel through the production of the Claim Distribution List, a list of all Claim Eligible Members. Within fifteen (15) days of receiving the Claim Distribution List, Defendant shall provide to the Settlement Administrator and Class Counsel a supplement to the Claim Distribution List identifying the Claim Eligible Members who will receive a full Benefit Credit, partial Benefit Credit and partial Benefit Check and those Claim Eligible Members who will receive the full Benefit Check. Within fifteen (15) days of providing the Settlement Administrator and Class Counsel the supplemental Claim Distribution List, Defendant shall:

1. Credit the accounts of those Claim Eligible Members entitled to a full or partial Benefit Credit; and

7

2. Transfer an amount of money to the Settlement Administrator sufficient to pay all Claim Eligible Members any amount owed as partial or full payment as a Benefit Check.

Within fifteen (15) days of the Settlement Administrator receiving the funds sufficient to pay any Benefit Checks, the Settlement Administrator will cause to be issued Benefit Checks and mail them to any Claim Eligible Member. The Settlement Benefits shall be mailed to the address given by the Class Member on the Valid Claim Form or, if no address is given on the Claim Form, to the most recent address resulting from the notice process. Defendant shall make adequate provision, acceptable to the Settlement Administrator, for funds to cover payment of the checks. Within thirty (30) days Defendant shall apply an $85.00 account credit to all Claim Eligible Members with a balance of $85.00 or greater on his/her account. If the Claims Eligible Member has a balance of less than $85.00, the amount of the balance will be applied by Benefit Credit and the difference between the balance and $85.00 will be paid by a Benefit Check, issued within thirty (30) days of Final Approval.

3.03 Settlement Benefits to any Class Members that are delayed, because of a Disputed Claim, a disputed opt out, or a dispute with respect to how a Class Member shall be treated, shall not be made on the schedule set forth in paragraph 3.02 but instead shall be made promptly by the Settlement Administrator or Defendant, if and when finally resolved. In the event of a dispute concerning whether a Member is Claim Eligible or not, Defendant shall have no duty to provide the Settlement Non-Claiming Benefit in the interim before the dispute is resolved. Settlement benefits shall not accrue interest. Defendant, however, should work diligently and in good faith to resolve any such disputes as swiftly as possible.

3.04 All Benefit Checks issued pursuant to this Settlement Agreement shall bear the legend that they expire if not negotiated within ninety (90) days of their date of their issue. Checks that are not negotiated within ninety (90) days of their date of issue shall be reissued for good cause and on an individual basis only, but in no event shall a check be re-issued more than one hundred eighty days (180) of its date of issue.

3.05 Defendant shall pay the amounts it is obligated to pay as soon as practicable and in the ordinary course of its business, but in no event, more than thirty (30) days of Final Approval, with the exception of the estimated costs of Class Notice and Settlement Administrator expenses, which will be paid in the ordinary course as billed by the Settlement Administrator. Defendant shall be entitled to keep all payments that are unclaimed by Class Members, to include all returned checks and all checks not cashed and not re-issued. All monies that might be paid or payable to any Class Member under this Settlement are not vested, and are not otherwise monies in which the Class Member has an enforceable legal, tangible or intangible interest, but instead such monies shall remain the sole and exclusive property of Defendant unless and until all conditions precedent to payment under this Agreement are met and the monies are paid and the Benefit Check is deposited or cashed. In order to give effect to the Parties' intention, no person, entity, or governmental body shall have any rights to the Benefit Checks, whether claimed or unclaimed, or in any amounts of uncashed Benefit Checks, or in any sums which might have been paid to Class Members had more Class Members filed Valid Claim Forms. Defendant shall be entitled to all interest on the funds available to pay the Benefit Checks until any such amounts are paid to a Class Member. Notwithstanding the foregoing, Defendant shall be entitled to create a settlement account (or funds) to pay its obligations hereunder, in whole or in part; such accounts or funds are for administrative or legal convenience or requirements of Defendant and/or the Settlement Administrator only and do not create any vested or ownership interest on the part of the Plaintiff or any Class Member or any state or other governmental entity. The Parties agree that nothing in this paragraph will prevent them from treating the Settlement Benefits as a "common fund" under Federal Rule 23 for purposes of recovery and attorneys' fees.

The Parties acknowledge and agree that Defendant would not have entered into this Agreement, and would not have provided benefits to the Class, if (among other terms) this was not a claims-made settlement, and if it was not entitled to retain the proceeds of uncashed checks. The Parties further acknowledge and agree that the terms of this Agreement are more favorable to the Class Members because of these terms.

        3.06    Defendant agrees that the filing of a claim by a Class Member does not re-start the statute of limitations for filing a collection action against a consumer.

## IV. RELEASES

        4.01    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the Representative Plaintiff and each Class Member who is not a Successful Opt Out, and each of their respective executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co- borrowers, co-obligors, co-debtors, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees in the capacity as *parens patriae* or on behalf of creditors or estates of the Representative Plaintiff or Class Members) ("Releasing Parties"), will be deemed to have completely released and forever discharged (a) Santander Consumer USA, Inc., (b) parents, subsidiaries, affiliates, employees, officers and directors of Santander Consumer USA, Inc., and (c) third party dialer companies that dialed numbers on behalf of Santander Consumer USA, Inc. (collectively, the "Released Persons"), from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including without limitation those known or unknown, from the beginning of the world until today, under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and all statutory and privacy claims under similar statutes, regulations, rules or procedures regulating the use of automated dialing equipment and artificial or prerecorded voice, or similar claims that were raised or could have been raised in the Action. It is the Parties' intention that all such claims are released, notwithstanding a contention that a claim accrues or arises after today but is otherwise based on or concerning acts or omissions encompassed by this Release. This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

        4.02    Representative Plaintiff and each of the Releasing Parties acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of set forth herein but each of those individuals expressly agree that, upon entry of the final judgment contemplated by this Settlement Agreement, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to Paragraph 4.01, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

        4.03    As part of the Final Approval Order, the Action shall be dismissed with prejudice. The district court shall enter a Judgment to that effect.

        4.04    As of the Final Approval Date, Class Counsel shall be deemed to have released and discharged Defendant and the Released Parties from all claims for fees, costs, or compensation for the Action, other than those approved in connection with this Settlement.

4.05  As of the Final Approval Date, Defendant and the Released Parties shall be deemed to have released the Representative Plaintiff, each Class Member who is not a Successful Opt Out, Class Counsel, and Plaintiff's Counsel from all claims arising out of maintenance of the Action including, without limitation, all claims for attorneys' fees and costs.

## V.
## REPRESENTATIONS

5.01  In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Fed. R. Civ. P. 23(e). Until and unless this Agreement is dissolved or becomes null and void by its own terms or unless otherwise ordered by the Court or if Final Approval is not achieved on terms consistent with the Settlement, Representative Plaintiff, the Class, and Class Counsel represent and acknowledge that they shall in good faith take all appropriate steps in the Action necessary to acquire and preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary and Final Approval of this Agreement as promptly as possible, use their best efforts to resist and oppose any or all objections to the Settlement and any or all attempts to opt out of the Settlement on any basis other than an individual basis, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes (a) the obligation to oppose objections and to defend, protect, and seek enforcement of the Agreement and the Settlement before the Court or before any other court or on appeal, if any; (b) to amend the pleadings and/or seek and obtain the participation of additional parties plaintiff, if necessary; (c) to seek approval of this Agreement and of the Settlement by the Court; (d) to move for the entry of the orders set forth in paragraphs 2.01, 2.08 and 2.10; and (e) to join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by Defendant, subject to the Representative Plaintiff's consent, not to be unreasonably withheld.

5.02  The Parties agree that Defendant shall only be obligated to Class Counsel for any claim or award of attorneys' fees or costs in connection with the Action. Class Counsel warrants and indemnifies Defendant from any outstanding liens and/or potential claims for attorneys' fees and costs associated with the settlement of the Action, up to and including the execution of this agreement.

5.03  Representative Plaintiff and Defendant, subject to the last sentence of this paragraph, represent that he or it are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party covenants, warrants, and represents that he or she is and has been fully authorized to do so by such Party. Each Party hereto further represents that he, she, or it intends to be bound fully by the terms of this Agreement.

5.04  Representative Plaintiff, Class Counsel and Defendant represent that they have not, nor will they, (a) attempt to void this Agreement in any way; (b) opt out of the Settlement under this Agreement; (c) solicit or encourage Class Members to opt out; or (d) solicit or encourage any effort by any person (natural or legal) to object to the Settlement under this Agreement, and that Plaintiff's Counsel will not do so. However, nothing herein shall restrict Class Counsel's duty or ability to provide whatever advice Class Counsel, in their sole discretion, feels appropriate, if contacted by Class Members.

5.05  Class Counsel represent that they are unaware of any current client represented by class counsel with a claim against Defendant other than on an individual basis.

## VI. MISCELLANEOUS PROVISIONS

6.01    This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and nothing in this Agreement nor any action taken to effectuate this Agreement is intended to be an admission or concession of liability of any party or third party or of the validity of any claim. Defendant denies the allegations in the Action and contends that its conduct has been lawful and proper.

6.02    This Agreement is entered into only for purposes of settlement. In the event that Final Approval of this Agreement and this Settlement does not occur for any reason or the Agreement and/or Settlement is terminated as provided herein, this Agreement shall become null and void, provided however, that either Defendant or Representative Plaintiff may waive this provision in its discretion. In the event the Agreement shall become null and void, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose. Any classes or orders entered pursuant to the Settlement shall be null and void, shall not be an adjudication of any fact or issue for anypurpose other than the attempted effectuation of this Agreement, and shall not be considered as law of the case, *res judicata*, or collateral estoppel in this or any other proceeding. In addition, the status of the Action shall revert to the state it was in prior to Settlement, and the agreements contained herein (including the agreement not to oppose the certification of a class) shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of certification, and the Parties shall have all rights, claims, and defenses that they had or were asserting.

6.03    The Agreement shall be terminable at the option of the Parties (a) if the valid opt outs number more than 1% of the Class of approximately 4,100,000 (and such option shall be exercised, if at all, within twenty (20) business days of the deadline set by the Court for submission of opt outs, unless the date is otherwise extended by order or agreement); (b) in the event the Court refuses to approve the Agreement because it involves a claim form; (c) in the event the Court fails to enter the orders contemplated by paragraphs 2.01 and 2.08, or does so in a form substantially different from the forms contemplated by this Agreement; (d) if the Agreement becomes null and void in accordance with paragraph 6.02; or (e) as otherwise provided in this Agreement. The Agreement also shall be terminable upon the mutual agreement of the Representative Plaintiff and Defendant.

6.04    The obligations of Defendant with respect to the provision of the Settlement Benefits, its activities with respect to the Class Member List and/or the Distribution List, or its assistance to the Settlement Administration therewith, and its service, acts, or omissions as Settlement Administrator (if any), shall be performed reasonably and in good faith, subject to the further provision that the terms of the Settlement and any Court orders shall control. So long as it abides by the terms of the Settlement, Defendant shall not be liable for erroneous, improper, or inaccurate actions, omissions, or payment, and the Releases and Judgment shall be effective as of Final Approval as to every Class Member notwithstanding any error or dispute so long as such error or dispute is corrected or addressed thereafter.

6.05 This Agreement is intended to and shall be governed as if a contract executed under the laws of the State of California.

6.06 The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties hereto, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. Any modification of the Agreement must be confirmed in a writing signed by Class Counsel, Class Representative/s and Defendant's Counsel.

6.07 This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, the Released Persons, and the beneficiaries of the Release, and the Released Persons and the beneficiaries of the Release shall be deemed to be intended third party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

6.08 The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

6.09 This Agreement shall become effective upon its execution by counsel for all Parties. The Parties may execute this Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

6.10 Within thirty (30) days of Final Approval, and upon written demand, Class Counsel shall destroy all documents containing confidential information or, with the consent of Defendant, certify the destruction of all such documents obtained during the Action.

6.11 Under no circumstances shall the Settlement or the Agreement or the Releases be deemed to alter, amend, change, or require a change in the terms, conditions, status, and legal effect of any Loan, Loan account, or court filing as to a Loan or as to which any Class Member is or was concerned for both the Defendant and Class Members, or to provide a defense to any such Loan, including but not limited to, a defense based on the so-called "one action" rule.

6.12 In the event of any dispute between the Parties prior to the Final Approval Date, the dispute shall be settled by mediation with the Honorable Judge Papas (Ret).

6.13 Although the district court shall enter a Judgment, the district court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

Dated: 9/9/15

PLAINTIFF:

Jeff Hibler

DEFENDANT:

Dated: 9/9/13

Santander Consumer USA Inc.

By: _____
    VP, ABS

Dated: _____

_____
Kazerouni Law Group, APC
By: Abbas Kazerounian
Attorneys for Plaintiff

Dated: _____

_____
Hyde & Swigart
By: Joshua B. Swigart
Attorneys for Plaintiff

Dated: _____

_____
Goodwin Proctor LLP
By: Chad R. Fuller
Attorneys for Defendant

13

DEFENDANT:

Dated: _____  Santander Consumer USA Inc.

By: _____

Dated: 09/09/13

Kazerouni Law Group, APC
By: Abbas Kazerounian
Attorneys for Plaintiff

Dated: 7/9/13

Hyde & Swigart
By: Joshua B. Swigart
Attorneys for Plaintiff

Dated: _____

Goodwin Proctor LLP
By: Chad R. Fuller
Attorneys for Defendant

DEFENDANT:

Dated: _____    Santander Consumer USA Inc.

By: _____

_____

Dated: _____

_____
Kazerouni Law Group, APC
By: Abbas Kazerounian
Attorneys for Plaintiff

Dated: _____

_____
Hyde & Swigart
By: Joshua B. Swigart
Attorneys for Plaintiff

Dated: 09/09/13

*[signature]*

_____
Goodwin Proctor LLP
By: Chad R. Fuller
Attorneys for Defendant

13